MILBERG LLP
JEFF S. WESTERMAN (SBN 94559)
KAREN T. ROGERS (SBN 185465)
One California Plaza
300 S. Grand Ave., Suite 3900
Los Angeles, CA  90071
Telephone: (213) 617-1200
Facsimile:  (213) 617-1975
E-mail:  jwesterman@milberg.com
   krogers@milberg.com

MILBERG LLP
ANDREI RADO
TED SWIECICHOWSKI
One Pennsylvania Plaza
New York, NY  10119
Telephone:  (212) 594-5300
Facsimile:  (212) 868-1229
Email: arado@milberg.com
   tswiecichowski@milberg.com

Liaison Counsel for Plaintiff Changhui Hu

[Additional Counsel Appear on Signature Page]

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO

| | |
|---|---|
| CHANGHUI HU, Individually and on Behalf of All Others Similarly Situated,<br><br>                              Plaintiff,<br><br>        vs.<br><br>CADENCE DESIGN SYSTEMS, INC., MICHAEL J. FISTER, WILLIAM PORTER and KEVIN S. PALATNIK,<br><br>                              Defendants. | Case No. 3:08-cv-04966-SC<br><br>CHANGHUI HU'S NOTICE OF MOTION AND MOTION FOR CONSOLIDATION, APPOINTMENT OF LEAD PLAINTIFF AND APPROVAL OF LEAD PLAINTIFF'S SELECTION OF COUNSEL; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF<br><br>DATE:        March 6, 2009<br>TIME:        10:00 a.m.<br>CTRM:       1<br>JUDGE:      Hon. Samuel Conti |

[Caption continues on next page]

CHANGHUI HU'S NOTICE OF MOTION AND MOTION FOR CONSOLIDATION, APPOINTMENT OF LEAD
PLAINTIFF AND APPROVAL OF LEAD PLAINTIFF'S SELECTION OF COUNSEL; MEMORANDUM OF POINTS
AND AUTHORITIES IN SUPPORT THEREOF - Case No. 3:08-cv-04966-SC

DOCS\458639v1

|  | ) | Case No. 3:08-cv-05027-SC |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| CADENCE DESIGN SYSTEMS, INC., | ) | |
| MICHAEL J. FISTER and KEVIN S. | ) | |
| PALATNIK, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |
| | ) | |
| | ) | |
| | ) | |
| DEEPAK VYAS, Individually and on Behalf | ) | Case No. 4:08-cv-05273-SC |
| of All Others Similarly Situated, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| CADENCE DESIGN SYSTEMS, INC., | ) | |
| MICHAEL J. FISTER, JOHN B. SHOVEN, | ) | |
| KEVIN S. PALATNIK, and WILLIAM | ) | |
| PORTER | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

CHANGHUI HU'S NOTICE OF MOTION AND MOTION FOR CONSOLIDATION, APPOINTMENT OF LEAD PLAINTIFF AND APPROVAL OF LEAD PLAINTIFF'S SELECTION OF COUNSEL; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF - Case No. 3:08-cv-04966-SC

- i -

DOCS\458639v1

**TABLE OF CONTENTS**

NOTICE OF MOTION ........................................................................................................................1

MEMORANDUM OF POINTS AND AUTHORITIES ...................................................................1

I.      PRELIMINARY STATEMENT .............................................................................................1

II.     INTRODUCTION ..................................................................................................................2

III.    FACTUAL BACKGROUND .................................................................................................4

IV.     ARGUMENT ...........................................................................................................................5

A.      THE RELATED ACTIONS SHOULD BE CONSOLIDATED .........................................5

B.      MOVANT SHOULD BE APPOINTED LEAD PLAINTIFF............................................6

        1.      The Procedure Required By the PSLRA ....................................................................6

        2.      Movant Is "The Most Adequate Plaintiff"................................................................7

                a.      Movant Has Complied with the PSLRA and Should Be Appointed
                        Lead Plaintiff .........................................................................................................7

                b.      Movant Has The Largest Financial Interest................................................8

        3.      Movant Otherwise Satisfies Rule 23.......................................................................10

                a.      Movant Fulfills the Typicality Requirement..............................................10

                b.      Movant Fulfills the Adequacy Requirement...........................................12

C.      THE COURT SHOULD APPROVE MOVANT'S CHOICE OF COUNSEL .................13

V.      CONCLUSION.......................................................................................................................13

CHANGHUI HU'S NOTICE OF MOTION AND MOTION FOR CONSOLIDATION, APPOINTMENT OF LEAD
PLAINTIFF AND APPROVAL OF LEAD PLAINTIFF'S SELECTION OF COUNSEL; MEMORANDUM OF POINTS
AND AUTHORITIES IN SUPPORT THEREOF - Case No. 3:08-cv-04966-SC

- ii -

DOCS\458639v1

# TABLE OF AUTHORITIES

## FEDERAL CASES

*Appleyard v. Wallace*,
754 F.2d 955 (11th Cir. 1985) ...............................................................................................10

*Babcock v. Computer Associates International, Inc.*,
212 F.R.D. 126 (E.D.N.Y. 2003) ....................................................................................11, 12

*In re Cavanaugh*,
306 F.3d 726 (9th Cir. 2002) ........................................................................................7, 8, 10

*In re Cendant Corp. Litigation*,
264 F.3d 201 (3d Cir. 2001)(B)(bb).......................................................................................8

*Montoya v. Mamma.com, Inc.*,
No. 05-CV-2313, 2005 U.S. Dist. LEXIS 10224 (S.D.N.Y. May 31, 2005) ......................8

*Ferrari v. Gisch*,
225 F.R.D. 599 (C.D. Cal. 2004) .........................................................................................13

*Fischler v. Amsouth Bancorporation*,
No. 96-1567-CIV-T-17A, 1997 U.S. Dist. LEXIS 2875 (M.D. Fla. Feb. 6, 1997)...........10

*In re GMC Pick-Up Truck Fuel Tank Products Liability Litigation*,
55 F.3d 768 (3d Cir. 1995).....................................................................................................12

*In re Goodyear Tire & Rubber Co. Sec. Litigation*,
No. 03-CV-2166, 2004 U.S. Dist. LEXIS 27043 (N.D. Ohio May 12, 2004)....................8

*Goplen v. 51job, Inc.*,
No. 05-cv-0769, 2005 U.S. Dist. LEXIS 15059 (S.D.N.Y. July 26, 2005).........................8

*Greebel v. FTP Software, Inc.*,
939 F. Supp. 57 (D. Mass. 1996) ...........................................................................................6

*Johnson v. Dana Corp.*,
236 F.R.D. 349 (N.D. Ohio 2006) ..........................................................................................8

*Kennedy v. Tallant*,
710 F.2d 711 (11th Cir. 1983) ..............................................................................................11

*Kirkpatrick v. J. C. Bradford & Co.*,
827 F.2d 718 (11th Cir. 1987) ..............................................................................................12

*Lax v. First Merchandises Acceptance Corp.*,
1997 U.S. Dist. LEXIS 11866 ........................................................................................10, 12

*Lax v. First Merchandises Acceptance Corp.*,
No. 97-C-2715, 1997 U.S. Dist. LEXIS 11866 (N.D. Ill. Aug. 6, 1997) ...........................6

CHANGHUI HU'S NOTICE OF MOTION AND MOTION FOR CONSOLIDATION, APPOINTMENT OF LEAD PLAINTIFF AND APPROVAL OF LEAD PLAINTIFF'S SELECTION OF COUNSEL; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF - Case No. 3:08-cv-04966-SC — - iii -

DOCS\458639v1

*Philips v. Joint Legislative Committee on Performance & Expenditure Review*,
637 F.2d 1014 (5th Cir. 1981) ..................................................................................................11

*Pirelli Armstrong Tire Corp. Retiree Medical Benefits Trust v. LaBranche & Co.*,
229 F.R.D. 395 (S.D.N.Y. 2004) ...............................................................................7, 8,
10, 11

*Priest v. Zayre Corp.*,
118 F.R.D. 552 (D. Mass. 1988)................................................................................................11

*Primavera Familienstiftung v. Askin*,
173 F.R.D. 115 (S.D.N.Y. 1997) ...............................................................................................5

*Rossini v. Ogilvy & Mather, Inc.*,
798 F.2d 590 (2d Cir. 1986)......................................................................................................10

*Yousefi v. Lockheed Martin Corp.*,
70 F. Supp. 2d 1061 (C.D. Cal. 1999) ........................................................................................5

## FEDERAL STATUTES

Fed. R. Civ. P. 23 ...............................................................................................................2, 6, 10

Fed. R. Civ. P. 42(a) .................................................................................................................2, 5

15 U.S.C. § 78j(b) ....................................................................................................................3, 6

15 U.S.C. § 78t(a) ....................................................................................................................3, 6

15 U.S.C. § 78u-4 (a)(3)(B) .................................................................................................. passim

17 C.F.R. § 240.10b-5.................................................................................................................3

## MISCELLANEOUS

*Manual for Complex Litigation* §20.11 (4th ed. 2004)..................................................................5

CHANGHUI HU'S NOTICE OF MOTION AND MOTION FOR CONSOLIDATION, APPOINTMENT OF LEAD
PLAINTIFF AND APPROVAL OF LEAD PLAINTIFF'S SELECTION OF COUNSEL; MEMORANDUM OF POINTS
AND AUTHORITIES IN SUPPORT THEREOF - Case No. 3:08-cv-04966-SC

- iv -

DOCS\458639v1

## NOTICE OF MOTION

TO ALL PARTIES AND THEIR RESPECTIVE COUNSEL OF RECORD:

PLEASE TAKE NOTICE that on March 6, 2009 at 10:00 a.m., or as soon as this matter may be heard in Courtroom 1 of the Honorable Samuel Conti - at 450 Golden Gate Ave., 17th Floor, San Francisco, California - Changhui Hu (the "Mr. Hu" or "Movant"), will move for an Order:  (1) consolidating the above-captioned Related Actions; (2) appointing Movant as Lead Plaintiff pursuant to the PSLRA; and (3) approving Movant's selection of Dyer & Berens LLP ("Dyer & Berens") as Lead Counsel and Milberg LLP ("Milberg") as Liaison Counsel in this action and in any subsequently filed and/or related cases; and (4) granting such other and further relief as the Court may deem just and proper.

This motion is based on the attached Memorandum of Points and Authorities, the Declaration of Jeff S. Westerman in support thereof, all pleadings, records and files in this action, any evidence presented at or before the hearing, including any written or oral argument as may be presented to the Court, and all other matters of which the Court may take judicial notice.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.    PRELIMINARY STATEMENT

Mr. Hu invested in excess of $9,271 under the net/net analysis and suffered losses of approximately $5,665 under the FIFO, LIFO and four-factor accounting methodologies,[1] as a result of investments in the securities of Cadence Design Systems, Inc. ("Cadence" or the "Company").  Movant believes that he may have incurred the largest loss of any other movant, and, as such, he has the largest financial interest in the outcome of this litigation.  As the most adequate plaintiff, as defined by the Private Securities Litigation Reform Act of 1995 ("PSLRA"), Mr. Hu respectfully submits this Memorandum of Law in support of his motion for

---

[1] Plaintiffs' losses calculated under the FIFO, LIFO, four-factor, and net/net accounting methodologies are set forth below.

| CHANGHUI HU'S NOTICE OF MOTION AND MOTION FOR CONSOLIDATION, APPOINTMENT OF LEAD PLAINTIFF AND APPROVAL OF LEAD PLAINTIFF'S SELECTION OF COUNSEL; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF - Case No. 3:08-cv-04966-SC | - 1 - |
|---|---|

DOCS\458639v1

an Order: (1) consolidating all class actions concerning the subject matters of these actions pursuant to Fed. R. Civ. P. 42(a); (2) appointing Movant to serve as Lead Plaintiff pursuant to the Exchange Act pursuant to Section 21D of the Exchange Act, 15 U.S.C. § 78u-4 (a)(3)(B), as amended by the PSLRA; and (3) approving Movant's selection of Dyer & Berens as Lead Counsel and Milberg and Liaison Counsel for Lead Plaintiff and the Class.

Prior to selecting a Lead Plaintiff, the Court must decide whether to consolidate the above-captioned actions (the "Related Actions").[2]  *See* 15 U.S.C. § 78u-4(a)(3)(B)(ii).  As soon as practicable after a decision on consolidation has been rendered, the Court is to appoint as the Lead Plaintiff the movant with the largest financial interest of those seeking such appointment in the litigation and that otherwise satisfy the requirements of Fed. R. Civ. P. 23.  *See id.*

In Section IV.A. below, Movant submits that the above-captioned actions should be consolidated because they each involve substantially similar issues of law and fact.  *See* Fed. R. Civ. P. 42(a).  In Section IV.B., Movant argues that he should be appointed Lead Plaintiff because Movant: (1) timely filed a motion for appointment of Lead Plaintiff; (2) suffered losses in excess of $5,665 in connection with his transactions in Cadence securities during the relevant period, and thus has a substantial financial interest in the litigation; and (3) will adequately represent the interests of the Class.  *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii).  In Section IV.C., Movant argues that his selection of Dyer & Berens as Lead Counsel and Milberg as Liaison Counsel should be approved by the Court because, pursuant to the PSLRA, the presumptive Lead Plaintiff selects Counsel, and Dyer & Berens and Milberg have extensive experience in the prosecution of securities class actions and will more than adequately represent the interests of all class members.

## II.    INTRODUCTION

The three Related Actions are securities purchaser class action lawsuits that have been brought on behalf of all persons and entities who purchased or otherwise acquired Cadence

---

[2] The above-captioned actions were related pursuant to a Stipulation and Order dated December 9, 2008 (Dkt. No. 9.)

CHANGHUI HU'S NOTICE OF MOTION AND MOTION FOR CONSOLIDATION, APPOINTMENT OF LEAD PLAINTIFF AND APPROVAL OF LEAD PLAINTIFF'S SELECTION OF COUNSEL; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF - Case No. 3:08-cv-04966-SC

- 2 -

DOCS\458639v1

securities between April 23, 2008 and October 22, 2008, inclusive (the "Class Period"), and who were damaged thereby, alleging violations of §§ 10(b) and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act'), 15 U.S.C. §§ 78j(b) and 78t(a), and Securities Exchange Commission ("SEC") Rule 10b-5, 17 C.F.R. § 240.10b-5. Defendants include Cadence and certain of its officers and directors.[3]

The first of the Related Actions, filed by Mr. Hu, was commenced in this jurisdiction on or about October 29, 2008. Pursuant to 15 U.S.C. § 78u-4(a)(3)(A)(i), on October 30, 2008, the first notice that a class action had been initiated against Defendants was published on *Globe Newswire*, a widely circulated national business-oriented wire service advising members of the proposed class of their right to move the Court to serve as Lead Plaintiff within 60 days. *See* Westerman Decl., Ex. C.

Movant, with net investments in excess of $9,217 under the net/net analysis and with losses in excess of $5,665 in connection with his purchases of Cadence securities during the Class Period, is suitable and adequate to serve as Lead Plaintiff.[4] Movant is a member of the Class, has submitted a sworn certification demonstrating his desire to serve as the Lead Plaintiff and is timely filing this motion within the 60-day period following publication of the first notice pursuant to Section 21D of the PSLRA, as discussed herein. *See* Westerman Decl., Ex. A.[5]

---

[3] Individual defendants to this action include: (1) Michael J. Fister ("Fister"), President, Chief Executive Officer and a director of the Company; (2) William Porter ("Porter"), Executive Vice President and Chief Administrative Officer of the Company; (3) Kevin S. Palatnik ("Palatnik"), Senior Vice president and Chief Financial Officer of the Company; and (4) John B. Shoven ("Shoven"), Chairman of the Board of Directors of the Company (collectively, the "Individual Defendants").

[4] The losses suffered by Movant are not the same as its legally compensable damages, measurement of which is often a complex legal question that cannot be determined at this stage of the litigation. The approximate losses can, however, be determined from the certification required under Section 21D of the Exchange Act, 15 U.S.C. § 78u-4(a)(2)(A) and based upon reference to information concerning the current market for the Company's securities.

[5] Unless otherwise indicated, all exhibit references herein refer to the Declaration of Jeff S. Westerman in Support of the Motion of Changhui Hu for Consolidation, Appointment as Lead Plaintiff and Approval of Lead Counsel Selection (the "Westerman Decl."), filed simultaneously herewith.

CHANGHUI HU'S NOTICE OF MOTION AND MOTION FOR CONSOLIDATION, APPOINTMENT OF LEAD PLAINTIFF AND APPROVAL OF LEAD PLAINTIFF'S SELECTION OF COUNSEL; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF - Case No. 3:08-cv-04966-SC

- 3 -

DOCS\458639v1

Movant is not aware of any other class member that has filed an application for appointment as Lead Plaintiff that has a larger financial interest. In addition, Movant satisfies each of the requirements of the PSLRA and Rule 23 of the Federal Rules of Civil Procedure and therefore is qualified for appointment as Lead Plaintiff. Thus, as demonstrated herein, Movant is presumptively the most adequate plaintiff and should be appointed Lead Plaintiff.

## III.    FACTUAL BACKGROUND[6]

Cadence develops electronic design automation, or EDA, software and hardware. Beginning on April 23, 2008, and continuing throughout the Class Period, defendants misrepresented Cadence's financial performance and prospects, overstated its revenues and caused it to file false and misleading financial statements with the SEC.

On October 15, 2008, the Company announced the unexpected departures of its Chief Executive Officer ("CEO"), defendant Michael J. Fister and four other senior executives. In response to this surprise announcement, the price of Cadence common stock dropped approximately 15%.

Merely a week later, on October 22, 2008, defendants stunned investors by acknowledging that the Company was reviewing the recognition of revenue related to customer contracts signed in the first quarter of 2008 and that it expected to restate its financial statements not only for the first quarter of 2008, but also the first half of 2008. Specifically, the Company had improperly reported approximately $24 million in revenue in the first quarter of 2008 that would not be earned until the later quarters and, therefore, should be properly recognized ratably over the duration of the customer contracts. As a result, Defendants overstated Cadence's revenues for the first quarter of 2008 and the six months ended June 28, 2008, understated its net loss for the first quarter of 2008 and the six months ended June 28, 2008, and overstated the Company's "non-GAAP" net income. The October 22, 2008 announcement caused Cadence's

---

[6] The factual allegations set forth herein are taken in part from the complaint in *Hu v. Cadence Design Sys., Inc.*, No. 08-cv-04966-SC (N.D. Cal. filed Oct. 29, 2008) (Dkt. Entry No. 1.)

CHANGHUI HU'S NOTICE OF MOTION AND MOTION FOR CONSOLIDATION, APPOINTMENT OF LEAD PLAINTIFF AND APPROVAL OF LEAD PLAINTIFF'S SELECTION OF COUNSEL; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF - Case No. 3:08-cv-04966-SC

- 4 -

DOCS\458639v1

stock price to drop from $4.32 per share on October 22, 2008, to as low as $2.42 per share the next day.

## IV.    ARGUMENT

### A.    THE RELATED ACTIONS SHOULD BE CONSOLIDATED

Consolidation is appropriate where there are actions involving common questions of law or fact.  *See* Fed. R. Civ. P. 42(a) and *Yousefi v. Lockheed Martin Corp.*, 70 F. Supp. 2d 1061, 1064 (C.D. Cal. 1999); *see also Manual for Complex Litigation* §20.11 (4th ed. 2004).  Courts have recognized that securities class actions, in particular, are ideally suited to consolidation pursuant to Rule 42(a) because their unification expedites pretrial proceedings, reduces case duplication, avoids contacting of the parties and witnesses for inquiries in multiple proceedings, and minimizes the expenditure of time and money for all persons concerned.  *See e.g., Primavera Familienstiftung v. Askin*, 173 F.R.D. 115, 129 (S.D.N.Y. 1997).

Presently pending before this Court are three Related Actions, each of which asserts class claims on behalf of those who purchased or otherwise acquired Cadence securities for alleged violations of the Exchange Act during the Class Period:

| Case Name | Case Number | Date Filed |
| --- | --- | --- |
| *Changhui Hu v. Cadence Design Sys. Inc., et. al.* | Case No. 3:08-cv-04966-SC | October 29, 2008 |
| *Deepak Vyas v. Cadence Design Sys. Inc., et. al.* | Case No. 3:08-cv-05027-SC | November 4, 2008 |
| *David Collins v. Cadence Design Sys. Inc., et. al.* | Case No. 4:08-cv-05273-SC | November 21, 2008 |

The Related Actions each name the Company and certain of its officers and/or directors as defendants and involve the same factual and legal issues, namely, whether plaintiffs purchased or otherwise acquired Cadence securities at artificially inflated prices during the Class Period as a result of defendants' allegedly false and misleading statements and/or omissions, and whether defendants' conduct violates Sections 10(b) and 20(a) of the Exchange Act and SEC Rule 10b-5. The test for consolidation is met here.  Therefore, the Related Actions should be consolidated.

CHANGHUI HU'S NOTICE OF MOTION AND MOTION FOR CONSOLIDATION, APPOINTMENT OF LEAD PLAINTIFF AND APPROVAL OF LEAD PLAINTIFF'S SELECTION OF COUNSEL; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF - Case No. 3:08-cv-04966-SC

- 5 -

DOCS\458639v1

### B.    MOVANT SHOULD BE APPOINTED LEAD PLAINTIFF

Movant should be appointed Lead Plaintiff because he has complied with all of the PSLRA's requirements, has demonstrated the largest financial interest in this litigation, and otherwise meets the relevant requirements of Fed. R. Civ. P. 23.

### 1.    The Procedure Required By the PSLRA

The PSLRA sets forth a detailed procedure for the selection of a Lead Plaintiff in "each private action arising under the [Exchange Act] that is brought as a plaintiff class action pursuant to the Federal Rules of Civil Procedure." 15 U.S.C. § 78u-4(a)(1) and (a)(3)(B)(i).

First, the plaintiff who files the initial action must publish a notice to the Class, within 20 days of filing the action, informing Class members of their right to seek appointment as Lead Plaintiff. 15 U.S.C. § 78u-4(a)(3)(A)(i).  Plaintiff in the first-filed, above-captioned action caused notice to be published on *Globe Newswire* on October 30, 2008.[7]  *See* Westerman Decl., Ex. C.  This notice indicated that applications for appointment as Lead Plaintiff were to be made within 60 days of the October 30, 2008 notice.

Second, within 60 days after publication of the required notice, any person or group of persons who are members of the proposed class may apply to the court to be appointed as Lead Plaintiff, whether or not they have previously filed a complaint in the action. 15 U.S.C. § 78u-4(a)(3)(A) and (B).

Next, within 90 days after publication of the notice of pendency, the Court shall consider any motion made by a class member and shall appoint as Lead Plaintiff the movant that the Court determines to be most capable of adequately representing the interests of class members. 15 U.S.C. § 78u-4(a)(3)(B).  In determining who is the "most adequate plaintiff," the Exchange Act provides that:

---

[7] *See* Westerman Decl., Ex. C.  National news wire services have been recognized as suitable vehicles for meeting the statutory requirement that notice be published "in a widely circulated national business-oriented publication or wire service."  *Greebel v. FTP Software, Inc.*, 939 F. Supp. 57, 62-64 (D. Mass. 1996); *Lax v. First Merchs. Acceptance Corp.*, No. 97-C-2715, 1997 U.S. Dist. LEXIS 11866, at *2 (N.D. Ill. Aug. 6, 1997).

CHANGHUI HU'S NOTICE OF MOTION AND MOTION FOR CONSOLIDATION, APPOINTMENT OF LEAD PLAINTIFF AND APPROVAL OF LEAD PLAINTIFF'S SELECTION OF COUNSEL; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF - Case No. 3:08-cv-04966-SC

- 6 -

DOCS\458639v1

[T]he court shall adopt a presumption that the most adequate plaintiff in any private action arising under this title is the person or group of persons that:

(aa)    has either filed the complaint or made a motion in response to a notice . . .;

(bb)    in the determination of the court, has the largest financial interest in the relief sought by the class; and

(cc)    otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure [pertaining to class actions].

15 U.S.C. § 78u-4(a)(3)(B)(iii).  *See In re Cavanaugh*, 306 F.3d 726, 730 (9th Cir. 2002); s*ee also Pirelli Armstrong Tire Corp. Retiree Med. Benefits Trust v. LaBranche & Co*., 229 F.R.D. 395, 402-04 (S.D.N.Y. 2004).

Only by a showing that a Lead Plaintiff will not fairly and adequately represent the Class, or is subject to unique defenses that will render such plaintiff incapable of adequately representing the Class, will this presumption be overcome.  15 U.S.C. §78u-4(a)(3)(B)(iii)(II).

### 2.    Movant Is "The Most Adequate Plaintiff"

#### a.    Movant Has Complied with the PSLRA and Should Be Appointed Lead Plaintiff

Class members may move to be appointed Lead Plaintiff in this case, under 15 U.S.C. § 78u-4(a)(3)(A) and (B), within 60 days after publication of the notice, or by December 29, 2008. Movant's application, filed December 29, 2008, is thus timely.  Movant is a name plaintiff and is willing to serve as a representative party on behalf of the Class. *See* Westerman Decl., Ex. A.  In addition, Movant has selected and retained competent counsel to represent him and the Class as Lead Counsel.  *See* Westerman Decl., Exs. D & E.

Accordingly, Movant has satisfied the individual requirements of 15 U.S.C. § 78u-4(a)(3)(B) and is entitled to have his application for appointment as Lead Plaintiff, and his selection of Dyer & Berens as Lead Counsel and Milberg as Liaison Counsel, approved by the Court.

CHANGHUI HU'S NOTICE OF MOTION AND MOTION FOR CONSOLIDATION, APPOINTMENT OF LEAD PLAINTIFF AND APPROVAL OF LEAD PLAINTIFF'S SELECTION OF COUNSEL; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF - Case No. 3:08-cv-04966-SC

- 7 -

DOCS\458639v1

### b.    Movant Has The Largest Financial Interest

According to 15 U.S.C. § 78u-4(a)(3)(B)(iii), the Court shall appoint as Lead Plaintiff the Class member who represents the largest financial interest in the relief sought by the action. *See In re Cavanaugh*, 306 F.3d. at 730 ("[T]he district court must compare the financial stakes of the various plaintiffs and determine which one has the most to gain from the lawsuit."); s*ee also In re Cendant Corp. Litig.*, 264 F.3d 201, 262 (3d Cir. 2001)(identification of the most adequate plaintiff, "begins with the identification of the movant with 'the largest financial interest in the relief sought by the class.'") (*quoting* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(bb)).   Here, the sole class period alleged is April 23, 2008 to October 22, 2008, inclusive, and this is the period used to calculate Movant's financial interest in this action.

Courts are generally divided on how relative financial interest should be determined.  The PSLRA does not provide a method for determining the relative financial interests of Lead Plaintiff movants, but courts have looked at four factors in determining a movant's financial interest.[8]   Under the "FIFO" (First-In-First-Out) methodology, first-purchased shares (even if purchased before the class period) are offset against first-class period sales.  *See, e.g., Goplen v. 51job, Inc.*, No. 05-cv-0769, 2005 U.S. Dist. LEXIS 15059, at *8 (S.D.N.Y. July 26, 2005).  The "LIFO" (Last-In-Last-Out) method matches sale transactions to the most recent purchases transactions.  For purchase transactions that are not matched to sell transactions that occurred during the proposed Class Period, the 90-day average hold price is applied.  *See*, *e.g.*, *Johnson v. Dana Corp.*, 236 F.R.D. 349 (N.D. Ohio 2006).   Other courts have utilized a net/net

---

[8] Under the four-factor analysis, courts consider the following to determine the largest financial interest: "(1) the number of shares purchased during the class period; (2) the number of net shares purchased during the class period; (3) the total net funds expended during the class period; and (4) the approximate losses suffered." *See Pirelli v. Armstrong Tire Corp.*, 229 F.R.D. at 404 (*quoting Lax v. First Merchs. Acceptance Corp.*, 1997 U.S. Dist. LEXIS 11866, at *17) .  The fourth factor of this analysis, "approximate loss," is generally considered most important, although the term is interpreted differently by different courts. *Compare Montoya v. Mamma.com, Inc.,* No. 05-CV-2313, 2005 U.S. Dist. LEXIS 10224, at *4 (S.D.N.Y. May 31, 2005) (applying FIFO methodology to determine approximate loss) and *In re Veeco Instruments Inc., Sec. Litig.,* 233 F.R.D. 330 (S.D.N.Y. 2005) (same) *with In re eSpeed, Inc. Sec. Litig.,* 232 F.R.D. 95, 100-02 (S.D.N.Y. 2005) (using LIFO to determine approximate loss) and *In re Goodyear Tire & Rubber Co. Sec. Litig.*, No. 03-CV-2166, 2004 U.S. Dist. LEXIS 27043, at *23 (N.D. Ohio May 12, 2004) (same).

CHANGHUI HU'S NOTICE OF MOTION AND MOTION FOR CONSOLIDATION, APPOINTMENT OF LEAD PLAINTIFF AND APPROVAL OF LEAD PLAINTIFF'S SELECTION OF COUNSEL; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF - Case No. 3:08-cv-04966-SC

- 8 -

DOCS\458639v1

methodology under which the total funds expended by the movant during the Class Period are subtracted from the total funds received by the movant during the Class Period.

During the Class Period, as evidenced by, among other things, the accompanying signed Certification and chart showing Movant's Class Period transactions, *see* Exhibit A and B respectively, Mr. Hu purchased 6,629 shares of Cadence common stock at artificially inflated prices. In this case, Movant did not have pre-Class Period holdings of Cadence securities. As such, under the LIFO, FIFO and four-factor analysis, Movant incurred the same loss: $5,665. *See* Westerman Decl., Ex. B.

Movant's investment or financial interest under the net/net methodology may be expressed as follows:

|  | Shares Bought | Purchase Amount | Shares Sold | Sales Amount | Net Value Invested |
|---|---|---|---|---|---|
| **Mr. Hu** | 6,629 | $38,229.74 | 5,629 | $29,012.04 | $9,217.70 |

Note: Shares held through the date of this filing have been valued using the average price of $3.55.

Movant's financial interest under the four-factor methodology may be expressed as follows:

|  | Shares Purchased During Class Period | Shares Sold During Class Period | Net Class Period Shares | Value of Purchases During Class Period | Value of Sales During Class Period | Net Value Expended During Class Period | Approx. Loss |
|---|---|---|---|---|---|---|---|
| **Mr. Hu** | 6,629 | 5,629 | 1,000 | $38,229.74 | $29,012.04 | $9,217.70 | $5,665.45 |

Note: Shares held through the date of this filing have been valued using the average price of $3.55.

As demonstrated herein, Movant has a significant financial interest in this case. Therefore, Movant satisfies all of the PSLRA's prerequisites for appointment as Lead Plaintiff and should be appointed Lead Plaintiff pursuant to 15 U.S.C. § 78u-4(a)(3)(B).

CHANGHUI HU'S NOTICE OF MOTION AND MOTION FOR CONSOLIDATION, APPOINTMENT OF LEAD PLAINTIFF AND APPROVAL OF LEAD PLAINTIFF'S SELECTION OF COUNSEL; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF - Case No. 3:08-cv-04966-SC

- 9 -

DOCS\458639v1

### 3.    Movant Otherwise Satisfies Rule 23

According to 15 U.S.C. § 78u-4(a)(3)(B), in addition to possessing the largest financial interest in the outcome of the litigation, the Lead Plaintiff must also "otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure." *See In re Cavanaugh*, 306 F.3d at 730. Rule 23(a) provides that a party may serve as a class representative if the following four requirements are satisfied:

(1)    the class is so numerous that joinder of all members is impracticable;

(2)    there are questions of law or fact common to the class;

(3)    the claims or defenses of the representative parties are typical of the claims or defenses of the class; and

(4)    the representative parties will fairly and adequately protect the interests of the class.

Fed. R. Civ. P. 23(a).

Of the four prerequisites to class certification, only two – typicality and adequacy – directly address the personal characteristics of the class representative. Consequently, in deciding a motion to serve as Lead Plaintiff, the Court should limit its inquiry to the typicality and adequacy prongs of Rule 23(a), and defer examination of the remaining requirements until the Lead Plaintiff moves for class certification. *See id.*; *see also Lax v. First Merchs. Acceptance Corp.*, 1997 U.S. Dist. LEXIS 11866, at *20; *Fischler v. Amsouth Bancorporation*, No. 96-1567-CIV-T-17A, 1997 U.S. Dist. LEXIS 2875, at *7-8 (M.D. Fla. Feb. 6, 1997); *Pirelli Armstrong Tire Corp.*, 229 F.R.D. at 412. As detailed below, Movant satisfies both the typicality and adequacy requirements of Rule 23, thereby justifying his appointment as Lead Plaintiff.

### a.    Movant Fulfills the Typicality Requirement

Under Rule 23(a)(3), the claims or defenses of the representative parties must be typical of those of the class. Typicality exists where the plaintiff's claims arise from the same series of events and are based on the same legal theories as the claims of all the class members. *See Appleyard v. Wallace*, 754 F.2d 955, 958 (11th Cir. 1985). *See also Rossini v. Ogilvy & Mather,*

CHANGHUI HU'S NOTICE OF MOTION AND MOTION FOR CONSOLIDATION, APPOINTMENT OF LEAD PLAINTIFF AND APPROVAL OF LEAD PLAINTIFF'S SELECTION OF COUNSEL; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF - Case No. 3:08-cv-04966-SC

- 10 -

DOCS\458639v1

*Inc.*, 798 F.2d 590, 598 (2d Cir. 1986); *Pirelli Armstrong Tire Corp.*, 229 F.R.D. at 412; *Babcock v. Computer Assocs. Int'l, Inc.*, 212 F.R.D. 126, 130 (E.D.N.Y. 2003). The requirement that the proposed class representative's claims be typical of the claims of the class does not mean, however, that the claims must be identical. *See Pirelli Armstrong Tire Corp.*, 229 F.R.D. at 412; *Philips v. Joint Legislative Comm. on Performance & Expenditure Review*, 637 F.2d 1014, 1024 (5th Cir. 1981). Typicality does not require that there be no factual differences between the class representatives and the class members because it is the generalized nature of the claims asserted that determines whether the class representatives are typical. *See Priest v. Zayre Corp.*, 118 F.R.D. 552, 555 (D. Mass. 1988) ("With respect to typicality under Rule 23(a)(3), plaintiffs need not show substantial identity between their claims and those of absent class members, but need only show that their claims arise from the same course of conduct that gave rise to the claims of the absent [class] members") (citations omitted). Because the plaintiffs seek to prove that Defendants "committed the same unlawful acts in the same method against an entire class . . . all members of this class have identical claims . . . therefore, the certification of the suit as a class action satisfied the requirements of [typicality requirement of] Rule 23(a)(3)." *Kennedy v. Tallant*, 710 F.2d 711, 717 (11th Cir. 1983).

Movant seeks to represent a class of purchasers of Cadence securities that have typical, non-competing and non-conflicting interests. Movant satisfies the typicality requirement because, like all other Class members, he: (1) purchased or otherwise acquired Cadence securities during the Class Period; (2) purchased or otherwise acquired Cadence securities at prices artificially inflated by Defendants' materially false and misleading statements and/or omissions; and (3) suffered economic loss thereby when the price of Cadence stock declined when the misrepresentations made to the market, and/or the information alleged to have been concealed from the market, were revealed, removing the inflation from Cadence's stock price. Thus, Movant's claims are typical of those of other Class members since his claims and the claims of other Class members arise out of the same course of events.

CHANGHUI HU'S NOTICE OF MOTION AND MOTION FOR CONSOLIDATION, APPOINTMENT OF LEAD PLAINTIFF AND APPROVAL OF LEAD PLAINTIFF'S SELECTION OF COUNSEL; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF - Case No. 3:08-cv-04966-SC

- 11 -

DOCS\458639v1

### b. Movant Fulfills the Adequacy Requirement

Under Rule 23(a)(4), the representative parties must also fairly and adequately protect the interests of the class. The PSLRA directs this Court to limit its inquiry regarding the adequacy of movant to represent the Class to the existence of any conflicts between the interest of movant and the members of the Class. This standard for adequacy is met if it appears that (1) the named plaintiff has interests in common with, and not antagonistic to, the class's interests; and (2) the plaintiff's attorneys are qualified, experienced and generally able to conduct this litigation. *See*, *e.g.*, *Kirkpatrick v. J. C. Bradford & Co.*, 827 F.2d 718, 726 (11th Cir. 1987); *see also In re GMC Pick-Up Truck Fuel Tank Prods. Liab. Litig.*, 55 F.3d 768, 800 (3d Cir. 1995); *Babcock*, 212 F.R.D. at 131 (citation omitted) (stating that the standard for adequacy of representation under Rule 23(a)(4) is met by: (1) the absence of potential conflict between the proposed lead plaintiff and the class members; and (2) the class representatives' choice of counsel who is qualified, experienced and able to vigorously conduct the proposed litigation).

As detailed above, Movant is an adequate representative of the Class because he shares common questions of law and fact with members of the Class and his claims are typical of the claims of other Class members. As demonstrated by the injury suffered by Movant, who acquired 6,629 shares of Cadence stock at prices artificially inflated by Defendants' materially false and misleading statements and/or omissions, the interests of Movant are clearly aligned with the interests of the members of the Class, and there is no evidence of any antagonism between Movant's interests and those of the other members of the Class.

Further, Movant has taken significant steps that demonstrate that he has protected and will continue to protect the interests of the Class: he executed a Certification detailing his Class Period transactions and expressed his willingness to serve as Lead Plaintiff; he moved this Court to be appointed as Lead Plaintiff; and he retained competent and experienced counsel, who, as shown below, will be able to conduct this complex litigation in a competent manner. *See generally Lax*, 1997 U.S. Dist. LEXIS 11866, at *21-35.

CHANGHUI HU'S NOTICE OF MOTION AND MOTION FOR CONSOLIDATION, APPOINTMENT OF LEAD PLAINTIFF AND APPROVAL OF LEAD PLAINTIFF'S SELECTION OF COUNSEL; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF - Case No. 3:08-cv-04966-SC

- 12 -

DOCS\458639v1

Lastly, Movant has the largest known financial interest, which gives him "an incentive to prosecute the action vigorously."  *Ferrari v. Gisch*, 225 F.R.D. 599, 607 (C.D. Cal. 2004). Accordingly, Movant, in addition to having the largest financial interest, also *prima facie* satisfies the typicality (Rule 23(a)(3)) and adequacy (Rule 23(a)(4)) requirements of Rule 23 of the Federal Rules of Civil Procedure and, therefore, satisfies all elements of the Exchange Act's prerequisites for appointment as Lead Plaintiff in this action pursuant to 15 U.S.C. § 78u-4(a)(3)(B)(iii).

C.    **THE COURT SHOULD APPROVE MOVANT'S CHOICE OF COUNSEL**

The PSLRA vests authority in the lead plaintiff to select and retain counsel to represent the class, subject to court approval.  *See* 15 U.S.C. §78u-4(a)(3)(B)(v).  In this regard, Mr. Hu has selected Dyer & Berens to serve as Lead Counsel for the class, and Milberg to serve as Liaison Counsel — each of which has substantial experience in the prosecution of shareholder and securities class actions, as highlighted by the attached firm resumes.  *See* Westerman Decl., Exs. D & E.  Thus, the Court may be assured that, in the event this Motion is granted, the members of the class will receive the highest caliber of legal representation available. Accordingly, the Court should approve the counsel selected by Mr. Hu.

**V.    CONCLUSION**

For the foregoing reasons, Movant satisfies the requirements of the PSLRA for appointment as the most adequate plaintiff in this action and should be appointed Lead Plaintiff pursuant to 15 U.S.C. § 78u-4(a)(3)(B).  As the most adequate plaintiff, Movant respectfully requests that the Court: (1) consolidate for all purposes the Related Actions against Defendants; (2) appoint Movant as Lead Plaintiff pursuant to § 21D (a)(3)(B); (3) approve his selection of

CHANGHUI HU'S NOTICE OF MOTION AND MOTION FOR CONSOLIDATION, APPOINTMENT OF LEAD PLAINTIFF AND APPROVAL OF LEAD PLAINTIFF'S SELECTION OF COUNSEL; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF - Case No. 3:08-cv-04966-SC

- 13 -

DOCS\458639v1

Dyer & Berens as Lead Counsel and Milberg as Liaison Counsel; and (4) grant such other and further relief as the Court may deem just and proper.

Dated: December 29, 2008

MILBERG LLP
JEFF S. WESTERMAN
KAREN T. ROGERS

*/s/ Jeff S. Westerman*
JEFF S. WESTERMAN

One California Plaza
300 South Grand Avenue, Suite 3900
Los Angeles, CA  90071
Telephone: (213) 617-1200
Facsimile:  (213) 617-1975
E-mail:  jwesterman@milberg.com
   krogers@milberg.com

MILBERG LLP
ANDREI RADO
TED J. SWIECICHOWSKI
One Pennsylvania Plaza, 49th Floor
New York, New York  10119
Telephone: (212) 594-5300
Facsimile:  (212) 868-1229
E-mail:  arado@milberg.com
   tswiecichowski@milberg.com

*[Proposed] Liaison Counsel for the Proposed Lead Plaintiff*

DYER & BERENS LLP
ROBERT J. DYER III
JEFFREY A. BERENS
682 Grant Street
Denver, CO  80203-3507
Telephone: 303/861-1764
Facsimile:  303/395-0393
E-mail: bob@dyerberens.com
   jeff@dyerberens.com

*[Proposed] Lead Counsel for the Proposed Lead Plaintiff*

CHANGHUI HU'S NOTICE OF MOTION AND MOTION FOR CONSOLIDATION, APPOINTMENT OF LEAD PLAINTIFF AND APPROVAL OF LEAD PLAINTIFF'S SELECTION OF COUNSEL; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF - Case No. 3:08-cv-04966-SC    - 14 -

DOCS\458639v1

HOLZER, HOLZER & FISTEL, LLC
COREY D. HOLZER
MICHAEL I. FISTEL, JR.
200 Ashford Center North, Suite 300
Atlanta, GA  30338
Telephone: 770/392-0090
Facsimile:  770/392-0029
E-mail: cholzer@holzerlaw.com
  mfistel@holzerlaw.com

*Counsel for the Proposed Lead Plaintiff*

CHANGHUI HU'S NOTICE OF MOTION AND MOTION FOR CONSOLIDATION, APPOINTMENT OF LEAD PLAINTIFF AND APPROVAL OF LEAD PLAINTIFF'S SELECTION OF COUNSEL; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF - Case No. 3:08-cv-04966-SC

- 15 -

DOCS\458639v1