GIBSON, DUNN & CRUTCHER LLP
TIMOTHY K. ROAKE, SBN 99539
troake@gibsondunn.com
SALLY J. BERENS, SBN 218880
sberens@gibsondunn.com
1881 Page Mill Road
Palo Alto, California  94304
Telephone: (650) 849-5300
Facsimile: (650) 849-5333

ETHAN D. DETTMER, SBN 196046
edettmer@gibsondunn.com
MATTHEW S. KAHN, SBN 261679
mkahn@gibsondunn.com
555 Mission Street, Suite 3000
San Francisco, California  94105
Telephone:  (415) 393-8200
Facsimile:  (415) 393-8306

Attorneys for Defendants
CADENCE DESIGN SYSTEMS, INC.,
MICHAEL J. FISTER, KEVIN S. PALATNIK,
WILLIAM PORTER and KEVIN BUSHBY

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re CADENCE DESIGN SYSTEMS, INC. SECURITIES LITIGATION ———————————————————— This Document Relates To:   ALL ACTIONS. | CASE NO.  C-08-4966  CLASS ACTION  **DEFENDANTS' ANSWER TO FIRST AMENDED COMPLAINT** |

Defendants Cadence Design Systems, Inc. ("Cadence" or the "Company"); Michael J. Fister

("Fister"), Kevin S. Palatnik ("Palatnik"), William Porter ("Porter") and Kevin Bushby ("Bushby")

(collectively, the "Individual Defendants," and together with Cadence, the "Defendants"), by their

undersigned attorneys, respond to Plaintiff's First Amended Complaint for Violation of the Federal

Securities Laws (the "Amended Complaint" or "FAC") as follows:

**PREAMBLE**

Except as expressly admitted herein, the Defendants deny each and every allegation of wrongdoing contained in the Amended Complaint, including, without limitation, any allegations contained in the preamble, headings, subheadings or footnotes of the Amended Complaint, the prayer for relief, and the WHEREFORE clauses and all subparagraphs therein, and specifically deny any liability to Plaintiff or any members of the purported class that Plaintiff seeks to represent.  Pursuant to Rule 8(d) of the Federal Rules of Civil Procedure, averments in the Amended Complaint to which no responsive pleading is required shall be deemed as denied.  The Defendants reserve the right to seek to amend and/or supplement this Answer as may be necessary.

The Amended Complaint contains many allegations concerning one or more than one, but less than all, of the Defendants.  Unless otherwise specifically indicated, the Defendants each lack knowledge or information sufficient to form a belief as to the truth of any of the allegations concerning the knowledge of the other defendants.

**RESPONSE TO SPECIFIC ALLEGATIONS**

Incorporating the foregoing Preamble, the Defendants state as follows in response to the specific allegations of the Amended Complaint:

1.      The allegations of paragraph 1 of the Amended Complaint are denied, except that:  1) the Defendants admit that Plaintiff asserts claims under the federal securities laws on behalf of a purported class of Cadence shareholders for the alleged class period, and 2) during the time period specified in paragraph 1, the Individual Defendants held the titles at the Company that are specified for them in that paragraph.

2.      The allegations of paragraph 2 of the Amended Complaint are admitted, except that the Company was founded in 1988.

3.      The allegations of paragraph 3 of the Amended Complaint contain Plaintiff's legal conclusions, to which no response is required.  To the extent that a response is deemed required, the allegations of paragraph 3 are denied.

4.      Defendants Palatnik and Cadence admit that it was later determined that the Company's revenue and earnings results for the first and second quarters of 2008 were incorrect

when initially released.  Defendants Fister, Porter, and Bushby lack knowledge or information sufficient to form a belief as to the truth of the second sentence of paragraph 4 and deny the allegations contained in that sentence on that basis (except that they are informed and believe that, on December 11, 2008, Cadence filed Forms 10-Q/A for the first and second quarters of 2008, in which Cadence restated its financial statements for those quarters, and that the circumstances and effect of the restatement are stated in Cadence's Forms 10-Q/A).  Defendants admit that the Company filed documents with the SEC relating to, and that the Company and Messrs. Fister, Porter and Palatnik made public statements regarding, Cadence's revenue and earnings results for the first and second quarters of 2008.  Except as expressly admitted, the allegations of paragraph 4 are denied.

5.     Defendants admit that the eDA card is an internet-based delivery mechanism for Cadence products that enables customers to draw down on technology electronically.  Defendants admit that eDA cards allowed the Company's customers to purchase items within specified product catalogs at specified prices up to the amount of money that had been paid for the card.  Defendants admit that eDA cards provide flexibility for customers to use Cadence software quickly and efficiently.  Defendants admit that revenues recognized on the sale of eDA cards were part of the Company's product revenue in 2007.  Defendants admit that paragraph 5 of the Amended Complaint contains an accurate quotation from one sentence from the Company's 2007 Form 10-K, which speaks for itself, and must be read as a whole and in the context of Cadence's public statements.  Except as expressly admitted, Defendants deny the allegations of paragraph 5.

6.     The allegations of paragraph 6 of the Amended Complaint are denied except that Defendants admit that eDA cards give customers flexibility, and that the Company expected the "revenue mix" of ratable and upfront revenue to be "around 50/50" in 2008.  Defendants further state that any public statements by any Defendant regarding this issue must be understood in the context of the entire statement and all of Cadence's public statements.

7.     Paragraph 7 of the Amended Complaint is composed of Plaintiff's conclusions and characterizations.  To the extent, if at all, it contains allegations of fact, the allegations of paragraph 7 are denied, except that Defendants admit that one of the possible effects of changing a subscription license into a term license was that revenue could be recognized on that term license agreement in the

1   quarter that the agreement was entered into, if all of the requirements for revenue recognition were

2   satisfied.

3       8.      The allegations of the first sentence of paragraph 8 of the Amended Complaint refer to

4   the transcript of Cadence's October 24, 2007 Q307 earnings conference call, which speaks for itself,

5   and must be read as a whole and in the context of Cadence's public statements.  Defendants deny that

6   they (or any one of them) "assured" investors of the matters set forth in this paragraph.  The

7   allegations of the second sentence of paragraph 8 are too vague to require a response, but to the

8   extent, if at all, this paragraph contains allegations of fact, such allegations are denied, insofar as they

9   purport to speak generically and not with regard to specific conversations with investors or a specific

10  time period.  Defendants Fister and Porter further and specifically deny that any of the statements

11  made during the referenced conference call were knowingly false or intentionally misleading when

12  made.  Defendants further and specifically deny the allegation or implication that Defendants

13  Palatnik or Bushby made any statements during the referenced conference call.  Except as expressly

14  admitted, Defendants deny the allegations of paragraph 8.

15      9.      The allegations of paragraph 9 of the Amended Complaint refer to the transcript of a

16  conference call at the Goldman Sachs Software Retreat dated November 6, 2007.  Defendants admit

17  that paragraph 9 contains an accurate quotation from a portion of the referenced transcript, which

18  speaks for itself, and must be read as a whole and in the context of Cadence's public statements.

19  Defendant Porter denies that any of the statements made during the referenced conference call were

20  knowingly false or intentionally misleading when made.  Defendants further and specifically deny the

21  allegation or implication that Defendants Fister, Palatnik, or Bushby made any statements during the

22  referenced conference call.  Except as expressly admitted, Defendants deny the allegations of

23  paragraph 9.

24      10.     The allegations of paragraph 10 of the Amended Complaint refer to the transcript of a

25  conference call at the NASDAQ 20th Investor Program dated December 5, 2007.  Defendants admit

26  that paragraph 10 contains an accurate quotation from a portion of the referenced transcript, which

27  speaks for itself, and must be read as a whole and in the context of Cadence's public statements.

28  Defendant Porter denies that any of the statements made during the referenced conference call were

knowingly false or intentionally misleading when made.  Defendants further and specifically deny the allegation or implication that Defendants Fister, Palatnik, or Bushby made any statements during the referenced conference call.  Except as expressly admitted, Defendants deny the allegations of paragraph 10.

11.     The allegations of paragraph 11 of the Amended Complaint (including those allegations set forth in footnote 2) are too vague to require a response, but to the extent, if at all, this paragraph contains allegations of fact, such allegations are denied.

12.     The allegations of paragraph 12 of the Amended Complaint contain various allegations regarding what Plaintiff's claimed "confidential witness" sources allegedly told Plaintiff, its attorneys, or its agents.  Defendants lack information and belief to admit or whether the confidential witnesses actually made the assertions alleged in this paragraph, and, except as expressly admitted below, deny each and every allegation contained therein on that basis.  Defendants admit that the Company reported its 4Q07 and FY07 results on January 30, 2008.  Defendants deny that they (or any one of them) "assured" investors of the matters set forth in this paragraph.  The remaining allegations of paragraph 12 refer to the transcript of the Company's January 30, 2008 4Q08 and FY07 earnings conference call.  Defendants admit that paragraph 12 contains accurate quotations from portions of the referenced transcript, which speaks for itself, and must be read as a whole and in the context of Cadence's public statements.  Defendants Fister and Porter further and specifically deny that any of the statements made during the referenced conference call were knowingly false or intentionally misleading when made.  Defendants further and specifically deny the allegation or implication that Defendants Palatnik or Bushby made any statements during the referenced conference call.  Except as expressly admitted, Defendants deny the allegations of paragraph 12.

13.     Defendants admit that the Company's stock closed at $15.16 on January 30, 2008 and at $10.15 on January 31, 2008.  The allegations of the second sentence of paragraph 13 refer to analyst reports, which speak for themselves and must be read as a whole.  Except as expressly admitted, Defendants deny the allegations of paragraph 13.

14.     The allegations of paragraph 14 are denied for lack of knowledge or information sufficient to form a belief as to their truth, insofar as they purport to speak generically and not with regard to specific bookings, except Defendants admit that 2008 was a difficult year for the Company and the economy as a whole.  Defendants expressly deny any intent to defraud investors or to conceal material facts from investors or any knowledge of any scheme to defraud investors or to conceal material facts from investors.  The allegations of footnote 3 of paragraph 14 refer to the transcript of a November 6, 2007 conference call at the Goldman Sachs Software Retreat.  Defendants admit that footnote 3 of paragraph 14 contains an accurate quotation from a portion of the referenced transcript, which speaks for itself, and must be read as a whole and in the context of Cadence's public statements.  Defendant Porter denies that any of the statements made during the referenced conference call were knowingly false or intentionally misleading when made.  Defendants further and specifically deny the allegation or implication that Defendants Fister, Palatnik, or Bushby made any statements during the referenced conference call.  Except as expressly admitted, Defendants deny the allegations of paragraph 14.

15.     The allegations of paragraph 15 of the Amended Complaint refer to the transcripts of Cadence's April 23, 2008 and July 23, 2008 earnings conference calls.  Defendants admit that paragraph 15 contains accurate quotations from portions of the referenced transcripts, which speak for themselves, and must be read as a whole and in the context of Cadence's public statements. Defendants Fister, Porter, and Palatnik specifically deny that any of the statements made during the referenced conference calls were knowingly false or intentionally misleading when made. Defendants further and specifically deny the allegation or implication that Defendants Palatnik or Bushby made any statements during the referenced April 23, 2008 conference call.  Defendants further and specifically deny the allegation or implication that Defendants Porter or Bushby made any statements during the referenced July 23, 2008 conference call.  Except as expressly admitted, Defendants deny the allegations of paragraph 15.

16.     The allegations of the first and fourth sentences of paragraph 16 of the Amended Complaint are admitted.  The allegations of the second, third, fifth, sixth and seventh sentences of

Gibson, Dunn & Crutcher LLP

DEFENDANTS' ANSWER TO FIRST AMENDED COMPLAINT                    CASE NO. C-08-4966

1    paragraph 16 of the Amended Complaint are denied, except to admit that the "$24.8 million deal

2    represented . . . More than 15% of the Company's reported Product Revenue for 1Q08."

3        17.    Defendants deny the allegations made in the first sentence of paragraph 17 of the

4    Amended Complaint, except to admit that Cadence sought to purchase Mentor Graphics Corporation

5    ("Mentor Graphics") in 2008 and announced a bid of $16.00 per share for Mentor Graphics in June

6    2008.  The allegations of the second sentence of paragraph 17 of the Amended Complaint are

7    admitted.  Except as expressly admitted, Defendants deny the allegations of paragraph 17.

8        18.    Defendants admit the allegations of the first sentence of paragraph 18 of the Amended

9    Complaint.  To the extent CW15 is the source of the remaining allegations in paragraph 18,

10   Defendants lack information and belief to admit or deny whether CW15 actually made the assertions

11   in paragraph 18, and Defendants deny the allegations on that basis.  Defendants deny the allegations

12   in the second and third sentences of paragraph 18, and further and specifically deny that Defendant

13   Bushby "orchestrated," and that the Company improperly recognized $12 million in product revenue

14   on, a deal which "involved Nvidia," and to the extent any of the remaining allegations of paragraph

15   17 are based on the erroneous assertion that Cadence recognized upfront revenue on a 2Q08 deal

16   "involving Nvidia" and restated that revenue recognition in December 2008, Defendants deny such

17   allegations on that basis.  The allegations in the fourth sentence of this paragraph are too vague to

18   require a response, but to the extent, if at all, this sentence contains allegations of fact, such

19   allegations are denied.  Defendants Palatnik and Cadence deny the allegations in the last sentence of

20   paragraph 18, except to admit that Cadence sold $18.0 million of the accounts receivable from the

21   1Q08 transaction to a financing institution for cash during the second quarter of 2008, and that, as

22   part of the restatement, Cadence recorded a liability of $18 million due to the financing institution

23   and reported the $18 million as a cash flow from financing activities in Cadence's restated 2Q08

24   Form 10-Q.  Defendants Fister, Porter, and Bushby lack knowledge or information sufficient to form

25   a belief as to the truth of the last sentence of paragraph 18 and deny the allegations contained in that

26   sentence on that basis (except that they are informed and believe that, on December 11, 2008,

27   Cadence filed a Form 10-Q/A for the second quarter of 2008, in which Cadence restated its financial

28   statements for that quarter, and that the circumstances and effect of the restatement are stated in

Gibson, Dunn &
Crutcher LLP

7

Cadence's Form 10-Q/A and December 10, 2008 press release).  Defendants further state that, at the time the 2Q08 financial statements were published, Defendants reasonably believed that Cadence's financial reporting was accurate.  The remainder of the allegations of paragraph 18 contain Plaintiff's legal conclusions, to which no response is required.  To the extent a response is deemed required, Defendants deny the remaining allegations made in paragraph 18.

19.     Defendants admit that Cadence issued its 2Q08 Form 10-Q on July 23, 2008.  Defendants further admit that the July 23, 2008 Form 10-Q reported a lower revenue and earnings forecast for FY08 ($1.1 billion down from the prior quarter's $1.5 billion forecast).  Defendants further admit that Cadence's stock closed at $10.27 per share on July 23, 2008 and closed at $7.11 per share on July 24, 2008.  Defendants further admit that, during a July 24, 2008 earnings conference call, Defendant Palatnik announced that Cadence would have a primarily subscription-based sales model.  Defendants specifically deny the allegation or implication that Defendants Porter or Bushby made any statements during the referenced conference call.  Except as expressly admitted, Defendants deny the remaining allegations of paragraph 19.

20.     Cadence admits that it withdrew its bid to acquire Mentor Graphics on August 15, 2008.  Except as expressly admitted, Defendants deny the allegations of paragraph 20.

21.     Defendants admit that Fister, Porter, and Bushby resigned from the Company on October 15, 2008.  Defendants further admit that Cadence's stock price closed at $5.30 per share on October 14, 2008, and $4.50 per share on October 15, 2008.  Defendants lack information and belief to admit or deny allegations attributed by Plaintiff to unnamed witnesses, and whether these witnesses actually made the assertions in this paragraph, and deny the allegations on that basis.  Defendants specifically deny that the resignations of Fister, Porter and Bushby were related to the restated transactions or the December 2008 restatement itself.  Except as expressly admitted, Defendants deny the allegations of paragraph 21.

22.     Defendants Fister, Porter, and Bushby are informed and believe, and Defendants Palatnik and Cadence admit, that, on October 22, 2008, Cadence announced that it expected to restate its earnings for the first quarter and first half of 2008.  Defendants deny the remaining allegations of the first sentence of paragraph 22.  The remaining allegations of paragraph 22 of the Amended

Complaint refer to Cadence's October 22, 2008 press release.  Defendants admit that this portion of paragraph 22 contains an accurate quotation from a portion of the referenced press release, which speaks for itself, and must be read as a whole and in the context of Cadence's public statements. Except as expressly admitted, Defendants deny the allegations of paragraph 22.

23.     Defendants admit that Cadence's stock price closed at $4.32 per share on October 22, 2008 and closed at $3.22 per share on October 23, 2008 and that more than 25 million shares traded on October 23, 2008.  The allegations of the second sentence of paragraph 23 of the Amended Complaint refer to Cadence's October 22, 2008 press release, which speaks for itself, and must be read as a whole and in the context of Cadence's public statements.  Except as expressly admitted, Defendants deny the allegations of paragraph 23.

24.     Defendants Fister, Porter, and Bushby are informed and believe, and Defendants Palatnik and Cadence admit, that, on December 10, 2008, Cadence restated its financial results for 1Q08 and 2Q08.  Defendants Palatnik and Cadence further admit announcing that the $24.8 million of revenue initially recognized in 1Q08 would not begin to be recognized until 4Q08.  Defendants Fister, Porter, and Bushby lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph and deny the allegations on that basis (except that they are informed and believe that, on December 11, 2008, Cadence filed Forms 10-Q/A for the first and second quarters of 2008, in which Cadence restated its financial statements for those quarters, and that the circumstances and effect of the restatement are stated in Cadence's Forms 10-Q/A and December 10, 2008 press release).  Except as expressly admitted, Defendants deny the allegations of paragraph 24.

25.     Defendants Fister, Porter, and Bushby are informed and believe, and Defendants Palatnik and Cadence admit, that Cadence restated its 1Q08 and 2Q08 financial statements, and that the circumstances and effect of the restatement are stated in Cadence's press release dated December 10, 2008 and Forms 10-Q/A filed on December 11, 2008.  Except as expressly admitted above, Defendants deny the allegations of paragraph 25.

26.     The allegations of paragraph 26 of the Amended Complaint are composed of Plaintiff's argument, are devoid of any factual allegations, and contain Plaintiff's legal conclusions,

to which no response is required.  To the extent a response is deemed required, Defendants deny the allegations in paragraph 26.

27.     The allegations of paragraph 27 of the Amended Complaint refer to Cadence's December 10, 2008 press release and Cadence's Form 10-Q/A for the first quarter of 2008, which speak for themselves, and must be read as a whole and in the context of Cadence's public statements.  Defendants admit that paragraph 27 contains an accurate quotation from a portion of the referenced press release.  Except as expressly admitted, Defendants deny the allegations of paragraph 27.

28.     The allegations in paragraph 28 of the Amended Complaint are too vague to require a response, but to the extent, if at all, this paragraph contains allegations of fact, such allegations are denied.  The allegations of paragraph 28 are further denied for lack of knowledge or information sufficient to form a belief as to their truth, insofar as they purport to speak generically and not with regard to specific "factors," GAAP provisions or revenue recognition policies.  To the extent this paragraph contains Plaintiff's legal conclusions, no response is required.

29.     The allegations of paragraph 29 of the Amended Complaint are based on the false claim that Cadence recognized upfront revenue on a 2Q08 Nvidia transaction and restated that revenue recognition in December 2008, and Defendants deny the allegations of paragraph 29 on this basis.  As to the fourth sentence of paragraph 29, Defendants lack information and belief to admit or deny whether CW5 actually made the assertions alleged in the fourth sentence of this paragraph, and deny each and every allegation contained therein on that basis.  The quotation in the last two subparagraphs of paragraph 29 comes from a letter the Company's counsel sent to the SEC.  Defendants admit that paragraph 29 contains an accurate quotation from a portion of the referenced letter, which speaks for itself, and must be read as a whole and in the context of Cadence's public statements.  Except as expressly admitted, Defendants deny the allegations of paragraph 29.

30.     The allegations of paragraph 30 of the Amended Complaint refer to the transcript of an August 7, 2008 conference call at the RBC Capital Markets 2008 Technology, Media & Communications Conference.  Defendants admit that paragraph 30 contains an accurate quotation from a portion of the referenced transcript, which speaks for itself, and must be read as a whole and in the context of Cadence's public statements.  Defendant Palatnik specifically denies that any of the

Gibson, Dunn & Crutcher LLP

1    statements made during the referenced conference call were knowingly false or intentionally

2    misleading when made.  Defendants further and specifically deny the allegation or implication that

3    Defendants Fister, Porter, or Bushby made any statements during the referenced conference call.

4    Except as expressly admitted, Defendants deny the allegations of paragraph 30.

5        31.    The allegations of paragraph 31 refer to a February 5, 2009 news article.  Defendants

6    admit that paragraph 31 contains an accurate quotation from a portion of the referenced article, which

7    speaks for itself, and must be read as a whole and in the context of Cadence's public statements.

8    Except as expressly admitted, Defendants deny the allegations of paragraph 31.

9        32.    The allegations of paragraph 32 further refer to the transcript of an August 7, 2008

10   conference call at the RBC Capital Markets 2008 Technology, Media & Communications

11   Conference.  Defendants admit that paragraph 32 contains an accurate quotation from a portion of the

12   referenced transcript, which speaks for itself, and must be read as a whole and in the context of

13   Cadence's public statements.  Defendant Palatnik specifically denies that any of the statements made

14   during the referenced conference call were knowingly false or intentionally misleading when made.

15   Defendants further and specifically deny the allegation or implication that Defendants Fister, Porter,

16   or Bushby made any statements during the referenced conference call.  Except as expressly admitted,

17   Defendants deny the allegations of paragraph 32.

18       33.    The allegations of paragraph 33 of the Amended Complaint refer to and paraphrase

19   Cadence's April 25, 2008 Form 10-Q, a letter to Cadence from the SEC, a letter sent by Cadence's

20   counsel to the SEC, and Cadence's February 26, 2008 Form 10-K.  Defendants admit that paragraph

21   33 contains accurate quotations from portions of the referenced documents, which speak for

22   themselves, and must be read as a whole and in the context of Cadence's public statements.  Except

23   as expressly admitted, Defendants deny the allegations of paragraph 33.

24       34.    The allegations of paragraph 34 of the Amended Complaint refer to, paraphrase and

25   quote Cadence's July 19, 2008 Form 8-K and indemnification agreements with certain Cadence

26   employees.  Defendants admit that that paragraph 34 contains an accurate quotation of one word from

27   the referenced documents, which speak for themselves, and must be read as a whole and in the

28   context of Cadence's public statements.  Except as expressly admitted, Defendants deny the

allegations of paragraph 34, including, without limitation, the allegation that Defendants Fister, Porter, and Bushby were "fired."

35.     Defendants deny the allegations in the first sentence of paragraph 35.  The remainder of paragraph 35 of the Amended Complaint contains Plaintiff's allegations regarding what Plaintiff's claimed "confidential witness" sources allegedly told Plaintiff, its attorneys, or its agents. Defendants lack information and belief to admit or deny whether the confidential witnesses actually made the assertions alleged in this paragraph, and deny each and every allegation contained therein on that basis.

36.     The allegations of paragraph 36 of the Amended Complaint contain Plaintiff's allegations regarding what Plaintiff's claimed "confidential witness" sources allegedly told Plaintiff, its attorneys, or its agents.  Defendants lack information and belief to admit or deny whether the confidential witnesses actually made the assertions alleged in this paragraph, and deny each and every allegation contained therein on that basis.

37.     Defendants admit that paragraphs 1 through 37 of the Amended Compliant summarize later allegations of the Amended Complaint.  Defendants deny the remaining allegations of paragraph 37.

38.     Paragraph 38 contains a chart that purports to illustrate certain facts and dates and the Company's stock price at those times.  Defendants admit that the Company released its 3Q07 results on October 25, 2007.  Defendants further admit that the Company released its FY2007 results on January 31, 2008.  Defendants further admit that the Company released its 1Q2008 results on April 23, 2008.  Defendants further admit that the Company announced its proposal to acquire Mentor Graphics on June 17, 2008.  Defendants further admit that the Company released its 2Q08 results on July 23, 2008.  Defendants further admit that the Company announced the withdrawal of its proposal to acquire Mentor Graphics on August 15, 2008.  Defendants Fister, Porter, and Bushby are informed and believe, and Defendants Palatnik and Cadence further admit, that the Company announced its intent to restate its 1Q08 financial statements on October 22, 2008, and that the Company announced the restatement of its 1Q08 and 2Q08 financial statements on December 10, 2008.  Plaintiff's characterization of the Company's stock price during the period shown on the chart is too vague for

Gibson, Dunn &
Crutcher LLP

DEFENDANTS' ANSWER TO FIRST AMENDED COMPLAINT                    CASE NO. C-08-4966

1   Defendants to admit or deny, and on that basis, Defendants deny the representations of the

2   Company's stock price, except to refer to the referenced stock market indices, which speak for

3   themselves.  Except as expressly admitted, Defendants deny the allegations of paragraph 38.

4           39.     Defendants admit that Plaintiff has alleged claims under the securities laws.  The

5   second and third sentences of paragraph 39 contain legal conclusions to which no response is

6   required.  Defendants admit that Cadence's headquarters are located in San Jose, California.  Except

7   as expressly admitted, Defendants deny the allegations of paragraph 39.

8           40.     The allegations of paragraph 40 of the Amended Complaint are denied for lack of

9   knowledge or information sufficient to form a belief as to their truth.

10          41.     The allegations of paragraph 41 of the Amended Complaint are admitted, except that

11  Cadence does, in fact, develop electronic design automation software and hardware for electronics

12  companies worldwide.

13          42.     The allegations of the first sentence of paragraph 42 of the Amended Complaint are

14  admitted, except that Defendants deny that Mr. Fister was terminated.  The allegations of the second

15  sentence of paragraph 42 are admitted.  The allegations of the third sentence of paragraph 42 are

16  denied, except that Defendants admit that Mr. Fister participated in Cadence's earnings conference

17  calls for 1Q08 and 2Q08.  Except as expressly admitted, Defendants deny the allegations of

18  paragraph 42.

19          43.     The allegations of paragraph 43 of the Amended Complaint are admitted.

20          44.     The allegations of the first sentence of paragraph 44 of the Amended Complaint are

21  admitted, except that Defendants deny that Mr. Porter was terminated.  The allegations of the second

22  sentence of paragraph 44 are denied, except that Defendants admit that Mr. Porter served as CFO of

23  Cadence from 1999 to April 23, 2008.  The allegations of the third and fourth sentences of paragraph

24  44 are admitted, except that Mr. Porter has been an inactive Certified Public Accountant in California

25  during the alleged Class Period.  Except as expressly admitted, Defendants deny the allegations of

26  paragraph 44.

27          45.     The allegations of the first sentence of paragraph 45 of the Amended Complaint are

28  admitted, except that Defendants deny that Mr. Bushby was terminated.  The allegations of the

second sentence of paragraph 45 are denied, except that Defendants admit that Mr. Bushby's duties and responsibilities prior to October 2008 included overseeing Cadence's Sales organization.  Except as expressly admitted, Defendants deny the allegations of paragraph 45.

46.     Defendants admit that the Individual Defendants had access to certain of Cadence's financial and business information and reports during their employment with Cadence.  Except as expressly admitted, Defendants deny the allegations of paragraph 46.  Defendants specifically deny that they (or any one of them) knew in the first and second quarters of 2008 the facts giving rise to Cadence's restatement of certain financial statements on December 10, 2008.

47.     The allegations of the first sentence of paragraph 47 of the Amended Complaint contain Plaintiff's legal conclusion, to which no response is required.  To the extent a response is deemed required, Defendants admit that the Individual Defendants, "participated in the management of the Company," were "directly involved in the day-to-day operations of the Company," and were "privy to [certain] confidential proprietary information concerning the Company and its business operations, products, growth, financial statements and financial condition" during their employment with Cadence.  Defendants Fister and Palatnik further admit that they participated in the preparation of the Company's public documents.  Defendant Bushby specifically denies that he participated in the preparation and/or approval of Cadence's public documents or public statements.  Defendants deny that any public statements were knowingly false or intentionally misleading when made.  Except as expressly admitted, Defendants deny the allegations of paragraph 47.

48.     The allegations of paragraph 48 of the Amended Complaint assert legal conclusions and as such require no response.

49.     Defendants Fister and Palatnik admit that they participated in the preparation and/or approval of the Company's public documents.  Defendant Bushby specifically denies that he participated in the preparation and/or approval of Cadence's public documents.  Defendants further deny that any public statements were knowingly false or intentionally misleading when made.  The allegations in the second sentence of paragraph 49 are too vague to require a response, insofar as they purport to speak generically and not with regard to specific documents.  To the extent, if at all, this paragraph contains allegations of fact, such allegations are denied.  To the extent the allegations in

this paragraph refer to Cadence's April 25, 2008 and July 29, 2008 Forms 10-Q, Defendants refer to the referenced Forms 10-Q, which speaks for themselves, and must be read as a whole and in the context of Cadence's public statements.  To the extent this paragraph contains Plaintiff's legal conclusions, no response is required.  Except as expressly admitted, Defendants deny the allegations of paragraph 49.

50.     Defendants admit that the Individual Defendants had access to certain of Cadence's financial and business information during their employment with Cadence.  Except as expressly admitted, Defendants deny the allegations of paragraph 50.

51.      The allegations of paragraph 51 (and its subparagraphs) of the Amended Complaint contain Plaintiff's allegations regarding what Plaintiff's claimed "confidential witness" sources allegedly told Plaintiff, its attorneys, or its agents.  Defendants lack information and belief to admit or deny the confidential witnesses' alleged positions and responsibilities, and whether they actually made the alleged assertions, and deny the allegations on that basis.

52.     Defendants admit that the Company hosted a conference call following the release of its 1Q08 financial results, and that various analyst reports regarding Cadence's financial results were released after the conference call.  Except as expressly admitted, Defendants deny the allegations of paragraph 52.

53.     The allegations of paragraph 53 of the Amended Complaint refer to the Company's April 23, 2008 press release.  Defendants admit that paragraph 53 contains an accurate quotation from a portion of the referenced press release, which speaks for itself, and must be read as a whole and in the context of Cadence's public statements.  Defendants deny that any statements about the Company's revenue were knowingly false or intentionally misleading when made.  Except as expressly admitted, Defendants deny the allegations of paragraph 53.

54.     The allegations of paragraph 54 of the Amended Complaint refer to the Company's April 23, 2008 press release, which speaks for itself, and must be read as a whole and in the context of Cadence's public statements.  Defendants admit that the revenue and earnings reported in the referenced press release met Wall Street expectations for the quarter.

Gibson, Dunn &
Crutcher LLP

DEFENDANTS' ANSWER TO FIRST AMENDED COMPLAINT                    CASE NO. C-08-4966

55.     The allegations of paragraph 55 of the Amended Complaint refer to the Company's April 23, 2008 press release.  Defendants deny that they (or any one of them) "assured" investors the matters set forth in this paragraph.  Defendants admit that paragraph 55 contains an accurate quotation from a portion of the referenced press release, which speaks for itself, and must be read as a whole and in the context of Cadence's public statements.  Except as expressly admitted, Defendants deny the allegations of paragraph 55.

56.     The allegations of paragraph 56 of the Amended Complaint refer to the transcript of Cadence's April 23, 2008 1Q08 earnings conference call.  Defendants deny that they (or any one of them) "assured" investors of the matters set forth in this paragraph.  Defendants admit that paragraph 56 contains an accurate quotation from a portion of the referenced transcript, which speaks for itself, and must be read as a whole and in the context of Cadence's public statements.  Defendants Fister and Porter further and specifically deny that any of the statements made during the referenced conference call were knowingly false or intentionally misleading when made.  Defendants further and specifically deny the allegation or implication that Defendants Palatnik or Bushby made any statements during the referenced conference call.  Except as expressly admitted, Defendants deny the allegations of paragraph 56.

57.     Defendants Palatnik and Cadence admit that the Company's upfront recognition of $24.8 million in revenue in 1Q08 was later determined to be incorrect and not in conformity with GAAP or the Company's revenue recognition policies, and that it was later restated.  Defendants Palatnik and Cadence specifically deny that any revenue recognition or financial reporting errors were knowingly made.  Defendants Fister, Porter, and Bushby lack knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of this paragraph and deny the allegations on that basis (except that they are informed and believe that, on December 11, 2008, Cadence filed Forms 10-Q/A for the first and second quarters of 2008, in which Cadence restated its financial statements for those quarters, and that the circumstances and effect of the restatement are stated in Cadence's Forms 10-Q/A and December 10, 2008 press release).  The allegations in the last sentence of this paragraph reference statements made during Cadence's April 23, 2008 1Q08 earnings conference call.  In response to these allegations, Defendants deny that they

(or any one of them) "assured" investors of the matters set forth in this paragraph, and refer to the transcript, which speaks for itself, and must be read as a whole and in the context of Cadence's public statements. Defendants Fister and Porter further and specifically deny that any of the statements made during the referenced conference call were knowingly false or intentionally misleading when made. Defendants further and specifically deny the allegation or implication that Defendants Palatnik or Bushby made any statements during the referenced conference call. Except as expressly admitted, Defendants deny the allegations of paragraph 57.

58.     The allegations of paragraph 58 of the Amended Complaint refer to the transcript of Cadence's April 23, 2008 1Q08 earnings conference call. Defendants admit that that paragraph 58 contains an accurate quotation from portions of the transcript, which speaks for itself, and must be read as a whole and in the context of Cadence's public statements. Defendants Fister and Porter specifically deny that any of the statements made during the referenced conference call were knowingly false or intentionally misleading when made. Defendants further and specifically deny the allegation or implication that Defendants Palatnik or Bushby made any statements during the referenced conference call. Except as expressly admitted, Defendants deny the allegations of paragraph 58.

59.     Defendants admit that the Company issued a press release on April 23, 2008 and that this press release announced that Defendant Palatnik would succeed Defendant Porter as the Company's Chief Financial Officer. Defendants admit that paragraph 59 contains an accurate quotation from a portion of the referenced press release, which speaks for itself, and must be read as a whole and in the context of Cadence's public statements. Except as expressly admitted, Defendants deny the allegations of paragraph 59.

60.     The allegations of paragraph 60 of the Amended Complaint refer to various analyst reports. Defendants admit that paragraph 60 contains an accurate quotation from a portion of one of the referenced reports, all of which speak for themselves, and must be read as a whole. Except as expressly admitted, Defendants deny the allegations of paragraph 60.

61.     The allegations of paragraph 61 of the Amended Complaint refer to a report issued by Needham & Co. on April 24, 2008. Defendants admit that paragraph 61 contains an accurate

Gibson, Dunn & Crutcher LLP

quotation from a portion of the referenced report, which speaks for itself and must be read as a whole. Except as expressly admitted, Defendants deny the allegations of paragraph 61.

62.     The allegations of paragraph 62 of the Amended Complaint refer to a report issued by JPMorgan Chase & Co. on April 24, 2008.  Defendants admit that paragraph 62 contains an accurate quotation from a portion of the referenced report, which speaks for itself and must be read as a whole. Except as expressly admitted, Defendants deny the allegations of paragraph 62.

63.     Defendants admit that Cadence's stock closed between $9.59 per share and $11.67 per share between April 23, 2008 and July 23, 2008.  Defendants deny that the Company's financial statements and forecasts regarding revenue and earnings results were knowingly false or intentionally misleading when made.  Except as expressly admitted, Defendants deny the allegations of paragraph 63.

64.     Defendants Palatnik and Cadence admit that the Company's upfront recognition of $24.8 million in revenue in 1Q08 was later determined to be incorrect.  Defendants Fister, Porter, and Bushby are informed and believe, and Defendants Palatnik and Cadence further admit, that Cadence restated its 1Q08 financial statements, and that the effects of the restatement, including the impact of the restatement on 1Q08 revenue, net income and earnings per share, was disclosed in Cadence's press release dated December 10, 2008 and Form 10-Q/A filed on December 11, 2008.  Except as expressly admitted, Defendants deny the allegations of paragraph 64.

65.     The allegations in paragraph 65 of the Amended Complaint are denied.

66.     Defendants admit that, on April 25, 2008, Cadence filed with the SEC a Form 10-Q, signed by Messrs. Fister and Palatnik, which speaks for itself, and must be read as a whole and in the context of Cadence's public statements.  Defendants deny that the revenue and earnings results reported in the referenced Form 10-Q were knowingly false or intentionally misleading when made. Except as expressly admitted, Defendants deny the allegations of paragraph 66.

67.     The allegations of paragraph 67 of the Amended Complaint refer to Cadence's April 25, 2008 Form 10-Q.  Defendants admit that paragraph 67 contains an accurate quotation from a portion of the referenced Form 10-Q, which speaks for itself, and must be read as a whole and in the context of Cadence's public statements.  Defendants deny that the description of the Company's

internal controls in the referenced Form 10-Q was knowingly false or intentionally misleading when made.  Except as expressly admitted, Defendants deny the allegations of paragraph 67.

68.    Defendants admit the allegations of paragraph 68, except Defendants Fister and Palatnik deny that their Sarbanes-Oxley certifications were knowingly false or intentionally misleading when made.

69.    The allegations of paragraph 69 of the Amended Complaint refer to correspondence between the SEC, the Company, and the Company's counsel.  Defendants admit that paragraph 69 contains an accurate quotation from a portion of the referenced correspondence, which speaks for itself, and must be read as a whole and in the context of Cadence's public statements.  Except as expressly admitted, Defendants deny the allegations of paragraph 69.

70.    The allegations of the first sentence of paragraph 70 of the Amended Complaint are denied.  The allegations of the second sentence of paragraph 70 refer to Cadence's Form 10-K filed on February 26, 2008.  Defendants admit that this sentence contains an accurate quotation from a portion of the referenced Form 10-K, which must be read as a whole and in the context of Cadence's public statements.  Except as expressly admitted, Defendants deny the allegations of paragraph 70.

71.    The allegations of paragraph 71 of the Amended Complaint contain Plaintiff's legal conclusions, to which no response is required.  To the extent a response is deemed required, Defendants deny the allegations in paragraph 71.  *See also* 03/02/10 Order Denying Cadence's Motion to Dismiss First Amended Complaint, at p. 20 n.10.

72.    The allegations of the first sentence of paragraph 72 of the Amended Complaint are denied.

(a)    Defendants Palatnik and Cadence admit that, based on the facts as they eventually came to be known, a term license arrangement executed during the first quarter and a subscription license arrangement executed during the third quarter were determined to collectively represent a multiple element arrangement, and that the Company's upfront recognition of $24.8 million in revenue in 1Q08 was later determined to be incorrect and not in conformity with GAAP. Defendants Fister, Porter, and Bushby lack knowledge or information sufficient to form a belief as to the truth of the allegations in this subparagraph and deny the allegations on that basis (except that

Gibson, Dunn & Crutcher LLP

1   they are informed and believe that, on December 11, 2008, Cadence filed Form 10-Q/A for the first

2   quarter of 2008, in which Cadence restated its financial statements for that quarters, and that the

3   circumstances and effect of the restatement are stated in Cadence's Form 10-Q/A and December 10,

4   2008 press release).  Defendants deny that, at the time the initial revenue recognition judgments were

5   made, they (or any one of them) knew at the time the initial revenue recognition determinations were

6   made or when Cadence's Forms 10-Q for the first and second quarters of 2008 were filed, the facts

7   that, when later discovered, rendered the upfront revenue recognition incorrect and not in conformity

8   with GAAP.  Except as expressly admitted, Defendants deny the remaining allegations of

9   subparagraph (a).

10           (b)    Defendants admit that this subparagraph contains accurate quotations from

11  portions of a December 10, 2008 press release, which speaks for itself, and must be read as a whole

12  and in the context of Cadence's public statements.  Defendants deny the remainder of this

13  subparagraph (b).

14           (c)    Defendants admit that this subparagraph contains an accurate quotation from a

15  portion of the transcript of an August 7, 2008 conference call at the RBC Capital Markets 2008

16  Technology, Media & Communications Conference, which speaks for itself, and must be read as a

17  whole and in the context of Cadence's public statements.  Defendant Palatnik specifically denies that

18  any of the statements made during the referenced conference call were knowingly false or

19  intentionally misleading when made.  Defendants further and specifically deny the allegation or

20  implication that Defendants Fister, Porter, or Bushby made any statements during the referenced

21  conference call, and deny the remainder of this subparagraph (c).

22           (d)    Defendants admit that this subparagraph contains an accurate quotation from a

23  portion of the Cadence's December 10, 2008 Forms 10-Q/A for the first and second quarters of 2008,

24  which speak for themselves, and must be read as a whole and in the context of Cadence's public

25  statements.  Defendants deny the remainder of this subparagraph (d).

26           (e)    Defendants admit that Cadence's 1Q08 revenue forecast was $280-$290

27  million in revenue, ($0.04)-($0.06) diluted earnings per share, and $0.03-$0.05 in diluted earnings per

28  share using the non-GAAP measure defined in Cadence's revenue forecast.  Defendants Fister,

Porter, and Bushby are informed and believe, and Defendants Palatnik and Cadence further admit, that Cadence restated its 1Q08 financial statements, and that the circumstances and effect of the restatement, including the impact of the restatement on 1Q08 revenue, net income and earnings per share, was disclosed in Cadence's press release dated December 10, 2008 and Form 10-Q/A filed on December 11, 2008.  The allegations in the last sentence of this subparagraph (e) refer to remarks by a Former SEC Chairman, to which no response is required.  To the extent a response is deemed required, the allegations are denied for lack of knowledge or information sufficient to form a belief as to their truth, except to refer to the transcript of the referenced remarks, which speaks for itself and should be read as a whole.  Defendants deny the remaining allegations of subparagraph (e).

(f)     Defendants admit that the $24.8 million originally recognized in the first quarter of 2008 was the largest transaction recognized that quarter.  The allegations of footnote 8 of this subparagraph refer to the Court's September 11, 2009 Order granting Defendants' motion to dismiss and Cadence's Form 10-Q/A for the first quarter of 2008.  Defendants admit that footnote 8 of this subparagraph contains an accurate quotation from a portion of the referenced Form 10-Q/A, which speaks for itself, and must be read as a whole and in the context of Cadence's public statements.  Defendants deny the allegations in the second sentence of this subparagraph.  The allegations in the last sentence of this subparagraph (f) contain Plaintiff's legal conclusions and quotation of a regulation, to which no response is required.  To the extent a response is deemed required, Defendants deny the allegations in the last sentence of this subparagraph (f), except to refer to the referenced regulation, which speaks for itself and should be read as a whole.  Except as expressly admitted, Defendants deny the allegations of paragraph 72.

73.     The allegations of the first sentence of paragraph 73 refer to a portion of Cadence's April 25, 2008 Form 10-Q for the first quarter of 2008, which speaks for itself, and must be read as a whole and in the context of Cadence's public statements.  The second sentence of this paragraph contains Plaintiff's legal conclusions and characterizations of Regulation S-K, Item 101 § 229.101(c)(vii), to which no response is required.  To the extent a response is deemed required, Defendants admit that they did not disclose the name of the referenced customer and refer to the

1   referenced regulation, which speaks for itself and must be read as a whole.  The allegations in the

2   third sentence of this paragraph are denied.

3           (a)        Defendants Fister, Porter, and Bushby are informed and believe, and

4   Defendants Palatnik and Cadence admit, that Cadence restated its 1Q08 financial statements, and the

5   effects of the restatement, including the impact of the restatement on 1Q08 revenue, net income and

6   earnings per share, was disclosed in Cadence's press release dated December 10, 2008 and Form 10-

7   Q/A filed on December 11, 2008.  Except as expressly admitted, Defendants deny the allegations of

8   this subparagraph (a).

9           74.     The allegations of paragraph 74 (and its subparagraphs) of the Amended Complaint

10  contain Plaintiff's allegations regarding what Plaintiff's claimed "confidential witness" sources

11  allegedly told Plaintiff, its attorneys, or its agents.  Defendants lack information and belief to admit or

12  deny the confidential witnesses' alleged positions and responsibilities, and whether the confidential

13  witnesses actually made the assertions alleged in this paragraph, and, except as expressly admitted

14  below, deny each and every allegation contained therein on that basis.

15          Defendants Fister, Porter, and Bushby are informed and believe, and Defendants Palatnik and

16  Cadence further admit, that Cadence restated its 1Q08 financial statements, and the effects of the

17  restatement, including the impact of the restatement on 1Q08 revenue, net income and earnings per

18  share, was disclosed in Cadence's press release dated December 10, 2008 and Form 10-Q/A filed on

19  December 11, 2008.  In response to the allegations of subparagraph (h) of this paragraph, Defendants

20  refer to the referenced article, which speaks for itself and should be read as a whole.  Except as

21  expressly admitted, Defendants deny the allegations of this subparagraph (h).

22          75.     The allegations of paragraph 75 (and its subparagraphs) of the Amended Complaint

23  contain Plaintiff's allegations regarding what Plaintiff's claimed "confidential witness" sources

24  allegedly told Plaintiff, its attorneys, or its agents.  Defendants lack information and belief to admit or

25  deny the confidential witnesses' alleged positions and responsibilities, and whether the confidential

26  witnesses actually made the assertions alleged in this paragraph, and, except as expressly admitted

27  below, deny each and every allegation contained therein on that basis.  Defendants specifically deny

28  that they (or any one of them) knew or were deliberately reckless in not knowing that the 1Q08

Gibson, Dunn &
Crutcher LLP

1   transaction was not a term agreement, but instead a subscription agreement requiring ratably revenue

2   recognition.

3           (a)     Defendants lack information and belief to admit or deny CW8's alleged

4   position and responsibilities, and whether CW8 actually made the assertions alleged in this

5   subparagraph, and deny each and every allegation contained therein on that basis.  The allegations in

6   this subparagraph (a) are further denied for lack of knowledge or information sufficient to form a

7   belief as to their truth, insofar as they purport to speak generically and not with regard to specific

8   contracts, contract approvals, revenue recognition determinations, or sales negotiations.

9           (b)     Defendants lack information and belief to admit or deny whether CW8 actually

10  made the assertions alleged in this subparagraph, and deny each and every allegation contained

11  therein on that basis.  The allegations in this subparagraph (b) are further denied for lack of

12  knowledge or information sufficient to form a belief as to their truth, insofar as they purport to speak

13  generically and not with regard to specific contracts, contract approvals, revenue recognition

14  determinations, or sales negotiations.

15          (c)     Defendants lack information and belief to admit or deny CW2's alleged

16  position and responsibilities, and whether CW2 actually made the assertions alleged in this

17  subparagraph, and, except as expressly admitted herein, deny each and every allegation contained

18  therein on that basis.  The allegations in this subparagraph (c) are further denied for lack of

19  knowledge or information sufficient to form a belief as to their truth, insofar as they purport to speak

20  generically and not with regard to specific contracts, contract approvals, revenue recognition

21  determinations, or sales negotiations.

22          (d)     Defendants lack information and belief to admit or deny CW2's alleged

23  position and responsibilities, and whether CW2 actually made the assertions alleged in this

24  subparagraph, and deny each and every allegation contained therein on that basis.  The allegations in

25  this subparagraph (d) are further denied for lack of knowledge or information sufficient to form a

26  belief as to their truth, insofar as they purport to speak generically and not with regard to specific

27  contracts, contract approvals, revenue recognition determinations, or sales negotiations.

28

Gibson, Dunn &
Crutcher LLP

DEFENDANTS' ANSWER TO FIRST AMENDED COMPLAINT        CASE NO. C-08-4966

1          (e)      Defendants lack information and belief to admit or deny CW6's alleged

2 position and responsibilities, and whether CW6 actually made the assertions alleged in this

3 subparagraph, and deny each and every allegation contained therein on that basis.  The allegations in

4 this subparagraph (e) are further denied for lack of knowledge or information sufficient to form a

5 belief as to their truth, insofar as they purport to speak generically and not with regard to specific

6 contracts or revenue recognition determinations.

7          (f)      Defendants lack information and belief to admit or deny CW3's alleged

8 position and responsibilities, and whether CW3 actually made the assertions alleged in this

9 subparagraph, and, except as expressly admitted herein, deny each and every allegation contained

10 therein on that basis.  The allegations in this subparagraph (f) are further denied for lack of

11 knowledge or information sufficient to form a belief as to their truth, insofar as they purport to speak

12 generically and not with regard to specific contracts, contract approvals, revenue recognition

13 determinations, or sales negotiations

14          (g)      Defendants lack information and belief to admit or deny CW12's alleged

15 position, expertise, and basis for knowledge, and whether CW12 actually made the assertions alleged

16 in this subparagraph, and deny each and every allegation contained therein on that basis.

17          (h)      Defendants lack information and belief to admit or deny CW12's alleged

18 position, expertise, and basis for knowledge, and whether CW12 actually made the assertions alleged

19 in this subparagraph, and deny each and every allegation contained therein on that basis

20          (i)      Defendants lack information and belief to admit or deny CW15's alleged

21 position and responsibilities, and whether CW15 actually made the assertions alleged in this

22 subparagraph, and deny each and every allegation contained therein on that basis.  The allegations in

23 this subparagraph (i) are further denied for lack of knowledge or information sufficient to form a

24 belief as to their truth, insofar as they purport to speak generically and not with regard to specific

25 contracts, contract approvals, or sales negotiations.

26          (j)      Defendants lack information and belief to admit or deny CW4's alleged

27 position and responsibilities, and whether CW4 actually made the assertions alleged in this

28 subparagraph, and deny each and every allegation contained therein on that basis.  The allegations in

Gibson, Dunn &
Crutcher LLP

this subparagraph (j) are further denied for lack of knowledge or information sufficient to form a belief as to their truth, insofar as they purport to speak generically and not with regard to specific contracts, contract approvals, revenue recognition determinations, or sales negotiations.

(k)     Defendants lack information and belief to admit or deny CW1's alleged position and responsibilities, and whether CW1 actually made the assertions alleged in this subparagraph, and deny each and every allegation contained therein on that basis.  The allegations in this subparagraph (k) are further denied for lack of knowledge or information sufficient to form a belief as to their truth, insofar as they purport to speak generically and not with regard to specific contracts, contract approvals, or sales negotiations.

(l)     Defendants lack information and belief to admit or deny CW7's alleged position and responsibilities, and whether CW7 actually made the assertions alleged in this subparagraph, and deny each and every allegation contained therein on that basis.  The allegations in this subparagraph (l) are further denied for lack of knowledge or information sufficient to form a belief as to their truth, insofar as they purport to speak generically and not with regard to specific contracts, contract approvals, revenue recognition determinations, or sales negotiations.

(m)     Defendants lack information and belief to admit or deny CW7's alleged position and responsibilities, and whether CW7 actually made the assertions alleged in this subparagraph, and deny each and every allegation contained therein on that basis.  The allegations in this subparagraph (m) are further denied for lack of knowledge or information sufficient to form a belief as to their truth, insofar as they purport to speak generically and not with regard to specific contracts, contract approvals, revenue recognition determinations, or sales negotiations.  In addition, the allegations of this subparagraph (m) are too vague to require a response, but to the extent, if at all, this subparagraph contains allegations of fact, such allegations are denied.

76.     The allegations of paragraph 76 of the Amended Complaint are denied, except that the Individual Defendants admit that, during their employment with Cadence, they had access to Cadence's forecasting, bookings and financial reporting systems, and were generally aware of analyst expectations for the Company, as well as the Company's projected bookings and revenue.

Gibson, Dunn &
Crutcher LLP

77.     The allegations of paragraph 77 of the Amended Complaint reference Cadence's 1Q08 earnings conference call.  Defendants admit that paragraph 77 contains an accurate quotation from a portion of the transcript for the referenced conference call, which speaks for itself, and must be read as a whole and in the context of Cadence's public statements.  Defendants Fister and Porter specifically deny that any of the statements made during the referenced conference call were knowingly false or intentionally misleading when made.  Defendants further and specifically deny the allegation or implication that Defendants Palatnik or Bushby made any statements during the referenced conference call.  Except as expressly admitted, Defendants deny the allegations of paragraph 77.

78.     The allegations of paragraph 78 (and its subparagraphs) contain Plaintiff's allegations regarding what Plaintiff's claimed "confidential witness" sources allegedly told Plaintiff, its attorneys, or its agents.  Defendants lack information and belief to admit or deny the confidential witnesses' alleged positions and responsibilities, and whether the confidential witnesses actually made the assertions alleged in this paragraph, and, except as expressly admitted below, deny each and every allegation contained therein on that basis.

(a)     Defendants lack information and belief to admit or deny CW10's alleged position and responsibilities, and whether CW10 actually made the assertions alleged in this subparagraph, and deny each and every allegation contained therein on that basis.  The allegations in this subparagraph (a) are further denied for lack of knowledge or information sufficient to form a belief as to their truth, insofar as they purport to speak generically and not with regard to specific contracts, revenue and sales policies, or sales negotiations.  In addition, the allegations of this subparagraph (a) are too vague to require a response, but to the extent, if at all, this subparagraph contains allegations of fact, such allegations are denied.

(b)     Defendants lack information and belief to admit or deny CW9's alleged position and responsibilities, and whether CW9 actually made the assertions alleged in this subparagraph, and deny each and every allegation contained therein on that basis.  The allegations in this subparagraph (b) are further denied for lack of knowledge or information sufficient to form a belief as to their truth, insofar as they purport to speak generically and not with regard to specific

Gibson, Dunn &
Crutcher LLP

contracts, revenue and sales policies, contract renewals, or sales negotiations.  In addition, the allegations in the first, third, and fourth sentences of this subparagraph (b) are too vague to require a response, but to the extent, if at all, this subparagraph contains allegations of fact, such allegations are denied.

(c)     Defendants lack information and belief to admit or deny CW3's alleged position and responsibilities, and whether CW3 actually made the assertions alleged in this subparagraph, and deny each and every allegation contained therein on that basis.  The allegations in this subparagraph (b) are further denied for lack of knowledge or information sufficient to form a belief as to their truth, insofar as they purport to speak generically and not with regard to specific contracts, revenue and sales policies, contract renewals, or sales negotiations.

(d)     Defendants lack information and belief to admit or deny CW5's alleged position and responsibilities, and whether CW5 actually made the assertions alleged in this subparagraph, and deny each and every allegation contained therein on that basis.  In addition, the allegations of the first sentence of this subparagraph (d) are too vague to require a response, but to the extent, if at all, this subparagraph contains allegations of fact, such allegations are denied.

(e)     Defendants lack information and belief to admit or deny CW13's alleged position and responsibilities, and whether CW13 actually made the assertions alleged in this subparagraph, and deny each and every allegation contained therein on that basis.  The allegations in this subparagraph (e) are further denied for lack of knowledge or information sufficient to form a belief as to their truth, insofar as they purport to speak generically and not with regard to specific contracts, revenue and sales policies, contract renewals, or sales negotiations.  In addition, the allegations of this subparagraph (e) are too vague to require a response, but to the extent, if at all, this subparagraph contains allegations of fact, such allegations are denied.

(f)     Defendants lack information and belief to admit or deny CW14's alleged position and responsibilities, and whether CW14 actually made the assertions alleged in this subparagraph, and deny each and every allegation contained therein on that basis.  The allegations in this subparagraph (f) are further denied for lack of knowledge or information sufficient to form a belief as to their truth, insofar as they purport to speak generically and not with regard to specific

Gibson, Dunn & Crutcher LLP

contracts, revenue and sales policies, contract renewals, or sales negotiations.  In addition, the allegations of the third and fourth sentences of this subparagraph (f) are too vague to require a response, but to the extent, if at all, this subparagraph contains allegations of fact, such allegations are denied.

       (g)    Defendants lack information and belief to admit or deny whether CW14 actually made the assertions alleged in this subparagraph, and deny each and every allegation contained therein on that basis.

       (h)    Defendants lack information and belief to admit or deny whether CW14 actually made the assertions alleged in this subparagraph, and deny each and every allegation contained therein on that basis.  The allegations in this subparagraph (h) are further denied for lack of knowledge or information sufficient to form a belief as to their truth, insofar as they purport to speak generically and not with regard to specific contracts, revenue and sales policies, contract renewals, or sales negotiations.  In addition, the allegations of the second sentence of this subparagraph (h) are too vague to require a response, but to the extent, if at all, this subparagraph contains allegations of fact, such allegations are denied.

       (i)    Defendants lack information and belief to admit or deny whether CW14 actually made the assertions alleged in this subparagraph, and deny each and every allegation contained therein on that basis.  The allegations in this subparagraph (i) are further denied for lack of knowledge or information sufficient to form a belief as to their truth, insofar as they purport to speak generically and not with regard to specific contracts, revenue and sales policies, contract renewals, sales negotiations, or telephone calls.

       (j)    Defendants lack information and belief to admit or deny whether CW14 actually made the assertions alleged in this subparagraph, and, except as expressly admitted herein, deny each and every allegation contained therein on that basis.  The allegations in this subparagraph (j) are further denied for lack of knowledge or information sufficient to form a belief as to their truth, insofar as they purport to speak generically and not with regard to specific contracts, revenue and sales policies, contract renewals, or sales negotiations.  In addition, the allegations of the first,

second, and third sentences of this subparagraph (j) are too vague to require a response, but to the extent, if at all, this subparagraph contains allegations of fact, such allegations are denied.

(k) Defendants lack information and belief to admit or deny whether CW5 actually made the assertions alleged in this subparagraph, and deny each and every allegation contained therein on that basis.

(l) Defendants lack information and belief to admit or deny CW1's alleged position and responsibilities, and whether CW1 actually made the assertions alleged in this subparagraph, and deny each and every allegation contained therein on that basis.

(m) Defendants lack information and belief to admit or deny CW11 and CW14's alleged positions and responsibilities, and whether CW11 and CW14 actually made the assertions alleged in this subparagraph, and deny each and every allegation contained therein on that basis. The allegations in this subparagraph (m) are further denied for lack of knowledge or information sufficient to form a belief as to their truth, insofar as they purport to speak generically and not with regard to specific contracts or revenue recognition determinations. In addition, the allegations of the third and last sentences of this subparagraph (m) are too vague to require a response, but to the extent, if at all, this subparagraph contains allegations of fact, such allegations are denied.

79. Defendants lack information and belief to admit or deny allegations made by unnamed witnesses, and whether these witnesses actually made the assertions in the first sentence of this paragraph, and deny the allegations on that basis. The allegations of the first sentence of paragraph 79 of the Amended Complaint are further denied for lack of knowledge or information sufficient to form a belief as to their truth, insofar as they purport to speak generically and not with regard to specific contracts or revenue recognition determinations. In addition, the allegations of the first sentence of this paragraph are too vague to require a response, but to the extent, if at all, this the first sentence of this paragraph contains allegations of fact, such allegations are denied.

(a) Defendants lack information and belief to admit or deny whether CW1, CW2, and CW6 actually made the assertions alleged in this subparagraph, and deny each and every allegation contained therein on that basis. The allegations in this subparagraph (a) are further denied for lack of knowledge or information sufficient to form a belief as to their truth, insofar as they

DEFENDANTS' ANSWER TO FIRST AMENDED COMPLAINT CASE NO. C-08-4966

1  purport to speak generically and not with regard to specific contracts, customers, or sales

2  negotiations.  In addition, the allegations of this subparagraph (a) are too vague to require a response,

3  but to the extent, if at all, this subparagraph contains allegations of fact, such allegations are denied.

4      (b)    Defendants deny the allegations in this subparagraph, except to admit that it

5  contains accurate quotations from portions of the transcripts for the referenced conference calls,

6  which speak for themselves, and must be read as a whole and in the context of Cadence's public

7  statements.  Defendants Fister and Porter further and specifically deny that any of the statements

8  made during the referenced conference calls were knowingly false or intentionally misleading when

9  made.  Defendants further and specifically deny the allegation or implication that Defendants

10  Palatnik or Bushby made any statements during the referenced April 23, 2008 conference call, or that

11  Defendants Palatnik, Porter, or Bushby made any statements during the referenced March 3, 2008

12  conference call.  The remaining allegations in this subparagraph (b) are further denied for lack of

13  knowledge or information sufficient to form a belief as to their truth, insofar as they purport to speak

14  generically and not with regard to specific contracts, customers, or sales negotiations.  In addition, the

15  remaining allegations of this subparagraph (b) are too vague to require a response, but to the extent, if

16  at all, the remaining allegations of this subparagraph contains allegations of fact, such allegations are

17  denied.

18      80.    The allegations of paragraph 80 of the Amended Complaint contain various

19  allegations regarding what Plaintiff's claimed "confidential witness" sources allegedly told Plaintiff,

20  its attorneys, or its agents.  Defendants lack information and belief to admit or whether the

21  confidential witnesses actually made the assertions alleged in this paragraph, and, except as expressly

22  admitted below, deny each and every allegation contained therein on that basis.  Defendants

23  specifically deny that they (or any one of them) manipulated Cadence's reported financials, as alleged

24  by Plaintiff.  Defendants admit that Cadence was considering strategic sale and acquisition options in

25  late 2007.  Defendants further admit that Cadence attempted to acquire Mentor Graphics Corporation

26  in 2008.

27      81.    The allegations of paragraph 81 of the Amended Complaint are denied, except for the

28  reference to Cadence's June 16, 2008 Form 8-K, which speaks for itself, and must be read as a whole

1  and in the context of Cadence's public statements, and the allegation that Cadence sought to acquire

2  Mentor Graphics and Mentor Graphics rejected Cadence's initial bid, which Defendants admit.

3      82.     The allegations of paragraph 82 of the Amended Complaint refer to the transcript of a

4  May 21, 2008 conference call at the JPMorgan Technology Conference.  Defendants admit that

5  paragraph 82 contains an accurate quotation from a portion of the referenced transcript, which speaks

6  for itself, and must be read as a whole and in the context of Cadence's public statements.  Defendants

7  deny that they (or any one of them) "assured" investors of the matters set forth in this paragraph.

8  Defendants Palatnik and Porter further and specifically deny that any of the statements made during

9  the referenced conference call were knowingly false or intentionally misleading when made.

10  Defendants further and specifically deny the allegation or implication that Defendants Fister or

11  Bushby made any statements during the referenced conference call.  Except as expressly admitted,

12  Defendants deny the allegations of paragraph 82.

13      83.     The allegations of paragraph 83 of the Amended Complaint are denied for lack of

14  knowledge or information sufficient to form a belief as to their truth, except that Defendants admit

15  that Cadence announced its proposal to acquire Mentor Graphics for $16.00 per share on June 17,

16  2008, and Defendants deny that the June 17, 2008 announcement indicated that Cadence might pay

17  for Mentor Graphics with cash by raising debt.

18      84.     The allegations of paragraph 84 of the Amended Complaint refer to a report issued by

19  Cowen & Company on June 18, 2008.  Defendants admit that paragraph 84 contains an accurate

20  quotation from a portion of the referenced report, which speaks for itself and must be read as a whole.

21  Except as expressly admitted, Defendants deny the allegations of paragraph 84.

22      85.     The allegations of paragraph 85 of the Amended Complaint refer to a June 18, 2008

23  article.  Defendants admit that paragraph 85 contains an accurate quotation from a portion of the

24  referenced article, which speaks for itself and must be read as a whole.  Except as expressly admitted,

25  Defendants deny the allegations of paragraph 85.

26      86.     The allegations of paragraph 86 of the Amended Complaint are denied, except

27  Defendants admit that Cadence and Mentor Graphics and their respective advisors agreed to meet on

28  August 15, 2008 to discuss Cadence's proposed acquisition of Mentor Graphics.

87.     The allegations of paragraph 87 of the Amended Complaint refer to a July 23, 2008 press release.  Defendants admit that paragraph 87 contains an accurate quotation from a portion of the referenced press release, which speaks for itself, and must be read as a whole and in the context of Cadence's public statements.  Defendants specifically deny that any of the statements in the referenced press release were knowingly false or intentionally misleading when made, and further deny that Defendants (or any one of them) knew but failed to disclose that Cadence had improperly recorded revenue in violation of GAAP and SOP 97-2.  Except as expressly admitted, Defendants deny the allegations of paragraph 87.

88.     The allegations of paragraph 88 of the Amended Complaint are denied, except that Defendants admit that Fister and Palatnik participated in Cadence's conference call for 2Q08 on July 23, 2008.  Defendants Fister and Palatnik further and specifically deny that any of the statements made during the referenced conference call were knowingly false or intentionally misleading when made.  Defendants further and specifically deny the allegation or implication that Defendants Porter or Bushby made any statements during the referenced conference call.  Except as expressly admitted, Defendants deny the allegations of paragraph 88.

89.     The allegations of paragraph 89 of the Amended Complaint are denied, except that Defendants admit that Cadence filed its Form 10-Q for the second quarter of 2008 on July 23, 2008, reporting $329 million in revenue and $0.02 in diluted earnings per share on a GAAP basis.  Defendants specifically deny that the revenue and earnings results reported in the referenced 10-Q were knowingly false or intentionally misleading when made.

90.     The allegations in the first sentence of paragraph 90 of the Amended Complaint are denied for lack of knowledge or information sufficient to form a belief as to their truth.  The remainder of this paragraph refers to disclosures made in Cadence's Form 10-Q for the second quarter of 2008, filed on July 29, 2008, which speaks for itself, and must be read as a whole and in the context of Cadence's public statements.

(a)     Defendants admit that, in July 2008, Cadence reduced its FY08 earnings forecast from approximately $1.5 billion to approximately $1.1 billion.  Defendants deny the remaining allegations in this subparagraph, and specifically deny that they (or any one of them)

1   "assured" investors of the matters set forth in this paragraph, except to refer to the referenced

2   disclosures in Cadence's Form 10-Q for the second quarter of 2008, filed on July 29, 2008, which

3   speak for themselves, and must be read as a whole and in the context of Cadence's public statements.

4   Except as expressly admitted, Defendants deny the allegations of this subparagraph.

5           (b)     Defendants admit that Defendant Palatnik announced a change in the

6   Company's revenue mix to 90% subscription and 10% term during a July 23, 2008 earnings

7   conference call.  Defendants deny the remaining allegations in this subparagraph, except to refer to

8   the transcript of the referenced conference call, which speaks for itself, and must be read as a whole

9   and in the context of Cadence's public statements.  Defendants Fister and Palatnik further and

10  specifically deny that any of the statements made during the referenced conference call were

11  knowingly false or intentionally misleading when made.  Defendants further and specifically deny the

12  allegation or implication that Defendants Porter or Bushby made any statements during the

13  referenced conference call.  Except as expressly admitted, Defendants deny the allegations of this

14  subparagraph.

15          91.     The allegations of the first sentence of paragraph 91 of the Amended Complaint

16  characterize a portion of the transcript of Cadence's July 23, 2008 earnings conference call, which

17  speaks for itself, and must be read as a whole and in the context of Cadence's public statements.

18  Defendants deny the allegations in the second sentence of this paragraph.  Defendants admit that the

19  third sentence of this paragraph contains an accurate quotation from a portion of the referenced

20  transcript, which speaks for itself, and must be read as a whole and in the context of Cadence's public

21  statements.  Defendants Fister and Palatnik further and specifically deny that any of the statements

22  made during the referenced conference call were knowingly false or intentionally misleading when

23  made.  Defendants further and specifically deny the allegation or implication that Defendants Porter

24  or Bushby made any statements during the referenced conference call.  Except as expressly admitted,

25  Defendants deny the allegations of paragraph 91.

26          92.     The allegations of paragraph 92 of the Amended Complaint are denied, except to refer

27  to the referenced transcript, which speaks for itself, and must be read as a whole and in the context of

28  Cadence's public statements.  Defendants Fister and Palatnik further and specifically deny that any of

the statements made during the referenced conference call were knowingly false or intentionally misleading when made.  Defendants further and specifically deny the allegation or implication that Defendants Porter and Bushby made any statements during the referenced conference call.  Except as expressly admitted, Defendants deny the allegations of paragraph 92.

93.     The allegations of paragraph 93 of the Amended Complaint refer to the transcript of Cadence's July 23, 2008 earnings conference call.  Defendants admit that paragraph 93 contains an accurate quotation from a portion of the referenced transcript, which speaks for itself, and must be read as a whole and in the context of Cadence's public statements.  Defendants Fister and Palatnik specifically deny that any of the statements made during the referenced conference call were knowingly false or intentionally misleading when made.  Defendants further and specifically deny the allegation or implication that Defendants Porter or Bushby made any statements during the referenced conference call.  Except as expressly admitted, Defendants deny the allegations of paragraph 93.

94.     The allegations of the first sentence of paragraph 94 of the Amended Complaint are denied for lack of knowledge or information sufficient to form a belief as to their truth, except to admit that that this sentence contains an accurate quotation from a portion of the referenced transcript, which speaks for itself, and must be read as a whole and in the context of Cadence's public statements.  Defendants Fister and Palatnik further and specifically deny that any of the statements made during the referenced conference call were knowingly false or intentionally misleading when made.  Defendants further and specifically deny the allegation or implication that Defendants Porter or Bushby made any statements during the referenced conference call.  Except as expressly admitted, Defendants deny the allegations of paragraph 94.

95.     The allegations of paragraph 95 of the Amended Complaint are too vague to require a response, and are denied on that basis, except that Defendants refer to the transcript to which this paragraph appears to refer, which speaks for itself, and must be read as a whole and in the context of Cadence's public statements.  Defendants Palatnik and Fister further and specifically deny that any of the statements made during the referenced conference call were knowingly false or intentionally misleading when made.  Defendants further and specifically deny the allegation or implication that

Gibson, Dunn & Crutcher LLP

Defendants Porter or Bushby made any statements during the referenced conference call.  Except as expressly admitted, Defendants deny the allegations of paragraph 95.

96.     The allegations of paragraph 96 of the Amended Complaint are too vague to require a response, and are denied on that basis, except that Defendants refer to the transcript to which this paragraph refers, which speaks for itself, and must be read as a whole and in the context of Cadence's public statements.  Defendants deny that they (or any one of them) "assured" investors of the matters set forth in this paragraph.  Defendants Palatnik and Fister further and specifically denies that any of the statements made during the referenced conference call were knowingly false or intentionally misleading when made.  Defendants further and specifically deny the allegation or implication that Defendants Porter or Bushby made any statements during the referenced conference call.  Except as expressly admitted, Defendants deny the allegations of paragraph 96.

97.     The allegations of paragraph 97 of the Amended Complaint are too vague to require a response, and are denied on that basis, except that Defendants refer to the transcript to which this paragraph refers, and to admit that this paragraph contains an accurate quotation from a portion of the referenced transcript, which speaks for itself, and must be read as a whole and in the context of Cadence's public statements.  Defendants Palatnik and Fister further and specifically deny that any of the statements made during the referenced conference call were knowingly false or intentionally misleading when made.  Defendants further and specifically deny the allegation or implication that Defendants Porter or Bushby made any statements during the referenced conference call.  Except as expressly admitted, Defendants deny the allegations of paragraph 97.

98.     The allegations of the first sentence of paragraph 98 of the Amended Complaint are denied, except to admit that paragraph 98 contains an accurate quotation from a portion of the referenced transcript, which speaks for itself, and must be read as a whole and in the context of Cadence's public statements.  Defendants Palatnik and Fister further and specifically deny that any of the statements made during the referenced conference call were knowingly false or intentionally misleading when made.  Defendants further and specifically deny the allegation or implication that Defendants Porter or Bushby made any statements during the referenced conference call.  Except as expressly admitted, Defendants deny the allegations of paragraph 98.

Gibson, Dunn & Crutcher LLP

DEFENDANTS' ANSWER TO FIRST AMENDED COMPLAINT                          CASE NO. C-08-4966

99.     This paragraph refers to analyst reports issued on or around July 24, 2008.  Defendants admit that paragraph 99 contains an accurate quotation from a portion of one of the referenced reports, all of which speak for themselves and must be read as a whole.  Except as expressly admitted, Defendants deny the allegations of paragraph 99.

100.     The allegations of paragraph 100 of the Amended Complaint refer to a report issued by Cowen & Company on July 24, 2008.  Defendants admit that paragraph 100 contains an accurate quotation from a portion of the referenced report, which speaks for itself and must be read as a whole.  Except as expressly admitted, Defendants deny the allegations of paragraph 100.

101.     The allegations of paragraph 101 of the Amended Complaint refer to a report issued by Needham & Co. on July 24, 2008.  Defendants admit that paragraph 101 contains an accurate quotation from a portion of the referenced report, which speaks for itself and must be read as a whole.  Except as expressly admitted, Defendants deny the allegations of paragraph 101.

102.     The allegations of the first sentence paragraph 102 of the Amended Complaint are denied, except to admit that Cadence's stock closed at $10.27 per share on July 23, 2008 and $7.11 per share on July 24, 2008.  The allegations in the second sentence are denied for lack of knowledge or information sufficient to form a belief as to their truth, except to refer to the referenced stock market indices, which speak for themselves.  Defendants specifically deny any characterizations inconsistent with these indices.  Defendants further deny the allegations in the third and fourth sentences of this paragraph.

103.     The allegations of paragraph 103 of the Amended Complaint are denied, except to admit that Cadence's revenue and earnings results for the second quarter of 2008 were restated.

104.     The allegations of paragraph 104 of the Amended Complaint are denied, except Defendants Palatnik and Cadence admit that, as part of Cadence's December 2008 restatement, Cadence determined that $12.0 million of revenue originally recognized in the second quarter of 2008, relating to a 2Q08 transaction, in which Cadence concurrently cancelled a subscription arrangement and executed both a term license arrangement and hardware arrangement with a customer, would be recognized ratably over the term of the arrangement.  Specifically, Defendants Palatnik and Cadence admit that Cadence determined that, despite the concurrent cancellation of a

subscription arrangement, the relevant 2Q08 customer did not intend to substantively cancel its right to access future new technology because at the time the subscription license was cancelled the customer intended to re-establish its right to access future new technology at a later time. Defendants Palatnik and Cadence admit that, on December 11, 2008, Cadence filed a Form 10-Q/A for the second quarter of 2008, in which Cadence restated its financial statements for that quarter, and that the circumstances and effect of the restatement are stated in Cadence's Form 10-Q/A and December 10, 2008 press release. Defendants Fister, Porter, and Bushby lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and deny the allegations on that basis (except that they are informed and believe that, on December 11, 2008, Cadence filed Forms 10-Q/A for the first and second quarters of 2008, in which Cadence restated its financial statements for those quarters, and that the circumstances and effect of the restatement are stated in Cadence's Forms 10-Q/A and December 10, 2008 press release). Except as expressly admitted, Defendants deny the allegations of paragraph 104.

105. The allegations of the first sentence of paragraph 105 of the Amended Complaint are denied. With respect to the allegations of the second sentence, Defendants Fister, Porter, and Bushby are informed and believe, and Defendants Palatnik and Cadence admit, that Cadence later restated a 2Q08 transaction.

106. The allegations of paragraph 106 of the Amended Complaint refer to a December 10, 2008 press release. Defendants admit that paragraph 106 contains an accurate quotation from a portion of the referenced press release, which speaks for itself, and must be read as a whole and in the context of Cadence's public statements. Except as expressly admitted, Defendants deny the allegations of paragraph 106.

107. The allegations of paragraph 107 of the Amended Complaint are too vague to require a response, but to the extent, if at all, this paragraph contains allegations of fact, such allegations are denied.

108. The allegations of paragraph 108 of the Amended Complaint are denied except Defendants Fister, Porter, and Bushby are informed and believe, and Defendants Palatnik and Cadence admit, that Cadence restated its 2Q08 revenue to approximately $308 million, below

Cadence's originally projected range of $310 million to $320 million, and to refer to the referenced conference call transcripts, which speak for themselves, and must be read as a whole and in the context of Cadence's public statements.  Defendants Palatnik and Porter specifically deny that any of the statements made during the referenced conference calls were knowingly false or intentionally misleading when made.  Defendants further and specifically deny the allegation or implication that Defendants Fister or Bushby made any statements during the referenced conference calls.  Except as expressly admitted, Defendants deny the allegations of paragraph 108.

109.    The allegations of the first three sentences of paragraph 109 of the Amended Complaint are denied, except Defendants Palatnik and Cadence admit that Cadence sold $18.0 million of the accounts receivable from the 1Q08 transaction to a financing institution for cash during the second quarter of 2008, and that, as part of the December 2008 restatement, Cadence recorded a liability of $18 million due to the financing institution and reported the $18 million as a cash flow from financing activities in Cadence's Form 10-Q/A for the second quarter of 2008.  Defendants Fister, Porter, and Bushby lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and deny the allegations on that basis (except that they are informed and believe that, on December 11, 2008, Cadence filed Forms 10-Q/A for the first and second quarters of 2008, in which Cadence restated its financial statements for those quarters, and that the circumstances and effect of the restatement are stated in Cadence's Forms 10-Q/A and December 10, 2008 press release).  The allegations in the last sentence of this paragraph are denied for lack of knowledge or information sufficient to form a belief as to their truth.

110.    The allegations of paragraph 110 contain Plaintiff's allegations based on information allegedly provided by CW15.  Defendants lack information and belief to admit or deny CW15's alleged position and responsibilities, and whether CW15 actually made the assertions in this subparagraph, and deny the allegations on that basis.

111.    The allegations of paragraph 111 of the Amended Complaint contain various allegations regarding what Plaintiff's claimed "confidential witness" sources allegedly told Plaintiff, its attorneys, or its agents.  Defendants lack information and belief to admit or whether the confidential witnesses actually made the assertions alleged in this paragraph, and deny each and

Gibson, Dunn & Crutcher LLP

38

every allegation contained therein on that basis. The allegations of this paragraph are further denied for lack of knowledge or information sufficient to form a belief as to their truth, insofar as they purport to speak generically and not with regard to specific contracts, contract approvals, or revenue recognition determinations.

112. The allegations of paragraph 112 of the Amended Complaint contain various allegations regarding what Plaintiff's claimed "confidential witness" sources allegedly told Plaintiff, its attorneys, or its agents. Defendants lack information and belief to admit or whether the confidential witnesses actually made the assertions alleged in this paragraph, and, except as expressly admitted below, deny each and every allegation contained therein on that basis. The allegations of this paragraph are further denied for lack of knowledge or information sufficient to form a belief as to their truth, insofar as they purport to speak generically and not with regard to specific contracts, contract approvals, or revenue recognition determinations.

113. The allegations of paragraph 113 of the Amended Complaint contain various allegations regarding what Plaintiff's claimed "confidential witness" sources allegedly told Plaintiff, its attorneys, or its agents. Defendants lack information and belief to admit or whether the confidential witnesses actually made the assertions alleged in this paragraph, and deny each and every allegation contained therein on that basis. The allegations of this paragraph are further denied for lack of knowledge or information sufficient to form a belief as to their truth, insofar as they purport to speak generically and not with regard to specific contracts, contract approvals, or revenue recognition determinations.

114. The Individual Defendants admit that they monitored certain financial and business information of the Company during their employment with Cadence. Except as expressly admitted, Defendants deny the allegations of paragraph 114 of the Amended Complaint, and Defendants specifically deny that they (or any one of them) "assured" investors of the matters set forth in this paragraph.

115. The allegations of the first sentence of paragraph 115 of the Amended Complaint are denied, except that Defendants admit that Cadence filed its Form 10-Q on July 29, 2008, and that this Form 10-Q was signed by Messrs. Fister and Palatnik. The allegations in second sentence are

admitted.  The allegations in the third sentence refer to Cadence's Form 10-Q filed on July 29, 2008. Defendants admit that this sentence contains an accurate quotation from a portion of the referenced Form 10-Q, which speaks for itself, and must be read as a whole and in the context of Cadence's public statements.  Except as expressly admitted, Defendants deny the allegations of paragraph 115.

116.    The allegations of paragraph 116 of the Amended Complaint refer to Cadence's Form 8-K filed August 1, 2008.  Defendants admit that paragraph 116 contains an accurate quotation from a portion of the referenced Form 8-K, which speaks for itself, and must be read as a whole and in the context of Cadence's public statements.  Except as expressly admitted, Defendants deny the allegations of paragraph 116.

117.    The allegations of paragraph 117 of the Amended Complaint are denied, except to refer to the referenced indemnification agreement, which speaks for itself, and must be read as a whole and in the context of Cadence's public statements.

118.    The allegations of paragraph 118 of the Amended Complaint are too vague to require a response, but to the extent, if at all, this paragraph contains allegations of fact, such allegations are denied.  The allegations of paragraph 118 are further denied for lack of knowledge or information sufficient to form a belief as to their truth, insofar as they purport to speak generically and not with regard to specific statements.

119.    The allegations of paragraph 119 of the Amended Complaint refer to the transcript of an August 7, 2008 conference call at the RBC Capital Markets 2008 Technology, Media & Communications Conference.  Defendants admit that paragraph 119 contains an accurate quotation from a portion of the referenced transcript, which speaks for itself, and must be read as a whole and in the context of Cadence's public statements.  Defendant Palatnik specifically denies that any of the statements made during the referenced conference call were knowingly false or intentionally misleading when made.  Defendants further and specifically deny the allegation or implication that Defendants Fister, Porter, or Bushby made any statements during the referenced conference call. Except as expressly admitted, Defendants deny the allegations of paragraph 119.

120.    Defendants admit that Defendant Palatnik spoke at the RBC Capital Markets 2008 Technology Media & Communications Conference in August 2008, and refer to the transcript of the

1   August 7, 2008 conference call, which speaks for itself, and must be read as a whole and in the

2   context of Cadence's public statements.  Defendant Palatnik specifically denies that any of the

3   statements made during the referenced conference call were knowingly false or intentionally

4   misleading when made.  Defendants further and specifically deny the allegation or implication that

5   Defendants Fister, Porter, or Bushby made any statements during the referenced conference call.

6   Except as expressly admitted, Defendants deny the allegations of paragraph 120.

7         121.    The allegations of paragraph 121 of the Amended Complaint refer to the transcript of

8   a September 3, 2008 conference call.  Defendants admit that paragraph 121 contains accurate

9   quotations from portions of the referenced transcript, which speaks for itself, and must be read as a

10   whole and in the context of Cadence's public statements.  Defendant Palatnik specifically denies that

11   any of the statements made during the referenced conference call were knowingly false or

12   intentionally misleading when made.  Defendants further and specifically deny the allegation or

13   implication that Defendants Fister, Porter, or Bushby made any statements during the referenced

14   conference call.  Except as expressly admitted, Defendants deny the allegations of paragraph 121.

15         122.    The allegations of paragraph 122 of the Amended Complaint contain Plaintiff's

16   conclusions and characterizations of portions of the transcript of a September 3, 2008 conference call,

17   to which no response is required.  To the extent a response is deemed required, the allegations of

18   paragraph 122 are denied.

19         123.    The allegations of the first sentence of paragraph 123 of the Amended Complaint are

20   denied, except to admit that Cadence withdrew its bid to acquire Mentor Graphics on August 15,

21   2008.  The allegations in the remainder of this paragraph refer to various news articles, which speak

22   for themselves and must be read as a whole.

23         124.    The allegations of paragraph 124 of the Amended Complaint are denied except to

24   admit that Defendant Palatnik participated at the Deutsche Bank Securities Technology Conference

25   on September 10, 2008, and to refer to the transcript of the September 10, 2008 conference call,

26   which speaks for itself, and must be read as a whole and in the context of Cadence's public

27   statements.  Defendant Palatnik specifically denies that any of the statements made during the

28   referenced conference call were knowingly false or intentionally misleading when made.  Defendants

Gibson, Dunn &
Crutcher LLP

41

further and specifically deny the allegation or implication that Defendants Fister, Porter, or Bushby made any statements during the referenced conference call.  Except as expressly admitted, Defendants deny the allegations of paragraph 124.

125.    The allegations of paragraph 125 of the Amended Complaint are denied except to admit that Defendant Palatnik participated at the Deutsche Bank Securities Technology Conference on September 10, 2008, and to refer to the transcript of the September 10, 2008 conference call, portions of which are accurately quoted in this paragraph, but which speaks for itself, and must be read as a whole and in the context of Cadence's public statements.  Defendant Palatnik further and specifically denies that any of the statements made during the referenced conference call were knowingly false or intentionally misleading when made.  Defendants further and specifically deny the allegation or implication that Defendants Fister, Porter, or Bushby made any statements during the referenced conference call.  Except as expressly admitted, Defendants deny the allegations of paragraph 125.

126.    The allegations of the first two sentences of paragraph 126 of the Amended Complaint are denied, except to admit that Defendants Fister, Bushby and Porter were Cadence executives prior to their resignations on October 15, 2008.  The allegations in the remainder of this paragraph refer to an October 15, 2008 press release.  Defendants admit that paragraph 126 contains accurate quotations from portions of the referenced press release, which speaks for itself, and must be read as a whole and in the context of Cadence's public statements.  Except as expressly admitted, Defendants deny the remaining allegations of paragraph 126.

127.    The allegations of paragraph 127 of the Amended Complaint contain Plaintiff's allegations regarding what Plaintiff's claimed "confidential witness" sources allegedly told Plaintiff, its attorneys, or its agents.  Defendants lack information and belief to admit or deny whether the referenced confidential witnesses actually made the assertions in paragraph 127, and deny the allegations on that basis.

128.    The allegations of paragraph 128 of the Amended Complaint refer a report issued by Needham & Co. on October 15, 2008.  Defendants admit that paragraph 128 contains an accurate quotation from a portion of the referenced report, which speaks for itself and must be read as a whole.

Defendants specifically deny that Defendants Fister, Porter, and Bushby were terminated.  Except as expressly admitted, Defendants deny the allegations of paragraph 128.

129.    The allegations of paragraph 129 of the Amended Complaint refer to a TheStreet.com article.  Defendants admit that paragraph 129 contains an accurate quotation from a portion of the referenced article, which speaks for itself and must be read as a whole.  Except as expressly admitted, Defendants deny the allegations of paragraph 129.

130.    The allegations of paragraph 130 of the Amended Complaint are denied, except to admit that Cadence's stock price closed at $5.30 per share on October 14, 2008, $4.50 per share on October 15, 2008, and $4.30 per share on October 16, 2008.

131.    The allegations of the first sentence of paragraph 131 contain Plaintiff's legal conclusions, to which no response is required.  To the extent a response is deemed required, Defendants deny the allegations in the first sentence of paragraph 131.  The allegations of the last sentence of paragraph 131 are denied, except to refer to the referenced article, which speaks for itself and must be read as a whole.  Defendants deny the accuracy of Plaintiff's characterization of the referenced article's paraphrasing of comments purportedly made by Lip-Bu Tan.  As to the remaining allegations of paragraph 131, the allegations in the second sentence are too vague to require a response, but to the extent, if at all, the second sentence of this paragraph contains allegations of fact, such allegations are denied; the allegations in the third, fourth, fifth, sixth, eighth, and ninth sentences are denied, except to admit that Defendants Fister, Bushby and Porter had employment agreements in place at the time of their resignations, to refer to the referenced Form 8-K, which speaks for itself, and must be read as a whole and in the context of Cadence's public statements, and to admit the alleged ages of Defendants Fister, Porter and Bushby, and that Defendant Porter was appointed Chief Administrative Officer in April 2008; and Defendants lack information and belief to admit or deny CW3's alleged position and responsibilities, and whether CW3 actually made the assertions in this subparagraph, and deny the allegations in the seventh sentence of this paragraph on that basis.  Except as expressly admitted herein, Defendants deny the allegations of paragraph 131.

132.    The allegations of paragraph 132 of the Amended Complaint are denied, except to refer to Cadence's October 22, 2008 press release, which speaks for itself and must be read as a

whole and in the context of Cadence's public statements, and Defendants Fister, Porter, and Bushby are informed and believe, and Defendants Palatnik and Cadence, admit that Cadence announced an accounting review and anticipated restatement on October 22, 2008.  Defendants deny that they (or any one of them) "assured" investors of the matters set forth in this paragraph.  Except as expressly admitted, Defendants deny the allegations of paragraph 132.

133.    The allegations of paragraph 133 of the Amended Complaint refer to a report issued by Deutsche Bank on October 22, 2008.  Defendants admit that paragraph 132 contains an accurate quotation from a portion of the referenced report, which speaks for itself and must be read as a whole.  Except as expressly admitted, Defendants deny the allegations of paragraph 133.

134.    The allegations of paragraph 134 of the Amended Complaint refer to a report issued by RBC Capital Markets on October 23, 2008.  Defendants admit that paragraph 134 contains an accurate quotation from a portion of the referenced report, which speaks for itself and must be read as a whole.  Except as expressly admitted, Defendants deny the allegations of paragraph 134.

135.    The allegations of paragraph 135 of the Amended Complaint refer to a report issued by JPMorgan Chase & Co. on October 23, 2008.  Defendants admit that paragraph 135 contains an accurate quotation from a portion of the referenced report, which speaks for itself and must be read as a whole.  Except as expressly admitted, Defendants deny the allegations of paragraph 135.

136.    The allegations of paragraph 136 of the Amended Complaint refer to an October 24, 2008 Zacks Equity Research article.  Defendants admit that paragraph 136 contains an accurate quotation from a portion of the referenced article, which speaks for itself and must be read as a whole.  Except as expressly admitted, Defendants deny the allegations of paragraph 136.

137.    The allegations of paragraph 137 of the Amended Complaint are denied, except to admit that Cadence's stock closed at $4.32 per share on October 22, 2008 and closed at $2.90 per share on October 24, 2008, and to admit that the closing price for Cadence's stock between October 24, 2008 and December 10, 2008 ranged from $2.90 to $4.95 per share.

138.    The allegations of paragraph 138 of the Amended Complaint refer to Cadence's December 10, 2008 press release.  Defendants admit that paragraph 138 contains an accurate quotation from a portion of the referenced press release, which speaks for itself, and must be read as a

whole and in the context of Cadence's public statements.  Except as expressly admitted, Defendants deny the allegations of paragraph 138.

139.    The allegations of paragraph 139 of the Amended Complaint are denied, except to admit that paragraph 139 contains an accurate quotation from a portion of the referenced press release, which speaks for itself, and must be read as a whole and in the context of Cadence's public statements.  Except as expressly admitted, Defendants deny the allegations of paragraph 139.

140.    Defendants Palatnik and Cadence admit that Cadence issued a press release on December 10, 2008, in which it announced the effect of the restatement of its 1Q08 and 2Q08 financial statements.  Defendants admit that this paragraph contains accurate quotations from portions of the referenced press release, which speaks for itself and which must be read as a whole in the context of Cadence's public statements.  Defendants Palatnik and Cadence further admit that, in the course of the Company's investigation in Fall 2008, Cadence identified a material weakness relating to the insufficient design and ineffective operation of certain internal controls over the recognition of revenue from term license agreements.  Defendants Palatnik and Cadence specifically deny having knowledge of the above facts prior to the accounting investigation in Fall 2008.  Defendants Fister, Porter, and Bushby lack knowledge or information sufficient to form a belief as to the truth of the allegations in the first two sentences of this paragraph and deny the allegations on that basis (except that they are informed and believe that Cadence issued a press release on December 10, 2008 describing the results of an accounting investigation and the circumstances and the effects of the Company's restatement of financial statements for the first and second quarters of 2008).  Except as expressly admitted, Defendants deny the allegations of paragraph 140.

141.    The allegations of paragraph 141 of the Amended Complaint refer to Cadence's December 10, 2008 press release.  In response to these allegations, Defendants refer to the referenced press release, which speaks for itself, and must be read as a whole and in the context of Cadence's public statements.  The allegations of paragraph 141 also refer to an "announcement."  From the context of the paragraph, it is unclear to what announcement plaintiff refers, and the allegations relating to an "announcement" are therefore denied.  Except as expressly admitted, Defendants deny the allegations of paragraph 141.

Gibson, Dunn & Crutcher LLP

142.     The allegations of paragraph 142 of the Amended Complaint refer to the transcript of Cadence's December 10, 2008 3Q08 earnings conference call.  Defendants admit that paragraph 142 contains accurate quotations from portions of the referenced transcript, which speaks for itself, and must be read as a whole and in the context of Cadence's public statements.  Defendant Palatnik specifically denies that any of the statements made during the referenced conference call were knowingly false or intentionally misleading when made.  Defendants further and specifically deny the allegation or implication that Defendants Fister, Porter, or Bushby made any statements during the referenced conference call.  Except as expressly admitted, Defendants deny the allegations of paragraph 142.

143.     The allegations of paragraph 143 of the Amended Complaint refer to Cadence's December 10, 2008 press release.  Defendants admit that paragraph 143 contains an accurate quotation from a portion of the referenced press release, which speaks for itself, and must be read as a whole and in the context of Cadence's public statements.  Except as expressly admitted, Defendants deny the allegations of paragraph 143.

144.     The allegations of paragraph 144 of the Amended Complaint refer to Cadence's December 11, 2008 Form 10-Q/A for 1Q08.  Defendants admit that paragraph 144 contains accurate quotations from portions of the referenced Form 10-Q/A, which speaks for itself, and must be read as a whole and in the context of Cadence's public statements.  Except as expressly admitted, Defendants deny the allegations of paragraph 144.

145.     Defendants admit that Messrs. Fister and Palatnik signed certifications in connection with the 1Q08 and 2Q08 financial statements.  Defendants Palatnik and Cadence further admit that, in the course of the Company's accounting investigation in Fall 2008, Cadence identified a material weakness relating to the insufficient design and ineffective operation of certain internal controls over the recognition of revenue from term license agreements.  Defendants Palatnik and Cadence specifically deny having knowledge of the above facts prior to the accounting investigation in Fall 2008.  Defendants Fister, Porter, and Bushby lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and deny the allegations on that basis (except that they are informed and believe that Cadence issued a press release on December 10, 2008

DEFENDANTS' ANSWER TO FIRST AMENDED COMPLAINT                                    CASE NO. C-08-4966

describing the results of an accounting investigation and the circumstances and the effects of the

Company's restatement of financial statements for the first and second quarters of 2008).  The

remaining allegations refer to Cadence's December 11, 2008 Form 10-Q/A for 1Q08.  Defendants

admit that paragraph 145 contains an accurate quotation from a portion of the referenced Form 10-

Q/A, which speaks for itself, and must be read as a whole and in the context of Cadence's public

statements.  Except as expressly admitted, Defendants deny the allegations of paragraph 145.

146.    Defendants admit that Cadence's stock price closed at $3.93 per share on December

10, 2008 and closed at $3.04 per share on December 11, 2008 and that over 21 million shares were

traded.  Except as expressly admitted, Defendants deny the allegations of paragraph 146.

147.    The allegations of paragraph 147 of the Amended Complaint refer to, characterize,

and quote a transcript of Cadence's December 10, 2008 earnings conference call.  Defendants admit

that paragraph 147 contains an accurate quotation from a portion of the referenced transcript, which

speaks for itself, and must be read as a whole and in the context of Cadence's public statements.

Defendants deny any characterizations inconsistent with the referenced transcript.  Defendant

Palatnik further and specifically denies that any of the statements made during the referenced

conference call were knowingly false or intentionally misleading when made.  Defendants further and

specifically deny the allegation or implication that Defendants Fister, Porter, or Bushby made any

statements during the referenced conference call.  Footnote 11, contained in paragraph 147, contains

Plaintiff's legal conclusions, to which no response is required.  To the extent a response is deemed

required, Defendants refer Plaintiff to Defendants' Reply Brief in Support of their Motion to Dismiss

Consolidated Complaint, which speaks for itself, must be read as a whole, and provides only as stated

therein.  Except as expressly admitted, Defendants deny the allegations of paragraph 147.

148.    As to the allegations in the first sentence of paragraph 148 of the Amended Complaint,

Defendants Fister, Porter, and Bushby are informed and believe, and Defendants Palatnik and

Cadence admit, that, as of December 10, 2008, Cadence had not appointed a new CEO to replace

Defendant Fister.  The remaining allegations of paragraph 148 of the Amended Complaint refer to

and characterize the transcript of Cadence's December 10, 2008 3Q08 earnings conference call.

Defendants admit that paragraph 148 contains accurate quotations from portions of the referenced

Gibson, Dunn &
Crutcher LLP

1   transcript, which speaks for itself, and must be read as a whole and in the context of Cadence's public

2   statements. Defendant Palatnik specifically denies that any of the statements made during the

3   referenced conference call were knowingly false or intentionally misleading when made. Defendants

4   further and specifically deny the allegation or implication that Defendants Fister, Porter, or Bushby

5   made any statements during the referenced conference call. Except as expressly admitted,

6   Defendants deny the allegations of paragraph 148.

7         149.    Defendants Fister, Porter, and Bushby are informed and believe, and Defendants

8   Palatnik and Cadence admit, that Cadence named Lip-Bu Tan as CEO in January 2009 and that Tan

9   had been Vice Chairman of Cadence for the prior five years and was part of a search committee

10   formed by Cadence's Board of Directors to lead the search for a new CEO. Except as expressly

11   admitted, Defendants deny the allegations of paragraph 149.

12         150.    Defendants admit that Defendants Fister and Palatnik signed certifications required by

13   the Sarbanes-Oxley Act as part of the 1Q08 and 2Q08 financial results. Defendants Palatnik and

14   Cadence further admit that Cadence subsequently restated those financial results, and that, in the

15   course of the Company's accounting investigation in Fall 2008, Cadence identified a material

16   weakness over the application of revenue recognition criteria required by SOP 97-2 relating to the

17   insufficient design and ineffective operation of certain internal controls over the recognition of

18   revenue from term license agreements. Defendants Palatnik and Cadence specifically deny having

19   knowledge of the above facts prior to the accounting investigation in Fall 2008. Defendants Fister,

20   Porter, and Bushby lack knowledge or information sufficient to form a belief as to the truth of the

21   remaining allegations in this paragraph and deny the allegations on that basis (except that they are

22   informed and believe that, on December 11, 2008, Cadence filed Forms 10-Q/A for the first and

23   second quarters of 2008, in which Cadence restated its financial statements for those quarters, and

24   that the circumstances and effect of the restatement are stated in Cadence's Forms 10-Q/A and

25   December 10, 2008 press release). The remaining allegations of paragraph 150 of the Amended

26   Complaint reference Cadence's amended Forms 10-Q for the first and second quarters of 2008. In

27   response to these allegations, Defendants refer to the referenced documents, which speak for

28

1  themselves, and must be read as a whole and in the context of Cadence's public statements.  Except

2  as expressly admitted, Defendants deny the allegations of paragraph 150.

3       151.    Defendants admit that Cadence's stock closed at $3.93 per share on December 10,

4  2008 and closed at $3.04 per share on December 11, 2008.  Defendants further admit that more than

5  21 million shares were traded on December 11, 2008 and more than 8 million shares were traded on

6  December 10, 2008.  As to the second sentence of paragraph 151, Defendants are currently without

7  sufficient information to confirm or deny the movement of the NASDAQ Index and S&P 400

8  Information Technology Index on December 11, 2008.  The remaining allegations of paragraph 151

9  of the Amended Complaint contain Plaintiff's legal conclusions, to which no response is required.

10  To the extent a response is deemed required, Defendants deny the remaining allegations of paragraph

11  151.

12       152.    The allegations of paragraph 152 of the Amended Complaint refer to a report issued

13  by Needham & Co. on December 11, 2008.  Defendants admit that paragraph 152 contains an

14  accurate quotation from a portion of the referenced report, which speaks for itself and must be read as

15  a whole.  Except as expressly admitted, Defendants deny the allegations of paragraph 152.

16       153.    The allegations of paragraph 153 of the Amended Complaint refer to a report issued

17  by RBC Capital Markets on December 11, 2008.  Defendants admit that paragraph 153 contains an

18  accurate quotation from a portion of the referenced report, which speaks for itself and must be read as

19  a whole.  Except as expressly admitted, Defendants deny the allegations of paragraph 153.

20       154.    The allegations of paragraph 154 of the Amended Complaint refer to a report issued

21  by Deutsche Bank on December 11, 2008.  Defendants admit that paragraph 154 contains an accurate

22  quotation from a portion of the referenced report, which speaks for itself and must be read as a whole.

23  Except as expressly admitted, Defendants deny the allegations of paragraph 154.

24       155.    The allegations of paragraph 155 of the Amended Complaint refer to and characterize

25  a letter sent to the SEC by the Company on December 12, 2008.  Defendants admit that paragraph

26  155 contains an accurate quotation from a portion of the referenced letter, which speaks for itself, and

27  must be read as a whole and in the context of Cadence's public statements.  Defendants Fister, Porter,

28  and Bushby are informed and believe, and Defendants Palatnik and Cadence further admit, that

Gibson, Dunn &
Crutcher LLP

49

Cadence sent the letter to the SEC in response to the SEC's request for information regarding the substance and nature of the of the terms of the contracts that resulted in the restatement, and that the letter was drafted by Gibson, Dunn & Crutcher LLP, attorneys for the Defendants in this case. The remaining allegations of paragraph 155 of the Amended Complaint contain Plaintiff's legal conclusions, to which no response is required. To the extent a response is deemed required, Defendants deny the remaining allegations of paragraph 155.

156.     The allegations of paragraph 156 of the Amended Complaint refer to and characterize a letter sent to the SEC by the Company on December 12, 2008. Defendants admit that paragraph 156 contains an accurate quotation from a portion of the referenced letter, which speaks for itself, and must be read as a whole and in the context of Cadence's public statements. The remaining allegations of paragraph 156 of the Amended Complaint, including footnotes 13, 14 and 15, contain Plaintiff's legal conclusions and argument, to which no response is required. To the extent a response is deemed required, Defendants deny the allegations of paragraph 156. Except as expressly admitted, Defendants deny the allegations of paragraph 156.

157.     The allegations of paragraph 157 of the Amended Complaint refer to February 5, 2009 EDN article. Defendants admit that that paragraph 157 contains an accurate quotation from a portion of the analyst report, which speaks for itself and must be read as a whole. Defendants deny the accuracy of Plaintiff's characterization of the referenced article's paraphrasing of comments purportedly made by Lip-Bu Tan. Except as expressly admitted, Defendants deny the allegations of paragraph 157.

158.     The allegations of paragraph 158 of the Amended Complaint reference a May 27, 2009 conference call Cowen and Company Technology Media &Telecom Conference. Defendants admit that paragraph 158 contains accurate quotations from portions of the transcript for the referenced conference call, which speaks for itself, and must be read as a whole and in the context of Cadence's public statements. Defendant Palatnik specifically denies that any of the statements made during the referenced conference call were knowingly false or intentionally misleading when made. Defendants further and specifically deny the allegation or implication that Defendants Fister, Porter,

DEFENDANTS' ANSWER TO FIRST AMENDED COMPLAINT                    CASE NO. C-08-4966

or Bushby made any statements during the referenced conference call.  Except as expressly admitted, Defendants deny the allegations of paragraph 158.

159.    The allegations of paragraph 159 of the Amended Complaint refer to, paraphrase, and quote Cadence's February 26, 2008 Form 10-K.  Defendants admit that that paragraph 159 contains an accurate quotation from a portion of the referenced Form 10-K, which speaks for itself, and must be read as a whole and in the context of Cadence's public statements.  Defendants further admit that that Form 10-K described Cadence's revenue recognition policies and practices with respect to its software licensing transactions, including its use of eDA Cards, and including where a subscription license arrangement is terminated by mutual agreement and a new term license arrangement is entered into either concurrently with or subsequent to the termination of the subscription license agreement.  Defendants further admit that the Form 10-K stated that Cadence applies "provisions of the Statement of Position, or SOP, 97-2, 'Software Revenue Recognition,' as amended by SOP 98-9 … to all software licensing transactions and to all product revenue transactions where the software is not incidental."  Defendants deny that they (or any one of them) "assured" investors of the matters set forth in this paragraph.  Except as expressly admitted, Defendants deny the allegations of paragraph 159.

160.    The allegations of paragraph 160 of the Amended Complaint refer to, paraphrase, and quote Cadence's February 26, 2008 Form 10-K.  Defendants admit that paragraph 160 contains accurate quotations from portions of the referenced Form 10-K, which speaks for itself, and must be read as a whole and in the context of Cadence's public statements.  Except as expressly admitted, Defendants deny the allegations of paragraph 160.

161.    The allegations of paragraph 161 of the Amended Complaint refer to, paraphrase, and quote Cadence's February 26, 2008 Form 10-K.  Defendants admit that paragraph 161 contains accurate quotations from portions of the referenced Form 10-K, which speaks for itself, and must be read as a whole and in the context of Cadence's public statements.  Defendants deny that they (or any one of them) "assured" investors of the matters set forth in footnote 16 of this paragraph.  Except as expressly admitted, Defendants deny the allegations of paragraph 161.

162.    The allegations of paragraph 162 of the Amended Complaint are denied for lack of knowledge or information sufficient to form a belief as to their truth, insofar as they purport to speak generically and not with regard to specific licenses or accounting determinations.

163.    Defendants Palatnik and Cadence admit that the Company's upfront recognition of $24.8 million in revenue in 1Q08 was later determined to be incorrect and not in conformity with GAAP or the Company's revenue recognition policies, and that it was later restated. Defendants Palatnik and Cadence further admit that, as part of Cadence's December 2008 restatement, Cadence determined that $12.0 million of revenue originally recognized in the second quarter of 2008, relating to a 2Q08 transaction, in which Cadence concurrently cancelled a subscription arrangement and executed both a term license arrangement and hardware arrangement with a customer, would be recognized ratably over the term of the arrangement. Defendants Fister, Porter, and Bushby lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and deny the allegations on that basis (except that they are informed and believe that, on December 11, 2008, Cadence filed Forms 10-Q/A for the first and second quarters of 2008, in which Cadence restated its financial statements for those quarters, and that the circumstances and effect of the restatement are stated in Cadence's Forms 10-Q/A and December 10, 2008 press release). Defendants deny that they (or any one of them) knew at the time the initial revenue recognition determinations were made, or when Cadence's Forms 10-Q for the first and second quarters of 2008 were filed, the facts that, when later discovered, rendered the upfront revenue recognition incorrect and not in conformity with GAAP. The remaining allegations of paragraph 163 of the Amended Complaint contain Plaintiff's legal conclusions, to which no response is required. Except as expressly admitted, Defendants deny the allegations of paragraph 163.

164.    The allegations of paragraph 164 of the Amended Complaint are denied, except Defendants Palatnik and Cadence admit that the Company's revenue and earnings results for the first and second quarters of 2008, as original stated, were later determined to be incorrect and not in conformity with GAAP, and to refer to the referenced accounting principles and regulations, which speak for themselves and must be read as a whole. Defendants Fister, Porter, and Bushby lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph

1  and deny the allegations on that basis (except that they are informed and believe that, on December

2  11, 2008, Cadence filed Forms 10-Q/A for the first and second quarters of 2008, in which Cadence

3  restated its financial statements for those quarters, and that the circumstances and effect of the

4  restatement are stated in Cadence's Forms 10-Q/A and December 10, 2008 press release).

5  Defendants deny that they (or any one of them) knew at the time the initial revenue recognition

6  determinations were made or when Cadence's Forms 10-Q for the first and second quarters of 2008

7  were filed, the facts that, when later discovered, rendered the upfront revenue recognition incorrect

8  and not in conformity with GAAP. The remaining allegations of paragraph 164 of the Amended

9  Complaint contain Plaintiff's legal conclusions, to which no response is required. To the extent a

10 response is deemed required, Defendants deny the allegations in paragraph 164. Except as expressly

11 admitted, Defendants deny the allegations of paragraph 164.

12     165.    Defendants Palatnik and Cadence admit that the Company's revenue and earnings

13 results for the first and second quarters of 2008, as original stated, were later determined to be

14 incorrect, and that, on December 11, 2008, Cadence filed Forms 10-Q/A for the first and second

15 quarters of 2008, in which Cadence restated its financial statements for those quarters, and that the

16 circumstances and effect of the restatement are stated in Cadence's Forms 10-Q/A and December 10,

17 2008 press release. Defendants Fister, Porter, and Bushby lack knowledge or information sufficient

18 to form a belief as to the truth of the allegations in this paragraph and deny the allegations on that

19 basis (except that they are informed and believe that, on December 11, 2008, Cadence filed Forms

20 10-Q/A for the first and second quarters of 2008, in which Cadence restated its financial statements

21 for those quarters, and that the circumstances and effect of the restatement are stated in Cadence's

22 Forms 10-Q/A and December 10, 2008 press release). The remaining allegations of paragraph 165 of

23 the Amended Complaint contain Plaintiff's legal conclusions, to which no response is required. To

24 the extent a response is deemed required, Defendants deny the allegations in paragraph 165. Except

25 as expressly admitted above, Defendants deny the allegations of paragraph 165.

26     166.    The allegations of paragraph 166 of the Amended Complaint contain Plaintiff's legal

27 conclusions, to which no response is required. To the extent a response is deemed required,

28 Defendants deny the allegations in paragraph 166.

Gibson, Dunn & Crutcher LLP

53

167.    The first three sentences of paragraph 167 reference an amicus curiae brief filed in 2002 by the SEC and Statement of Financial Accounting Standards ("SFAS") No. 154 from the Financial Accounting Standards Board, which speak for themselves and must be read as a whole. The remainder of the allegations of paragraph 167 of the Amended Complaint contain Plaintiff's legal arguments and conclusions, to which no response is required.  Except as expressly admitted, Defendants deny the allegations of paragraph 167.

168.    The allegations of paragraph 168 of the Amended Complaint refer to an amicus curiae brief filed by the SEC in 2002.  Defendants admit that paragraph 168 contains an accurate quotation from a portion of the brief, which speaks for itself and must be read as a whole.  Except as expressly admitted, Defendants deny the allegations of paragraph 168.

169.    Defendants Fister, Porter, and Bushby are informed and believe, and Defendants Palatnik and Cadence admit, that Cadence restated its quarterly financial statements for the first and second quarters of 2008.  Defendants Palatnik and Cadence further admit that, as part of the December 2008 restatement Cadence adjusted $24.8 million of product revenue recognized in the first quarter of 2008 and $12.0 million of product revenue recognized in the second quarter of 2008, and that it was determined that such revenue would be recognized over the course of the relevant arrangements.  Except as expressly admitted, Defendants deny the allegations of paragraph 169.

170.    Defendants Fister, Porter, and Bushby are informed and believe, and Defendants Palatnik and Cadence admit, that the first, second and fourth sentences of paragraph 170 of the Amended Complaint accurately describe, in a generalized manner, Cadence's licensing models. Defendants admit that the third and fifth sentences of paragraph 170 contain accurate quotations from portions of Cadence's SEC filings, which speak for themselves and must be read as a whole and in the context of Cadence's other public statements.  The allegations of sentence six of paragraph 170 contain Plaintiff's legal conclusions, to which no response is required.  Insofar as a response is deemed required, the allegations of the last sentence of paragraph 170 are denied for lack of knowledge or information sufficient to form a belief as to their truth.

171.    Defendants Palatnik and Cadence admit that, based on the facts as they eventually came to be known, a term license arrangement executed during the first quarter and a subscription

DEFENDANTS' ANSWER TO FIRST AMENDED COMPLAINT                    CASE NO. C-08-4966

license arrangement executed during the third quarter were determined to collectively represent a multiple element arrangement, and that the Company's upfront recognition of $24.8 million in revenue in 1Q08 was later determined to be incorrect and not in conformity with GAAP or the Company's revenue recognition policies.  Defendants Palatnik and Cadence further admit that, as part of Cadence's December 2008 restatement, Cadence determined that $12.0 million of revenue originally recognized in the second quarter of 2008, relating to a 2Q08 transaction, in which Cadence concurrently cancelled a subscription arrangement and executed both a term license arrangement and hardware arrangement with a customer, would be recognized ratably over the term of the arrangement.  Defendants Fister, Porter, and Bushby lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and deny the allegations on that basis (except that they are informed and believe that, on December 11, 2008, Cadence filed Forms 10-Q/A for the first and second quarters of 2008, in which Cadence restated its financial statements for those quarters, and that the circumstances and effect of the restatement are stated in Cadence's Forms 10-Q/A and December 10, 2008 press release).  The allegations of paragraph 171 of the Amended Complaint contain Plaintiff's legal conclusions, to which no response is required.

172.    Defendants Palatnik and Cadence admit that,  based on the facts as they eventually came to be known, a term license arrangement with a customer located in Japan executed during the first quarter and a subscription license arrangement executed during the third quarter were determined to collectively represent a multiple element arrangement, and that the upfront recognition of $24.8 million in related revenue in 1Q08 was later determined to be incorrect and not in conformity with GAAP and the Company's revenue recognition policies.  Defendants Fister, Porter, and Bushby lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and deny the allegations on that basis (except that they are informed and believe that, on December 11, 2008, Cadence filed Form 10-Q/A for the first quarters of 2008, in which Cadence restated its financial statements for that quarter, and that the circumstances and effect of the restatement are stated in Cadence's Form 10-Q/A and December 10, 2008 press release).  Certain of the allegations in the first sentence of paragraph 172 contain Plaintiff's characterization of the alleged statements of CW2.  Defendants lack information and belief to admit or deny whether CW2 actually made the

assertions in this paragraph, and deny the allegations on that basis.  The remaining allegations of paragraph 172 of the Amended Complaint contain Plaintiff's legal conclusions, to which no response is required.  To the extent a response is deemed required, Defendants deny the allegations of paragraph 172, except to refer to the TPA TIS § 5100.39 and SOP 97-2, as referenced by Plaintiff, which speak for themselves and must be read as a whole.  Except as expressly admitted, Defendants deny the allegations of paragraph 172.

173.    Defendants Palatnik and Cadence admit that, during the fourth quarter of 2008, Cadence recorded an adjustment reducing product revenue by $5.8 million to correct the amount of product revenue that was previously recognized during the first quarter of 2008.  Defendants Palatnik and Cadence further admit that product revenue for a software arrangement was recognized upon delivery of the software licenses during the first quarter of 2008, but it was later determined that the product revenue should have been recognized on a ratable basis.  Defendants Palatnik and Cadence further admit that the correction was not considered material to the Consolidated Financial Statements.  Defendants Fister, Porter, and Bushby lack knowledge or information sufficient to form a belief as to the truth of the allegations in the first four sentences of this paragraph and deny the allegations on that basis (except that they are informed and believe that, on December 11, 2008, Cadence filed Forms 10-Q/A for the first and second quarters of 2008, in which Cadence restated its financial statements for those quarters, and that the circumstances and effect of the restatement are stated in Cadence's Forms 10-Q/A and December 10, 2008 press release).  The remaining allegations of paragraph 173 of the Amended Complaint contain Plaintiff's legal conclusions, to which no response is required.  To the extent a response is deemed required, and except as expressly admitted, Defendants deny the allegations of paragraph 173.

174.    Defendants Palatnik and Cadence admit that, during the fourth quarter of 2008, Cadence recorded an adjustment reducing product revenue by $5.8 million to correct the amount of product revenue that was previously recognized during the first quarter of 2008.  Defendants Palatnik and Cadence further admit that, on December 11, 2008, Cadence adjusted $24.8 million of product revenue recognized in the first quarter of 2008.  Defendants Palatnik and Cadence further admit that these adjustments were partially offset by an $8.4 million increase in revenue previously recognized

in 2Q08.  Defendants Fister, Porter, and Bushby are informed and believe, and Defendants Palatnik and Cadence further admit, that Cadence restated its 1Q08 and 2Q08 financial statements, and that the circumstances and effect of the restatement, including the impact of the restatement on revenue, net income and earnings per share for the first and second quarters of 2008, was disclosed in Cadence's press release dated December 10, 2008 and Form 10-Q/A filed on December 11, 2008.  The remaining allegations of paragraph 174 of the Amended Complaint contain Plaintiff's legal conclusions, to which no response is required.  To the extent a response is deemed required, Defendants deny the allegations in paragraph 174.  Except as expressly admitted, Defendants deny the allegations of paragraph 174.

175.    Defendants Palatnik and Cadence admit that, as part of Cadence's December 2008 restatement, Cadence determined that $12.0 million of revenue originally recognized in the second quarter of 2008, relating to a 2Q08 transaction, in which Cadence concurrently cancelled a subscription arrangement and executed both a term license arrangement and hardware arrangement with a customer, would be recognized ratably over the term of the arrangement.  Specifically, Defendants Palatnik and Cadence further admit that, despite the concurrent cancellation of a subscription arrangement, the relevant 2Q08 customer did not intend to substantively cancel its right to access future new technology, because at the time the subscription license was cancelled the customer intended to re-establish its right to access future new technology at a later time.  Defendants Fister, Porter, and Bushby are informed and believe, and Defendants Palatnik and Cadence further admit, that Cadence restated its 1Q08 and 2Q08 financial statements, and that the circumstances and effect of the restatement, including the impact of the restatement on revenue, net income and earnings per share for the first and second quarters of 2008, was disclosed in Cadence's press release dated December 10, 2008 and Form 10-Q/A filed on December 11, 2008.  The remaining allegations of paragraph 175 of the Amended Complaint, including footnote 22, contain Plaintiff's legal conclusions, to which no response is required.  To the extent a response is deemed required, and, except as expressly admitted, Defendants deny the allegations of paragraph 175, except to refer to Statement of Financial Accounting Concepts No. 2, ¶ 160, which speaks for itself and must be read as a whole.  Except as expressly admitted, Defendants deny the allegations of paragraph 175.

Gibson, Dunn & Crutcher LLP

176.     Defendants Palatnik and Cadence admit that Cadence sold $18.0 million of the accounts receivable from the 1Q08 transaction to a financing institution for cash during the second quarter of 2008.  Defendants Palatnik and Cadence further admit that it was later determined that the transaction could not be deemed a true sale in accordance with SFAS No. 140 and that, as part of the December 2008 restatement, Cadence recorded a liability of $18 million due to the financing institution and reported the $18 million as a cash flow from financing activities in Cadence's Form 10-Q/A for the second quarter of 2008.  Defendants Fister, Porter, and Bushby are informed and believe, and Defendants Palatnik and Cadence further admit, that Cadence restated its 1Q08 and 2Q08 financial statements, and that the circumstances and effect of the restatement, including the impact of the restatement on revenue, net income and earnings per share for the first and second quarters of 2008, was disclosed in Cadence's press release dated December 10, 2008 and Form 10-Q/A filed on December 11, 2008.  Defendants further state that, at the time the 2Q08 financial statements were published, Defendants reasonably believed that Cadence's financial reporting was accurate.  The remaining allegations of paragraph 176 of the Amended Complaint contain Plaintiff's legal conclusions, to which no response is required.  To the extent a response is deemed required, Defendants deny the allegations of paragraph 176, except to refer to SFAS ¶ 140, which speaks for itself and must be read as a whole.  Except as expressly admitted, Defendants deny the allegations of paragraph 176.

177.     Defendants Palatnik and Cadence admit that, as part of its restatement of 2Q08, Cadence reduced maintenance revenue by $1.0 million during the three and six months ended June 28, 2008.  Defendants Palatnik and Cadence further admit that Cadence recorded an adjustment to reduce the cost of product for a hardware arrangement during the three and six months ended June 28, 2008 and increase inventories by $2.5 million as of June 28, 2008.  Defendants Palatnik and Cadence further admit that Cadence recorded two other product revenue adjustments, in the aggregate amount of $8.4 million, that were previously disclosed in Cadence's Quarterly Report on Form 10-Q for the second quarter of 2008, filed with the SEC on July 29, 2008.  Defendants Fister, Porter, and Bushby are informed and believe, and Defendants Palatnik and Cadence further admit, that Cadence restated its 1Q08 and 2Q08 financial statements, and that the circumstances and effect

Gibson, Dunn &
Crutcher LLP

of the restatement, including the impact of the restatement on revenue, net income and earnings per share for the first and second quarters of 2008, was disclosed in Cadence's press release dated December 10, 2008 and Form 10-Q/A filed on December 11, 2008.  Except as expressly admitted, Defendants deny the allegations of paragraph 177.

178.    The allegations of paragraph 178 of the Amended Complaint are denied, except that Defendants Fister, Porter, and Bushby are informed and believe, and Defendants Palatnik and Cadence further admit, that Cadence restated its 2Q08 financial statements, and that the circumstances and effect of the restatement, including the impact of the restatement on revenue, net income and earnings per share for the first and second quarters of 2008, was disclosed in Cadence's press release dated December 10, 2008 and Form 10-Q/A filed on December 11, 2008.  Except as expressly admitted, Defendants deny the allegations of paragraph 178.

179.    The allegations of paragraph 179 of the Amended Complaint are denied.

180.    The allegations of paragraph 180 of the Amended Complaint refer to, paraphrase, and quote from American Institute of Certified Public Accountants (AICPA) Professional Standards AU § 319.06, which speaks for itself and must be read as a whole.  The remaining allegations of paragraph 180 of the Amended Complaint contain Plaintiff's legal conclusions, to which no response is required.  To the extent a response is deemed required, Defendants deny the remaining allegations of paragraph 180.

181.    The allegations in paragraph 181 contain Plaintiff's legal conclusions and characterizations of Rules 12a-15 and 15d-15(f) under the Exchange Act, to which no response is required.

182.    The allegations in the first sentence of paragraph 182 contain Plaintiff's legal conclusions and characterizations of section 13(b)(2) of the Exchange Act, to which no response is required.  To the extent a response is deemed required, Defendants refer to the referenced statute, which speaks for itself and must be read as a whole.  Defendants deny any characterizations inconsistent with the referenced statute's terms.  The allegations in the second sentence of paragraph 182 contain Plaintiff's characterization of a decision from the U.S. District Court for the Northern

Gibson, Dunn & Crutcher LLP

DEFENDANTS' ANSWER TO FIRST AMENDED COMPLAINT                    CASE NO. C-08-4966

1   District of Georgia, to which no response is required.  To the extent a response is deemed required,

2   Defendants refer to the referenced decision, which speaks for itself and must be read as a whole.

3          183.    Defendants deny the allegations in the first sentence of paragraph 183.  Defendants

4   further state that, based on their understanding of the facts when the 1Q08 and 2Q08 financial

5   statements were published, and the scope of their responsibilities during their employment with

6   Cadence, Defendants reasonably believed that the Company's internal accounting controls governing

7   revenue recognition were adequate.  The remaining allegations of paragraph 183 reference the

8   Company's Forms 10-Q for the first and second quarters of 2008.  Defendants admit that Defendants

9   Fister and Palatnik signed the certifications for the Company's 1Q08 and 2Q08.  Defendants further

10  admit that that paragraph 183 contains an accurate quotations from portions of the referenced Forms

11  10-Q, which speak for themselves, and must be read as a whole and in the context of Cadence's

12  public statements.  Except as expressly admitted, Defendants deny the allegations of paragraph 183.

13         184.    The allegations in the first sentence of paragraph 184 are too vague to permit a

14  response and are therefore denied.  Defendants Palatnik and Cadence admit that as a result of an

15  accounting investigation in Fall 2008, Cadence identified a material weakness relating to the

16  insufficient design and ineffective operation of certain internal controls over the recognition of

17  revenue from term license agreements.  Specifically, Defendants Palatnik and Cadence admit that the

18  material weakness identified during the Fall 2008 accounting investigation related to "internal control

19  over financial reporting" and "the application of revenue recognition criteria required by SOP 97-2"

20  in the context of multiple-element software arrangements.  Defendants Palatnik and Cadence

21  specifically deny having knowledge of the above facts prior to the accounting investigation in Fall

22  2008.  Defendants Fister, Porter, and Bushby lack knowledge or information sufficient to form a

23  belief as to the truth of the remaining allegations in this paragraph and deny the allegations on that

24  basis (except that they are informed and believe that Cadence issued a press release on December 10,

25  2008 describing the results of an accounting investigation and the circumstances and the effects of the

26  Company's restatement of financial statements for the first and second quarters of 2008).  The last

27  sentence of paragraph 184 contains Plaintiff's allegations regarding what Plaintiff's claimed

28  "confidential witness" sources allegedly told Plaintiff, its attorneys, or its agents.  Defendants lack

information and belief to admit or deny whether the confidential witness actually made the assertions alleged in this sentence, and deny each and every allegation contained therein on that basis.  Except as expressly admitted, Defendants deny the allegations of paragraph 184.

185.     The allegations of paragraph 185 of the Amended Complaint are denied.

186.     The allegations of paragraph 186 of the Amended Complaint contain Plaintiff's legal conclusions, to which no response is required.  To the extent a response is deemed required, Defendants deny the allegations in paragraph 186, except to admit that Cadence restated its earnings and financial results for 1Q08 and 2Q08.

187.     The allegations of paragraph 187 of the Amended Complaint contain Plaintiff's legal conclusions, to which no response is required.  To the extent a response is deemed required, Defendants deny the allegations in paragraph 187, except Defendants Palatnik and Cadence admit that the upfront recognition of certain revenue during the first and second quarters was later determined to be incorrect and not in conformity with GAAP or the Company's revenue recognition policies and restated its earnings and financial results for those quarters.  Except as expressly admitted, Defendants deny the allegations of paragraph 187.

188.     The allegations in paragraph 188 contain Plaintiff's characterization of § 302 of the Sarbanes-Oxley Act, to which no response is required.  To the extent a response is deemed required, Defendants deny the allegations in paragraph 188, except to refer to the referenced statute, which speaks for itself and must be read as a whole.

189.     The allegations in paragraph 189 contain Plaintiff's characterization of § 906 of the Sarbanes-Oxley Act, to which no response is required.  To the extent a response is deemed required, Defendants deny the allegations in paragraph 189, except to refer to the referenced statute, which speaks for itself and must be read as a whole.

190.     The allegations in paragraph 190 contain Plaintiff's characterization of Item 308 of Regulation S-K, to which no response is required.  To the extent a response is deemed required, Defendants deny the allegations in paragraph 190, except to refer to the referenced regulation, which speaks for itself and must be read as a whole.

DEFENDANTS' ANSWER TO FIRST AMENDED COMPLAINT                                    CASE NO. C-08-4966

191.    Defendants deny any knowing or intentional violations of internal control or financial reporting requirements, as alleged in the first sentence of paragraph 191 and in subparagraphs (b) and (c).  Defendants admit that Defendants Fister and Palatnik signed the Form 10-Q certifications for the periods ended March 29, 2008 and June 28, 2008, as alleged in subparagraph (a) of paragraph 191.  Defendants Fister and Palatnik deny that these certifications were knowingly false or intentionally misleading when made.  Except as expressly admitted, Defendants deny the allegations of paragraph 191.

192.    Defendants admit that Cadence issued quarterly financial statements during the alleged Class Period.  Defendants Palatnik and Cadence further admit that the Company's upfront recognition of $24.8 million in revenue in 1Q08 and $12.0 million in revenue in 2Q08 was later determined to be incorrect and not in conformity with GAAP or the Company's revenue recognition policies, and that it was later restated.  Defendants Fister, Porter, and Bushby lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and deny the allegations on that basis (except that they are informed and believe that, on December 11, 2008, Cadence filed Forms 10-Q/A for the first and second quarters of 2008, in which Cadence restated its financial statements for those quarters, and that the circumstances and effect of the restatement are stated in Cadence's Forms 10-Q/A and December 10, 2008 press release).  Except as expressly admitted, Defendants deny the allegations of paragraph 192.

193.    Defendants Palatnik and Cadence admit that the Company's upfront recognition of $24.8 million in revenue in 1Q08 was later determined to be incorrect and not in conformity with GAAP.  Defendants Fister, Porter, and Bushby lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and deny the allegations on that basis (except that they are informed and believe that, on December 11, 2008, Cadence filed Forms 10-Q/A for the first and second quarters of 2008, in which Cadence restated its financial statements for those quarters, and that the circumstances and effect of the restatement are stated in Cadence's Forms 10-Q/A and December 10, 2008 press release).  Except as expressly admitted, Defendants deny the allegations of paragraph 193.

DEFENDANTS' ANSWER TO FIRST AMENDED COMPLAINT                    CASE NO. C-08-4966

1        (a)     The allegations of paragraph 193, subparagraph (a) of the Amended Complaint

2    refer to the Accounting Principles Board Opinion No. 28.  Defendants refer to the content of

3    Accounting Principles Board Opinion No. 28, which speaks for itself and must be read as a whole

4    and in the context of other relevant accounting rules.  Defendants further state that, based on their

5    understanding of the facts when 1Q08 and 2Q08 financial statements were published, Defendants

6    reasonably believed that Cadence's financial reporting was accurate.

7        (b)     The allegations of paragraph 193, subparagraph (b) of the Amended Complaint

8    refer to the Statement of Financial Accounting Concepts No. 5.  Defendants refer to the content of

9    Statement of Financial Accounting Concepts No. 5, which speaks for itself and must be read as a

10    whole and in the context of other relevant accounting rules.  Defendants further state that, based on

11    their understanding of the facts when 1Q08 and 2Q08 financial statements were published,

12    Defendants reasonably believed that Cadence's financial reporting was accurate.

13        (c)     The allegations of paragraph 193, subparagraph (c) of the Amended Complaint

14    refer to the Statement of Financial Accounting Concepts No. 1.  Defendants refer the content of

15    Statement of Financial Accounting Concepts No. 1, which speaks for itself and must be read as a

16    whole and in the context of other relevant accounting rules.  Defendants further state that, based on

17    their understanding of the facts when 1Q08 and 2Q08 financial statements were published,

18    Defendants reasonably believed that Cadence's financial reporting was accurate.

19        (d)     The allegations of paragraph 193, subparagraph (d) of the Amended Complaint

20    refer to the Statement of Financial Accounting Concepts No. 1.  Defendants refer to the content of

21    Statement of Financial Accounting Concepts No. 1, which speaks for itself and must be read as a

22    whole and in the context of other relevant accounting rules.  Defendants further state that, based on

23    their understanding of the facts when 1Q08 and 2Q08 financial statements were published,

24    Defendants reasonably believed that Cadence's financial reporting was accurate.

25        (e)     The allegations of paragraph 193, subparagraph (e) of the Amended Complaint

26    refer to the Statement of Financial Accounting Concepts No. 1.  Defendants refer to the content of

27    Statement of Financial Accounting Concepts No. 1, which speaks for itself and must be read as a

28    whole and in the context of other relevant accounting rules.  Defendants further state that, based on

Gibson, Dunn &
Crutcher LLP

DEFENDANTS' ANSWER TO FIRST AMENDED COMPLAINT          CASE NO. C-08-4966

1   their understanding of the facts when 1Q08 and 2Q08 financial statements were published,

2   Defendants reasonably believed that Cadence's financial reporting was accurate.

3         (f)     The allegations of paragraph 193, subparagraph (f) of the Amended Complaint

4   refer to the Statement of Financial Accounting Concepts No. 1.  Defendants refer to the content of

5   Statement of Financial Accounting Concepts No. 1, which speaks for itself and must be read as a

6   whole and in the context of other relevant accounting rules.  Defendants further state that, based on

7   their understanding of the facts when 1Q08 and 2Q08 financial statements were published,

8   Defendants reasonably believed that Cadence's financial reporting was accurate.

9         (g)     The allegations of paragraph 193, subparagraph (g) of the Amended Complaint

10   refer to the Statement of Financial Accounting Concepts No. 2.  Defendants refer to the content of

11   Statement of Financial Accounting Concepts No. 2, which speaks for itself and must be read as a

12   whole and in the context of other relevant accounting rules.  Defendants further state that, based on

13   their understanding of the facts when 1Q08 and 2Q08 financial statements were published,

14   Defendants reasonably believed that Cadence's financial reporting was accurate.

15         (h)     The allegations of paragraph 193, subparagraph (h) of the Amended Complaint

16   refer to the Statement of Financial Accounting Concepts No. 2.  Defendants refer to the content of

17   Statement of Financial Accounting Concepts No. 2, which speaks for itself and must be read as a

18   whole and in the context of other relevant accounting rules.  Defendants further state that, based on

19   their understanding of the facts when 1Q08 and 2Q08 financial statements were published,

20   Defendants reasonably believed that Cadence's financial reporting was accurate.

21         (i)     The allegations of paragraph 193, subparagraph (i) of the Amended Complaint

22   refer to the Statement of Financial Accounting Concepts No. 2.  Defendants refer to the content of

23   Statement of Financial Accounting Concepts No. 2, which speaks for itself and must be read as a

24   whole and in the context of other relevant accounting rules.  Defendants further state that, based on

25   their understanding of the facts when 1Q08 and 2Q08 financial statements were published,

26   Defendants reasonably believed that Cadence's financial reporting was accurate.

27         194.    The allegations of the first sentence of paragraph 194 contain Plaintiff's legal

28   conclusions, to which no response is required.  The remaining allegations of paragraph 194 of the

1    Amended Complaint refer to and quote the SEC's Staff Accounting Bulletin (SAB) Topic 1M.

2    Defendants admit that paragraph 194 contains an accurate quotation from a portion of SAB Topic

3    1M, which speaks for itself and must be read as a whole.  Except as expressly admitted, Defendants

4    deny the allegations of paragraph 194.

5        195.    Defendants admit that the Company and Defendants Fister, Porter and Palatnik made

6    certain public statements concerning the current and future financial condition of the Company.

7    Defendants deny that any public statements were knowingly false or intentionally misleading when

8    made.  Except as expressly admitted, Defendants deny the allegations of paragraph 195.

9        196.    The allegations in the first sentence of paragraph 196 of the Amended Complaint are

10   denied.  Defendants Palatnik and Cadence admit that the Company's publicly reported 1Q08 and

11   2Q08 quarterly revenue and earnings results, as original stated, were later determined to be incorrect.

12   Defendants Fister, Porter, and Bushby lack knowledge or information sufficient to form a belief as to

13   the truth of the allegations in second and third sentences of this paragraph and deny the allegations on

14   that basis (except that they are informed and believe that, on December 11, 2008, Cadence filed

15   Forms 10-Q/A for the first and second quarters of 2008, in which Cadence restated its financial

16   statements for those quarters, and that the circumstances and effect of the restatement are stated in

17   Cadence's Forms 10-Q/A and December 10, 2008 press release).  Except as expressly admitted,

18   Defendants deny the allegations of paragraph 196.

19       197.    Defendants admit that Cadence's stock price closed at $11.67 on May 29, 2008 and

20   that Cadence's stock price closed between $9.59 and $11.67 per share between April 23, 2008 and

21   July 23, 2008.  Defendants Palatnik and Cadence further admit that the Company's initial forecasts of

22   its 2Q08 revenue and earnings, as original stated, were later determined to be incorrect.  Except as

23   expressly admitted, Defendants deny the allegations of paragraph 197.

24       198.    Defendants admit that the Company reported revenue and earnings on July 23, 2008.

25   Defendants further admit that, on July 23, 2008, the Company announced a reduction in its FY08

26   guidance and a change to a 90% subscription license mix.  Defendants further admit that Cadence's

27   stock closed at $7.11 and more than 33 million shares were traded on July 24, 2008, as alleged in the

28   third sentence of paragraph 198.  Defendants are currently without sufficient information to confirm

or deny the movement of the S&P MidCap 400 Index, the S&P 400 Information Technology Index, and the NASDAQ Index on July 23-July 24, 2008, as alleged in the fourth sentence of paragraph 198. Plaintiff's allegations in the fifth sentence of paragraph 198 regarding the observations of "[s]ome analysts" are too vague to require a response, but to the extent, if at all, the fifth sentence of this paragraph contains allegations of fact, such allegations are denied.  Regarding the allegations in the sixth sentence of paragraph 198, Defendants Palatnik and Cadence further admit that the Company's initially reported results for the second quarter of 2008 were later determined to be incorrect and not in conformity with GAAP.  Except as expressly admitted, Defendants deny the allegations of paragraph 198.

199.   The allegations of paragraph 199 refer to the transcripts of two conference calls, which speak for themselves, and must be read as a whole and in the context of Cadence's public statements. Defendant Palatnik specifically denies that any of the statements made during the referenced conference calls were knowingly false or intentionally misleading when made.  Defendants further and specifically deny the allegation or implication that Defendants Fister, Porter, or Bushby made any statements during the referenced conference calls.  Defendants admit that Cadence's stock price declined during the second half of 2008.  Except as expressly admitted, Defendants deny the allegations of paragraph 199.

200.   Defendants admit that the Company announced the resignations of Fister, Porter, and Bushby on October 15, 2008.  Defendants further admit that Cadence's stock closed at $5.30 per share on October 14, 2008, closed at $4.50 per share on October 15, 2008, and closed at $4.30 per share on October 16, 2008.  The allegations of the third sentence of paragraph 200 refer to a report issued by Needham & Co. on October 15, 2008.  Defendants admit that paragraph 200 contains an accurate quotation from a portion of the referenced report, which speaks for itself and must be read as a whole.  Defendants are currently without sufficient information to confirm or deny the movement of the S&P MidCap 400 Index, the S&P Information Technology Index, and the NASDAQ Index on October 15-October16, 2008.  Except as expressly admitted, Defendants deny the allegations of paragraph 200.

201.     Defendants Fister, Porter, and Bushby are informed and believe, and Defendants Palatnik and Cadence admit, that Cadence announced that it would restate its 1Q08 and 2Q08 results on October 22, 2008.  Defendants Palatnik and Cadence further admit that the Company's 1Q08 and 2Q08 quarterly revenue and earnings results, as original stated, were later determined to be incorrect.  Defendants specifically deny that any revenue recognition or financial reporting errors were knowingly made.  Defendants admit that Cadence's stock closed at $4.32 on October 22, 2008 and closed at $3.22 on October 23, 2008, and Defendants admit that more than 25 million shares were traded on October 23, 2008 and that more than 4 million shares were traded on October 22, 2008.  Defendants are currently without sufficient information to confirm or deny the movement of the NASDAQ Index, the S&P MidCap 400 Index, and the S&P 400 Information Technology Index, on October 23, 2008.  The allegations in the third sentence of paragraph 201 contain Plaintiff's legal conclusions, to which no response is required.  Except as expressly admitted, Defendants deny the allegations of paragraph 201.

202.     The allegations of paragraph 202 refer to analyst reports.  Defendants admit that paragraph 202 contains accurate quotations from portions of the referenced reports, all of which speak for themselves and must be read as a whole. Except as expressly admitted, Defendants deny the allegations of paragraph 202.

203.     Defendants admit that analyst reports were issued during the period of time from October 22 to October 24, 2008.  Defendants further admit that Cadence's stock closed at $2.90 on October 24, 2008.  Defendants further admit that Cadence's stock closed between $2.90 and $4.95 between October 24, 2008 and December 10, 2008.  Except as expressly admitted, Defendants deny the allegations of paragraph 203.

204.     Defendants Fister, Porter, and Bushby are informed and believe, and Defendants Palatnik and Cadence admit, that Cadence reported its 3Q08 earnings results on December 10, 2008.  Defendants Palatnik and Cadence further admit that the Company's upfront recognition of $24.8 million in revenue during 1Q08 and $12 million of revenue during 2Q08 was later determined to be incorrect.  Defendants Palatnik and Cadence further admit that, on December 10, 2008, the Company stated that it had identified certain material weaknesses in its internal controls over financial

Gibson, Dunn & Crutcher LLP

DEFENDANTS' ANSWER TO FIRST AMENDED COMPLAINT                    CASE NO. C-08-4966

reporting.  Defendants Palatnik and Cadence specifically deny having knowledge of the above facts

prior to the accounting investigation in Fall 2008.  Defendants Fister, Porter, and Bushby are

informed and believe, and Defendants Palatnik and Cadence further admit, that the Company made

public statements concerning its restatement on December 10, 2008, which statements speak for

themselves, and must be read as a whole and in the context of the Company's public statements.

Defendants further admit that Cadence's stock closed at $3.93 per share on December 10, 2008 and

closed at $3.04 per share on December 11, 2008.  Defendants further admit that more than 21 million

shares were traded on December 11, 2008.  Defendants are currently without sufficient information to

confirm or deny the movement of the NASDAQ Index, the S&P MidCap 400 Index, and the S&P

400 Information Technology Index, on October 23, 2008.  Except as expressly admitted, Defendants

deny the allegations of paragraph 204.

205.    Defendants deny the allegations in paragraph 205 of the Amended Complaint, except

Defendants Fister, Porter, and Bushby are informed and believe, and Defendants Palatnik and

Cadence further admit, that the Company made public disclosures on July 23, 2008, October 15,

2008, October 23, 2008, and December 10, 2008.

206.    The allegations of paragraph 206 contain Plaintiff's legal conclusions, to which no

response is required.  To the extent a response is deemed required, the allegations of paragraph 206 of

the Amended Complaint are denied.

207.    The allegations of paragraph 206 of the Amended Complaint are denied.

208.    The allegations of paragraph 208 contain Plaintiff's legal conclusions, to which no

response is required.  To the extent a response is deemed required, the allegations of paragraph 208 of

the Amended Complaint are denied.

209.    The allegations of paragraph 209 of the Amended Complaint are denied, except to

admit that Cadence files periodic reports with the SEC and the NASDAQ Stock Market as required

by law, that Cadence communicates with public investors, and that Cadence is followed by analysts

and the press who publish reports.

210.    The allegations of paragraph 210 of the Amended Complaint are denied for lack of

knowledge or information sufficient to form a belief as to their truth, except Defendants admit that

Plaintiff purports to sue on behalf of a class pursuant to Rule 23 of the Federal Rules of Civil Procedure.

211.   The allegations of the first two sentences of paragraph 211 of the Amended Complaint are legal conclusions to which no response is required.  In response to the allegations of the third sentence of paragraph 211 of the Amended Complaint, Defendants admit that, as reported in Cadence's 2008 Form 10-K, there were 257,857,000 shares of Cadence common stock outstanding as of January 3, 2009.

212.   The allegations of paragraph 212 contain Plaintiff's legal conclusions, to which no response is required.  To the extent a response is deemed required, the allegations of this paragraph are denied.

213.   The allegations of paragraph 213 contain Plaintiff's legal conclusions, to which no response is required.  To the extent a response is deemed required, the allegations of this paragraph are denied.

214.   The allegations of paragraph 214 contain Plaintiff's legal conclusions, to which no response is required.  To the extent a response is deemed required, the allegations of this paragraph are denied.

215.   The allegations of paragraph 215 contain Plaintiff's legal conclusions, to which no response is required.  To the extent a response is deemed required, the allegations of this paragraph are denied.

216.   For its response to paragraph 216 of the Amended Complaint, Defendants incorporate their responses to Paragraphs 1 through 215 of the Amended Complaint as if fully set forth herein.

217.   The allegations of paragraph 217 contain Plaintiff's legal conclusions, to which no response is required.  To the extent a response is deemed required, the allegations of this paragraph are denied.

218.   The allegations of paragraph 218 contain Plaintiff's legal conclusions, to which no response is required.  To the extent a response is deemed required, the allegations of this paragraph are denied.

219.     The allegations of paragraph 219 contain Plaintiff's legal conclusions, to which no response is required.  To the extent a response is deemed required, the allegations of this paragraph are denied.

220.     The allegations of paragraph 220 contain Plaintiff's legal conclusions, to which no response is required.  To the extent a response is deemed required, the allegations of this paragraph are denied.

221.     For its response to paragraph 221 of the Amended Complaint, Defendants incorporate their responses to Paragraphs 1 through 220 of the Amended Complaint as if fully set forth herein.

222.     The allegations of paragraph 222 contain Plaintiff's legal conclusions, to which no response is required.  To the extent a response is deemed required, the allegations of this paragraph are denied.

The remainder of the Amended Complaint contains Plaintiff's prayer for relief, to which no response is required.  To the extent a response is required, Defendants deny each and every allegation contained therein and specifically deny that Plaintiff and/or any members of the class the Plaintiff purports to represent is entitled to any relief whatsoever.

Except as expressly admitted above, Defendants deny each and every allegation contained in the Amended Complaint.

## AFFIRMATIVE DEFENSES

The statement of any defense hereinafter does not assume the burden of proof for any issue as to which applicable law places the burden upon Plaintiff and/or any members of the class the Plaintiff purports to represent.  Defendants expressly reserve the right to amend and/or supplement the defenses identified below, as may be necessary.  Defendants may have additional, as yet unidentified, defenses available.  Defendants reserve the right to assert additional defenses that are revealed by further investigation or through discovery.

## FIRST DEFENSE

The Amended Complaint fails to state any claim for which relief can be granted, insofar as (1) Plaintiff has failed to plead particularized facts giving rise to a "strong inference" that Defendants acted with scienter and have failed to plead specific facts showing that any Defendant knew or

recklessly disregarded that the alleged false statements were false or misleading, and (2) Plaintiff has failed to plead a primary violation of the securities laws and does not plead particularized facts showing that the Individual Defendants exercised control over the subject matter of the alleged fraud, and as further alleged in Defendants' Motion to Dismiss First Amended Complaint, filed November 20, 2009.

## SECOND DEFENSE

The claims asserted in the Amended Complaint are barred, in whole or in part, because Plaintiff failed to plead the claims contained therein with the particularity required by Rule 9(b) of the Federal Rules of Civil Procedure and by the Private Securities Litigation Reform Act of 1995.

## THIRD DEFENSE

Plaintiff and/or any members of the class Plaintiff purports to represent lack standing to bring some or all of the claims asserted in the Amended Complaint, because, among other reasons, Plaintiff and/or any members of the putative class suffered no injury as a result of any act or omission by Defendants.

## FOURTH DEFENSE

Every act or omission by the individual Defendants alleged in the Amended Complaint was done or omitted in good faith and in conformity with all applicable federal statutes, including the Securities Exchange Act of 1934, as amended, the Private Securities Litigation Reform Act of 1995, and all applicable rules and regulations promulgated thereunder, and the rules and regulations of the Securities and Exchange Commission, and therefore, pursuant to Section 23(a) of the Securities Exchange Act of 1934, there is no liability for any act or omission so alleged.

## FIFTH DEFENSE

Plaintiff's claims and/or the claims of any members of the class Plaintiff purports to represent relating to revenue and earnings forecast and other forward-looking statements relating to Cadence are barred, in whole or in part, by the Safe Harbor provisions of the Private Securities Litigation Reform Act of 1995, as codified at 15 U.S.C. § 78u-5(c), because all such forward-looking statements, including any made in Cadence's quarterly filings and press releases, or during earnings conference calls with investors, were accompanied by warnings that such statements were predictions

Gibson, Dunn & Crutcher LLP

71

based on Cadence's current expectations about future events and that actual results could vary materially as a result of certain factors, including but not limited to, those expressed in the statements, and that such statements must be analyzed in the context of other public statements made by Defendants.

## SIXTH DEFENSE

Plaintiff's claims and/or the claims of any members of the class Plaintiff purports to represent are barred in whole or part because the statements, reports, and/or filings allegedly issued by Defendants contained sufficient cautionary language, and bespoke caution, with respect to the subject matter of each alleged misrepresentation, false statement, or omission set forth in the Amended Complaint, so as to warn Plaintiff and all others of the risks of investing in Cadence's stock, and that the statements were predictions based on Cadence's current expectations about future events and that actual results could vary materially as a result of certain factors, including but not limited to, those expressed in the statements, and that such statements must be analyzed in the context of other public statements made by Defendants.

## SEVENTH DEFENSE

Plaintiff and/or any members of the class Plaintiff purports to represent were expressly advised in Cadence's public filings, prospectuses, public statements, and otherwise regarding the material facts and risks concerning their investments, including but not limited to Cadence's software licensing model, and such facts and risks were otherwise known to the market and the investment community.  Plaintiff and/or any members of the putative class thus had actual or constructive knowledge of, and thus knew or should have known of, the risks associated with Cadence's business and in failing to consider these risks, Plaintiff and/or any members of the putative class assumed the risk that such person or entity might be damaged by acquiring Cadence stock.  Plaintiff and/or any members of the putative class therefore are estopped from recovering any relief for any decline in the value of Cadence stock.

## EIGHTH DEFENSE

Plaintiff's claims and/or the claims of any members of the class Plaintiff purports to represent are barred, in whole or in part, because any increase or decrease in the value of Cadence's stock was

1   and is the result of market conditions, changed economic circumstances, and changed investor

2   expectations or other factors, including but not limited to the economic downturn affecting the eDA

3   industry and economy as a whole in 2008, unrelated to each alleged misrepresentation, false

4   statement, or omission set forth in the Amended Complaint.  No action or inaction by Defendants is

5   the cause, in law or in fact, of any injury Plaintiff and the members of the putative class may have

6   suffered, and their alleged losses were not actually or proximately caused by Defendants.

7   <u>**NINTH DEFENSE**</u>

8   　　　Plaintiff's claims and/or the claims of any members of the class that Plaintiff purports to

9   represent are barred, in whole or in part, for lack of loss causation, because the alleged

10   misrepresentations, false statements, and omissions set forth in the Amended Complaint were not the

11   cause of any alleged injury, loss or damages claimed by Plaintiff, but rather any such injury, loss or

12   damages were the result of various non-actionable factors, including but not limited to changed

13   economic circumstances, changed investor expectations, and firm-specific and industry-specific

14   information.  For example, the decline in value of Cadence's stock on July 24, 2008 occurred the day

15   after Cadence announced a reduced revenue and earnings forecast for the remainder of 2008, the

16   same day as Cadence announced a shift in its licensing model, and in the midst of a severe economic

17   downturn affecting the eDA industry and the economy as a whole.

18   <u>**TENTH DEFENSE**</u>

19   　　　Plaintiff's claims and/or the claims of any members of the class that Plaintiff purports to

20   represent are barred, in whole or in part, because they knew, or in the exercise of reasonable care

21   should have known, of the supposedly concealed or misrepresented facts alleged in the Amended

22   Complaint regarding Cadence's licensing model shift, deal pipeline, and general business strategy, as

23   well as the challenging sales environment, because such information was publicly disclosed or was in

24   the public domain and, as such, was available to Plaintiff and/or any members of the putative class,

25   and Plaintiff and any such members of the putative class were thus negligent with respect to the

26   purchase of their Cadence shares.  This negligence was the cause in fact and proximate cause of the

27   damages allegedly suffered by Plaintiff and/or any members of the putative class, if any.

28

1

### ELEVENTH DEFENSE

2
Some or all of the allegedly false or misleading statements set forth in the Amended

3 Complaint were not reasonably relied upon by Plaintiff and/or certain members of the putative class,

4 because the subject of the alleged misrepresentations, false statements, and omissions set forth in the

5 Amended Complaint was publicly disclosed or was in the public domain and, as such, was available

6 to Plaintiff and and/or any members of the putative class, and was at all times reflected in the price of

7 Cadence's stock.

8

### TWELFTH DEFENSE

9
Plaintiff's claims and/or the claims of any members of the class that Plaintiff purports to

10 represent are barred, in whole or in part, because every material statement, act or omission by

11 Defendants alleged in the Amended Complaint, if made or taken at all, including but not limited to

12 any statement relating to Cadence's earnings and revenue results for the first and second quarters of

13 2008 and revenue and earnings forecasts for the second and third quarters of 2008, was made or taken

14 in good faith reliance on the statements and representations of others.  Defendants believed to be true

15 the representations, if any, made by Defendants to Plaintiff and/or any members of the putative class,

16 and that such statements were merely affirmations of value and/or statements solely purporting to be

17 Defendants' opinions, and could not have reasonably known that any of the challenged statements

18 were materially false or misleading when made.

19

### THIRTEENTH DEFENSE

20
In executing or authorizing the execution and/or publication of any document containing any

21 of the statements complained of in the Amended Complaint, the Individual Defendants executing or

22 authorizing the execution and/or publication of such documents were entitled to, and did, reasonably

23 and in good faith, rely upon the work and conclusions of other professionals and experts.

24

### FOURTEENTH DEFENSE

25
Any recovery for damages allegedly incurred by Plaintiff and/or any members of the class

26 that Plaintiff purports to represent, if any, is limited to the percentage of responsibility of Defendants

27 in proportion to the total fault of all persons, named as parties to this action or not, who caused or

28 contributed to any such alleged damages, pursuant to the Proportionate Liability provisions of the

1   Private Securities Litigation Reform Act of 1995, as codified at 15 U.S.C. § 78u-4(f)(3)(A).

2                                **FIFTEENTH DEFENSE**

3           Any recovery for damages allegedly incurred by Plaintiff and/or any members of the class

4   that Plaintiff purports to represent, if any, is subject to offset in the amount of any tax benefits

5   actually received by Plaintiff and/or any members of the putative class through their investments.

6                                **SIXTEENTH DEFENSE**

7           Plaintiff's Section 20(a) claims and/or the claims of any members of the class that Plaintiff

8   purports to represent are barred, in whole or in part, because Plaintiff cannot establish the primary

9   liability necessary to support such claims, and because the Individual Defendants did not directly or

10  indirectly induce the act or acts constituting the alleged violations and causes of action under Section

11  20(a) of the Securities Act of 1934.

12                              **SEVENTEENTH DEFENSE**

13          Defendant Bushby is neither alleged to have made any of the alleged misrepresentations, false

14  statements, or omissions alleged in the Amended Complaint, nor to have participated in the

15  preparation of any of the statements incorporated in Cadence's public filings or press releases, and

16  Defendant Bushby therefore cannot be liable for violation of Section 10(b) of the Securities

17  Exchange Act of 1934, as codified at 15 U.S.C. § 78j(b), or Securities and Exchange Commission

18  Rule 10b-5, as codified at 17 C.F.R. § 240.10b-5.

19

20

21

22

23

24

25

26

27

28

Gibson, Dunn &
Crutcher LLP

75

1

### **PRAYER**

2      WHEREFORE, Defendants Cadence Design Systems, Inc., Michael J. Fister, Kevin S.

3 Palatnik, William Porter, and Kevin Bushby pray that the Court enter judgment as follows:

4      1.  In Defendants' favor on all of Plaintiff's claims, dismissing such claims with prejudice;

5      2.  That Plaintiff and other members of the purported class take nothing by Plaintiff's

6          complaint;

7      3.  Awarding Defendants their reasonable costs and expenses incurred in the defense of this

8          action; and

9      4.  Awarding such other relief as the Court may deem just and proper.

10

11 DATED:  April 30, 2010                    GIBSON, DUNN & CRUTCHER LLP

12

13                                           By: _____/s/ Ethan D. Dettmer_____
                                                        Ethan D. Dettmer
14
                                             Attorneys for Defendants
15                                           CADENCE DESIGN SYSTEMS, INC., MICHAEL J.
                                             FISTER, KEVIN S. PALATNIK, WILLIAM PORTER
16                                           and KEVIN BUSHBY

17
   100827075_12.DOC
18

19

20

21

22

23

24

25

26

27

28

Gibson, Dunn &
Crutcher LLP

DEFENDANTS' ANSWER TO FIRST AMENDED COMPLAINT                    CASE NO. C-08-4966