GIBSON, DUNN & CRUTCHER LLP
TIMOTHY K. ROAKE, SBN 99539
troake@gibsondunn.com
SALLY J. BERENS, SBN 218880
sberens@gibsondunn.com
1881 Page Mill Road
Palo Alto, California 94304
Telephone: (650) 849-5300
Facsimile: (650) 849-5333

ETHAN D. DETTMER, SBN 196046
edettmer@gibsondunn.com
MATTHEW S. KAHN, SBN 261679
mkahn@gibsondunn.com
555 Mission Street, Suite 3000
San Francisco, California 94105
Telephone: (415) 393-8200
Facsimile: (415) 393-8306

Attorneys for CADENCE DESIGN SYSTEMS, INC., MICHAEL J. FISTER, KEVIN S. PALATNIK, WILLIAM PORTER and KEVIN BUSHBY

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| In re CADENCE DESIGN SYSTEMS, INC. SECURITIES AND DERIVATIVE LITIGATION | CASE NO. C-08-4966 SC<br><br>CLASS ACTION<br><br>STIPULATION AND [PROPOSED] ORDER SHORTENING TIME [CIV. L.R. 6-2 & 7-12] |
| This Document Relates To:<br><br>     ALL CASES | |

**STIPULATION AND [PROPOSED] SCHEDULING ORDER SHORTENING TIME**

WHEREAS, the first complaint in these related actions was filed on October 29, 2008;

WHEREAS, on March 4, 2009, the Court entered an Order consolidating three related securities litigation cases, appointing Alaska Electrical Pension Fund as the lead plaintiff, and approving the selection of Lead Counsel (the "Securities Action");

WHEREAS, on April 24, 2009, Lead Plaintiff in the Securities Action filed a consolidated complaint against defendants Cadence Design Systems, Inc. ("Cadence"), and Michael J. Fister, Kevin S. Palatnik, William Porter, and Kevin Bushby (together with Cadence, the "Securities Action Defendants");

WHEREAS, on September 11, 2009, the Court entered an order dismissing the consolidated complaint in the Securities Action without prejudice; on October 13, 2009, Lead Plaintiff in the Securities Action filed an amended consolidated complaint (the "First Amended Complaint"); and on March 2, 2010, the Court entered an order denying Defendants' motion to dismiss the First Amended Complaint in the Securities Action;

WHEREAS, in 2010, shareholder derivative actions captioned *Hamilton v. Fister, et. al.*, Case No. CV-10-01849-SC (filed April 28, 2010), *Samani v. Fister, et al.*, Case No. CV-10-3607-SC and *Powers v. Fister, et al.*, Case No. CV-10-3627-SC (both filed August 16, 2010) (together, the "Derivative Actions"), were filed on behalf of Cadence against Michael J. Fister, Kevin S. Palatnik, William Porter, Kevin Bushby, James J. Cowie, R.L. Smith McKeithen, James S. Miller, John B. Shoven, Lip-Bu Tan, Alberto Sangiovanni-Vincentelli, Donald L. Lucas, Roger S. Siboni, George M. Scalise, and John A.C. Swainson (collectively, the "Derivative Action Individual Defendants"), asserting factual allegations related to those in the Securities Action;

WHEREAS, on July 7, 2010, the Court entered an order staying the Securities Action in its entirety to facility the parties' efforts to reach a negotiated resolution, and on August 25, 2010, the parties participated in a mediation with the Honorable Edward A. Infante (Ret.), but did not reach a negotiated resolution of this case;

WHEREAS, since that time, the parties continued their settlement discussions;

WHEREAS, on September 24, 2010, the Court entered an Order relating the Derivative

Actions to the Securities Action, staying the Derivative Actions pending the parties' ongoing settlement discussions, and scheduling a case management conference on January 7, 2011;

WHEREAS, on January 7, 2011, the Court entered an Order continuing the case management conference until July 8, 2011 and extending the litigation stay in order to facilitate the parties' ongoing settlement efforts;

WHEREAS, on February 8, 2011, the parties participated in a further mediation session with Judge Infante (Ret.), which resulted in an agreement in principle for a negotiated resolution of the Securities Action and the Derivative Actions;

WHEREAS, on June 7, 2011, the parties to the Securities Action executed a Stipulation of Settlement ("Securities Stipulation");

WHEREAS, on June 7, 2011, the parties to the Derivative Actions executed a Stipulation of Settlement ("Derivative Stipulation");

WHEREAS, concurrently herewith, Plaintiffs in the Securities Action have filed a motion with the Court requesting an order: preliminarily approving the Securities Stipulation and settlement; certifying a Class (for settlement purposes only); scheduling a hearing to determine whether the settlement of the Securities Action is fair, reasonable, and adequate to the Class; and approving the proposed Notice of Pendency and Proposed Settlement of Class Action (the "Securities Motion");

WHEREAS, concurrently herewith, Plaintiffs in the Derivative Actions have filed a motion with the Court requesting an order: preliminarily approving the Derivative Stipulation and settlement; scheduling a hearing to determine whether the proposed settlement of the Derivative Actions is fair, reasonable, and adequate to Cadence and Current Cadence Stockholders (as defined in the Derivative Stipulation); and approving the proposed Notice of Settlement and Summary Notice of Settlement (the "Derivative Motion," and, collectively with the Securities Motion, the "Motions");

WHEREAS, Civil Local Rule 7-2(a) requires that a motion be noticed for a date not less than 35 days after service of the motion;

WHEREAS, the Securities Action Defendants do not oppose the Securities Motion, Cadence and the Derivative Action Individual Defendants do not oppose the Derivative Motion, and the parties do not anticipate any other opposition to the Motions;

1  WHEREAS, the parties, through counsel, believe that it is in the best interests of the parties
2  and the Court, and in the interests of justice, to expedite the Court's consideration of the Motions and
3  preliminary approval of the settlements of the Securities Action and the Derivative Action;

4  WHEREAS, the parties, through counsel, believe that the Motions are appropriate for
5  resolution without hearing, unless the Court believes that a hearing would be beneficial;

6  WHEREAS, in accordance with Local Rule 6-2(a)(2), the time modifications made to date in
7  this action are as follows:

- On November 25, 2008, pursuant to stipulation, the Court entered an Order enlarging defendants' time to respond to the complaint in the Securities Action (Docket No. 7);
- On February 2, 2009, pursuant to stipulation, the Court entered an Order vacating a case management conference scheduled for February 6, 2009 (Docket No. 34);
- On March 10, 2009, pursuant to stipulation, the Court entered an Order setting a schedule for the filing of a consolidated complaint in the Securities Action, defendants' responsive pleadings, and any responses thereto (Docket No. 38);
- On October 20, 2009, pursuant to stipulation, the Court entered an Order setting a schedule for defendants' responsive pleadings to the First Amended Complaint (and any responses thereto) (Docket No. 56);
- On March 16, 2010, pursuant to stipulation, the Court entered an Order enlarging defendants' time to answer the First Amended Complaint (Docket No. 75);
- On June 21, 2010, pursuant to stipulation, the Court entered an Order continuing the hearing on defendants' Motion for Partial Summary Judgment in the Securities Action until July 9, 2010 (Docket No. 125);
- On July 7, 2010, pursuant to stipulation, the Court entered an Order staying the Securities Action (Docket No. 131);
- On September 24, 2010, the Court entered an Order staying the Derivative Actions and scheduling a case management conference for January 7, 2011 (Docket No. 136);

Gibson, Dunn & Crutcher LLP

STIPULATION AND [PROPOSED] ORDER SHORTENING TIME                     CASE NO. C-08-4966 SC

- On January 7, 2011, pursuant to stipulation, the Court entered an Order continuing the January 7, 2011 case management conference until July 8, 2011 and extending the litigation stay (Docket No. 145); and

WHEREAS, the parties believe the requested time modification will have no other effect on the current schedule of the litigation.

THEREFORE, IT IS HEREBY STIPULATED AND AGREED, pursuant to Civil L.R. 6-1(b), by and between the parties, through their respective attorneys of record, based on the foregoing, and subject to the approval of the Court, that:

1. The Motions be heard on shortened time and without hearing (unless the Court believes a hearing will be beneficial, in which case the parties would be happy to appear); and
2. The Parties respectfully request that the Court enter the proposed preliminary approval orders submitted with such Motions at the earliest possible date.

DATED: June 15, 2011         GIBSON, DUNN & CRUTCHER LLP

                             By: _____/s/ Ethan D. Dettmer_____
                                        Ethan D. Dettmer

                             Attorneys for Cadence Design Systems, Inc. (in the Securities and Derivative Actions), and Michael J. Fister, Kevin S. Palatnik, William Porter and Kevin Bushby (in the Securities Actions)

DATED: June 15, 2011         ROBBINS GELLER RUDMAN & DOWD LLP

                             By: _____/s/ Jeffrey D. Light_____
                                        Jeffrey D. Light

                             Attorneys for Alaska Electrical Pension Fund

DATED: June 15, 2011         SKADDEN ARPS SLATE MEAGHER & FLOM LLP

                             By: _____/s/ Garrett J. Waltzer_____
                                        Garrett J. Waltzer

                             Attorneys for Lip-Bu Tan, Alberto Sangiovanni-Vincentelli, Michael J. Fister, John B. Shoven, Donald L. Lucas, George M. Scalise, Roger S. Siboni, and John A. Swainson

DATED: June 15, 2011                HOGAN LOVELLS US LLP

                                    By: _____/s/ Douglas M. Schwab_____
                                            Douglas M. Schwab

                                    Attorneys for William Porter, Kevin S. Palatnik, R.L.
                                    Smith McKeithen, James S. Miller and James J. Cowie

DATED: June 15, 2011                DLA PIPER US LLP

                                    By: _____/s/ Shirli Fabbri Weiss_____
                                            Shirli Fabbri Weiss

                                    Attorneys for Kevin S. Bushby

DATED: June 15, 2011                THE WEISER LAW FIRM, P.C.

                                    By: _____/s/ Kathleen A. Herkenhoff_____
                                            Kathleen A. Herkenhoff

                                    Attorneys for Walter Hamilton

DATED: June 15, 2011                KESSLER TOPAZ MELTZER & CHECK LLP

                                    By: _____/s/ Eric Zagar_____
                                            Eric Zagar

                                    Attorneys for Arash Sargani & George Powers

PURSUANT TO STIPULATION, IT IS SO ORDERED.

DATED: 6/20/11

                                    _____
                                            Judge Samuel Conti

**DENIED** [stamp with signature of Judge Samuel Conti, seal of United States District Court, Northern District of California]

5

STIPULATION AND [PROPOSED] ORDER SHORTENING TIME                    CASE NO. C-08-4966 SC

Gibson, Dunn &
Crutcher LLP

**ATTESTATION PURSUANT TO GENERAL ORDER NO. 45**

Pursuant to General Order No. 45 of the Northern District of California, I attest that concurrence in the filing of this document has been obtained from the other signatory to this document.

By: _____/s/ *Ethan D. Dettmer*_____
            Ethan D. Dettmer

# CERTIFICATE OF SERVICE

I, the undersigned, declare that I am employed in the County of Santa Clara, State of California; I am over the age of eighteen years and am not a party to this action; my business address is 1881 Page Mill Road, Palo Alto, California, 94304, in said County and State. On the date indicated below, I served the within:

**STIPULATION AND [PROPOSED] ORDER SHORTENING TIME [CIV. L.R. 6-2 & 7-12]**

To all interested parties as follows:

☒ **BY ECF (ELECTRONIC CASE FILING):** I e-filed the above-detailed documents utilizing the United States District Court, Northern District of California's mandated ECF (Electronic Case Filing) service on December 30, 2010. Counsel of record are required by the Court to be registered e-filers, and as such are automatically e-served with a copy of the documents upon confirmation of e-filing.

I certify under penalty of perjury that the foregoing is true and correct, that the foregoing document(s) were printed on recycled paper, and that this Certificate of Service was executed by me on June 15, 2011, at Palo Alto, California.

                                 */s/ Melinda A. McCrory*
                                 Melinda A. McCrory

100958250_2.DOC

Gibson, Dunn & Crutcher LLP

STIPULATION AND [PROPOSED] ORDER SHORTENING TIME          CASE NO. C-08-4966 SC