IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re CADENCE DESIGN SYSTEMS, INC. SECURITIES LITIGATION | Case No. 08-4966 SC |
| | ORDER RE: MOTIONS FOR SETTLEMENT |
| This Order Relates to: | |
| CASE NOS. 08-4966 SC, 08-5027 SC, 08-5273 SC, 10-3627 SC, 10-1849 SC, and 10-3607 SC. | |

## I.  **INTRODUCTION**

Before the Court are two unopposed motions for settlement of these related actions.  Alaska Electrical Pension Fund ("Alaska"), Lead Plaintiff in the consolidated putative class action, has filed a Motion for Preliminary Approval of Class Action Settlement.  ECF No. 149 ("Class Action Mot.").[1]  The Shareholder Plaintiffs ("Shareholders") in the three related shareholder derivative actions have filed a Motion for Preliminary Approval of Derivative Settlement.  ECF No. 151 ("Deriv. Mot.").[2]  For the following reasons, the Court DEFERS ruling on these motions and invites Plaintiffs to amend their motions or file supplemental papers.

---

[1] All ECF numbers refer to the lead case, 08-4966 SC.

[2] The Court refers to Alaska and Shareholders collectively as "Plaintiffs."

United States District Court
For the Northern District of California

**II.   BACKGROUND**

On October 29, 2008, Plaintiff Changhui Hu ("Hu") filed a Complaint alleging violation of federal securities laws by Cadence Design Systems, Inc. ("Cadence"), a publicly traded company, and its officers Michael J. Fister, William Porter, and Kevin S. Palatnik ("Individual Defendants") (collectively, "Defendants"). ECF No. 1 ("Hu Compl."). Hu alleged that Defendants made false and misleading statements regarding Cadence's revenue in the first and second quarters of 2008, and he claimed that these statements artificially inflated Cadence's stock price, thus effecting fraud on the market. Id. Hu sought to represent a class of all persons who purchased Cadence common stock during the relevant period. Id.

Shortly thereafter, two similar actions were filed against Cadence and its officers by purchasers of Cadence stock. Case Nos. 08-5027, 08-5273. On March 4, 2009, the Court consolidated the three actions and appointed Alaska as lead plaintiff in the consolidated putative class action. ECF No. 36. On September 11, 2009, the Court granted Cadence's motion to dismiss the action, finding that the consolidated complaint had failed to allege facts supporting an inference that Defendants intentionally falsified Cadence's financial data. ECF No. 48. Alaska filed an amended complaint. ECF No. 53. On March 2, 2010, the Court denied Cadence's second motion to dismiss, finding that Alaska had cured the pleading defects of the earlier complaint. ECF No. 71.

During 2010, three shareholder derivative actions were filed against Cadence. Case Nos. 10-3627, 10-1849, 10-3607. In these actions, Shareholders alleged, inter alia, that various Individual Defendants breached their fiduciary duty owed to Cadence and

**United States District Court**
For the Northern District of California

1   committed waste and professional negligence by falsely reporting

2   Cadence's revenue during 2008.  <u>Id.</u>  On September 24, 2010, the

3   Court related the consolidated class action with these shareholder

4   derivative actions and stayed litigation pending settlement

5   discussions.  ECF No. 136.

6         On June 15, 2011, Alaska and Shareholders separately moved for

7   settlement of the consolidated class action and the shareholder

8   derivative actions.  <u>See</u> Mots.

9

10  **III.  <u>LEGAL STANDARDS</u>**

11        **A.   <u>Preliminary Approval of a Class Action Settlement</u>**

12        No class action may be settled without court approval.  Fed.

13  R. Civ. P. 23(e).  When the parties to a putative class action

14  reach a settlement agreement prior to class certification, "courts

15  must peruse the proposed compromise to ratify both the propriety of

16  the certification and the fairness of the settlement." <u>Staton v.</u>

17  <u>Boeing Co.</u>, 327 F.3d 938, 952 (9th Cir. 2003).  First, the Court

18  must assess whether a class exists.  <u>Id.</u> (citing <u>Amchem Prods. Inc.</u>

19  <u>v. Windsor</u>, 521 U.S. 591, 620 (1997)).  Second, the court must

20  determine whether the proposed settlement "is fundamentally fair,

21  adequate, and reasonable." <u>Hanlon v. Chrysler Corp.</u>, 150 F.3d

22  1011, 1026 (9th Cir. 1998).  The court must also ensure that the

23  proposed form of notice to all class members who would be bound by

24  the settlement constitutes "the best notice practicable under the

25  circumstances."  Fed. R. Civ. P. 23(e)(1) & (c)(2).

26        **B.   <u>Preliminary Approval of a Derivative Action Settlement</u>**

27        Rule 23.1(c) of the Federal Rules of Civil Procedure provides:

28  "A derivative action may be settled, voluntarily dismissed, or

United States District Court
For the Northern District of California

1   compromised only with the court's approval.  Notice of a proposed

2   settlement, voluntary dismissal, or compromise must be given to

3   shareholders or members in the manner that the court orders."

4   Within the Ninth Circuit, Rule 23's requirements for approval of

5   class action settlements apply to proposed settlements of

6   derivative actions.  In re Pacific Enterprises Sec. Litig., 47 F.3d

7   373, 377 (9th Cir. 1995).

8

9   IV.  **DISCUSSION**

10       A.  **Preliminary Approval of Class Action Settlement**

11       Under the proposed class action settlement, Cadence would pay

12  $38 million into an escrow account to establish a settlement fund.

13  Class Action Mot. at 1-2.  This amount would be distributed to

14  class members after settlement administration costs, attorneys'

15  fees and expenses, and taxes are paid.  Id. at 5.  The motion is

16  silent on the amount of attorneys' fees and expenses Alaska will

17  seek, but the proposed notice filed in support of the motion states

18  that Alaska will ask the Court for an award of twenty-five percent

19  of the settlement fund ($9.5 million) and up to $800,000 in

20  expenses.  ECF No. 148 ("Class Action Stip.") Ex. A-1 ("Prop.

21  Notice").  The motion is also silent on the amount of taxes and

22  administration costs to be deducted from the settlement.

23       No class has been certified in this putative class action, and

24  thus Alaska seeks both preliminary approval of the class action

25  settlement and certification of the class.  However, there is no

26  discussion of Federal Rule of Civil Procedure 23's requirements for

27  class certification in Alaska's Motion.  Alaska has not even

28  attempted to estimate the size of the proposed class or the value

4

of the settlement to the average class member.  The Court will not
preliminarily approve a settlement and certify a class until it is
convinced Rule 23's requirements are satisfied.  Similarly, given
the minimal information provided about the class and the proposed
settlement, the Court cannot even preliminarily conclude that the
proposed settlement is "fair, adequate, and reasonable" to the
class.

Additionally, given the minimal discussion of the proposed
notice program in Alaska's motion, the Court cannot conclude that
the proposed notice program is adequate.  Alaska provides that the
notice of proposed settlement will be "disseminated to all persons
who fall within the definition of the Class and whose names and
addresses can be identified from Cadence's transfer records."
Class Action Mot. at 9.  It does not attempt to estimate how many
names and addresses are known, or whether this contact information
is current.  It does not describe how this notice will be
delivered, or how claim and release forms will be disseminated.
The settlement also provides for the proposed claims administrator,
Gilardi & Co. LLC ("Gilardi") to "send[] out letters to entities
which commonly hold securities in 'street name' as nominees for the
benefit of their customers who are the beneficial purchasers of the
securities."  Id.  Alaska does not provide an example of one of
these "letters" to be sent, nor does it estimate how many members
of the class do not hold securities in their own name.  The
settlement provides that a summary notice will be published as an
advertisement in Investor's Business Daily.  Alaska provides no
information from which the Court could conclude that publishing of
summary notice will adequately reach a portion of the class.

**United States District Court**
For the Northern District of California

**United States District Court**
For the Northern District of California

1    In sum, Alaska's motion is woefully inadequate.  While a

2   detailed cataloging of its deficiencies is beyond the purview of

3   the Court, the Court considers Alaska's failure to properly discuss

4   notice to be its most egregious.  The Court directs Alaska to the

5   Federal Judicial Center's Class Action Notice and Claims Process

6   Checklist and Plain Language Guide, available through the Federal

7   Judicial Center web site, for additional guidance.  The Court also

8   refers Alaska to recent orders the Court has issued in other class

9   actions to show the level of scrutiny it applies in deciding

10   settlement motions.  <u>E.g.</u>, <u>Walter v. Hughes Comm'ns, Inc.</u>, No. 09-

11   2136, 2011 WL 3650711 (N.D. Cal. July 6, 2011); <u>Pokorny v. Quixtar</u>

12   <u>Inc.</u>, No. 07-0201 (N.D. Cal. Dec. 28, 2010 and July 20, 2011); <u>Song</u>

13   <u>v. KLM Group, Inc.</u>, No. 10-3583 (N.D. Cal. June 23, 2011); <u>see</u> <u>also</u>

14   <u>Arellano v. T-Mobile USA, Inc.</u>, No 10-5663, 2011 U.S. Dist. LEXIS

15   21441 (N.D. Cal. Mar. 3, 2011) (providing factors that will

16   typically be considered in determining whether to grant preliminary

17   approval of a class settlement).

18       **B.   Preliminary Approval of Derivative Action Settlement**

19    Under the proposed derivative action settlement, Cadence would

20   alter its corporate governance practices in a manner Shareholders

21   argue would strengthen Cadence's internal controls.  Deriv. Mot. at

22   3.  The only economic recovery contemplated in the settlement is a

23   payment of $1,750,000 in attorneys' fees by Cadence to Plaintiff's

24   counsel and service awards of $2,500 to each Shareholder.  <u>Id.</u> at

25   3-4.  The proposed form of notice to shareholders is not discussed

26   in the motion, although in a section entitled "Proposed Schedule of

27   Events," the parties propose "[n]otice published in Investor's

28   Business Daily" and "Filing of Notice via Form 8-K with the SEC"

five days after the Court grants preliminary approval.  Id. at 19.

The Court finds that Shareholders' motion suffers from similar defects as Alaska's motion.  As such, the Court cannot determine, at this juncture, if the proposed derivative settlement is fair and reasonable and if the proposed notice is adequate.

**V.    CONCLUSION**

For the above reasons, the Court finds it lacks the information required to preliminarily approve the proposed class action and derivative settlements.  Accordingly, it DEFERS ruling on Plaintiffs' Motion for Preliminary Approval of Class Action Settlement and Plaintiffs' Motion for Preliminary Approval of Derivative Settlement, and it invites Plaintiffs to file supplemental briefing or amended motions addressing the above issues.  Plaintiffs' deadline to file amended motions or additional papers in support of their motions is thirty (30) days from the date of this Order.


IT IS SO ORDERED.


Dated: August 26, 2011

UNITED STATES DISTRICT JUDGE