THE WEISER LAW FIRM, P.C.
KATHLEEN A. HERKENHOFF (168562)
12707 High Bluff Drive, Suite 200
San Diego, CA 92130
Telephone: 858/794-1441
Facsimile: 858/794-1450
kah@weiserlawfirm.com

THE WEISER LAW FIRM, P.C.
ROBERT B. WEISER
BRETT D. STECKER
JEFFREY J. CIARLANTO
121 N. Wayne Avenue, Suite 100
Wayne, PA 19087
Telephone: 610/225-2677
Facsimile: 610/225-2678

Attorneys for Plaintiff Walter Hamilton

[Additional counsel appear on signature page]

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| In re CADENCE DESIGN SYSTEMS, INC. SECURITIES AND DERIVATIVE LITIGATION | No. C-08-4966 SC |
| | [PROPOSED] ORDER PRELIMINARILY APPROVING DERIVATIVE SETTLEMENT AND PROVIDING FOR NOTICE |
| This Document Relates To: | |
| Nos. CV-10-01849-SC, CV-10-03607-SC, and CV-10-03627-SC. | CTRM:   The Honorable Samuel Conti Courtroom 1, 17th Floor |

1   WHEREAS, the Settling Parties have made an application for an order: (i) preliminarily

2   approving the proposed settlement (the "Settlement") of the three related shareholder derivative

3   actions pending in this Court entitled: *Hamilton v. Fister, et al.*, Case No. CV-10-01849-SC,

4   *Samani v. Fister, et al.*, Case No. CV-10-03607-SC, and *Powers v. Fister, et al.*, CV-10-03627-SC

5   (collectively, the "Federal Actions"), in accordance with a Stipulation of Settlement dated June 7,

6   2011 and the exhibits thereto (the "Stipulation"), and (ii) approving for distribution of the Notice of

7   Settlement (the "Notice").

8   WHEREAS, the Stipulation sets forth the terms and conditions for the Settlement, including

9   but not limited to: (i) a proposed Settlement and dismissal of the Federal Actions and State Action

10   (collectively, the "Actions") with prejudice as to the Released Persons; (ii) an award of attorneys'

11   fees and expenses to Plaintiffs' Counsel in the Actions, upon the terms and conditions set forth in the

12   Stipulation (the "Fee Award"); and (iii) awards in the amount of $2,500 to each of the Plaintiffs (the

13   "Special Awards") to be paid from the Fee Award prior to its distribution among Plaintiffs' Counsel;

14   WHEREAS, the Settlement appears to be the product of serious, informed, non-collusive

15   negotiations and falls within the range of reasonable approval;

16   WHEREAS, all capitalized terms contained herein shall have the same meanings as set forth

17   in the Stipulation (in addition to those capitalized terms defined herein); and

18   WHEREAS, this Court, having considered the Stipulation and the exhibits annexed thereto

19   and having heard the arguments of the Settling Parties at the preliminary approval hearing:

20   NOW THEREFORE, IT IS HEREBY ORDERED:

21   1.   This Court does hereby preliminarily approve, subject to further consideration at the

22   Settlement Hearing described below, the Stipulation and the Settlement set forth therein, including

23   the terms and conditions for: (a) a proposed Settlement and dismissal of the Actions with prejudice

24   as to the Released Persons; (b) the Fee Award; and (c) the Special Awards.

25   2.   A hearing (the "Settlement Hearing") shall be held before this Court on February 24,

26   2012, at 10:00 a.m., in Courtroom 1 of the United States District Court for the Northern District of

27   California, located at 450 Golden Gate Avenue, San Francisco, California 94102, to finally

28   determine whether:

[~~PROPOSED~~] ORDER PRELIMINARILY APPROVING DERIVATIVE SETTLEMENT AND
PROVIDING FOR NOTICE - No. C-08-4966 SC                                    - 1 -

(a) the terms and conditions of the Settlement provided for in the Stipulation are fair, reasonable, adequate, and in the best interests of Cadence and Current Cadence Stockholders (as defined in the Stipulation);

(b) a Final Judgment and Order of Dismissal as provided for in ¶1.10 of the Stipulation should be entered;

(c) to award the Fee Award to Plaintiffs' Counsel; and

(d) to award the Special Awards to each of the Plaintiffs in the Actions.

3. The Court approves, as to form and content, the Notice and Summary Notice annexed as Exhibits A-1 and A-2 hereto, and finds that the filing of the Stipulation and publication of the Notice and Summary Notice, substantially in the manner and form set forth in ¶¶4.1-4.2 of the Stipulation, meets the requirements of due process, as well as Federal Rule of Civil Procedure 23.1, is the best notice practicable under the circumstances, and shall constitute due and sufficient notice to all Persons entitled thereto of all matters relating to the Settlement.

4. Not later than five (5) days following entry of this Order, Cadence shall cause a copy of the Notice to be filed with the Securities and Exchange Commission via a Current Report on Form 8-K, a copy of which will be posted to the "Investor Relations" section of Cadence's website (http://www.cadence.com).

5. Not later than five (5) days following entry of this Order, Cadence shall cause a copy of the Summary Notice to be published one time in *Investor's Business Daily.*

6. All costs incurred in the filing of the Notice with the Securities and Exchange Commission, and the one time publication of the Summary Notice in *Investor's Business Daily,* shall be paid by Cadence, and Cadence shall undertake all administrative responsibility for such filing and publishing.

7. At least ten (10) court days prior to the Settlement Hearing, Cadence's counsel shall file with the Court and serve on all parties proof, by declaration, of such filing and publishing of the Notice and Summary Notice in accordance with ¶¶4-5.

[PROPOSED] ORDER PRELIMINARILY APPROVING DERIVATIVE SETTLEMENT AND PROVIDING FOR NOTICE - No. C-08-4966 SC

8.      All Current Cadence Stockholders shall be bound by all orders, determinations, and judgments in the Federal Actions concerning the Settlement, whether favorable or unfavorable to Current Cadence Stockholders.

9.      Pending final determination of whether the Settlement should be approved, no Current Cadence Stockholder shall commence or prosecute against any of the Released Persons any action or proceeding in any court or tribunal asserting any of the Released Claims.

10.      All papers in support of the Settlement and the award of attorneys' fees and expenses shall be filed with the Court and served at least thirty-five (35) days prior to the Settlement Hearing and any reply papers shall be filed with the Court at least fourteen (14) days prior to the Settlement Hearing.

11.      Any Current Cadence Stockholders may appear and show cause, if he, she or it has any reason why the terms of the Settlement should not be approved as fair, reasonable, and adequate, or why a judgment should not be entered thereon, provided, however, unless otherwise ordered by the Court, no Current Cadence Stockholder shall be heard or entitled to contest the approval of all or any of the terms and conditions of the Settlement, or, if approved, the Final Judgment and Order to be entered thereon approving the same, unless that Person has, at least twenty-one (21) days prior to the Settlement Hearing, filed with the Clerk of the Court and served on the following counsel (delivered by hand or sent by first-class mail) appropriate proof of stock ownership, along with written objections, including the basis therefore, and copies of any papers and briefs in support thereof:

***Counsel for Plaintiff Hamilton in the Federal Actions***

Kathleen A. Herkenhoff
THE WEISER LAW FIRM, P.C.
12707 High Bluff Drive, Suite 200
San Diego, CA 92130

[~~PROPOSED~~] ORDER PRELIMINARILY APPROVING DERIVATIVE SETTLEMENT AND
PROVIDING FOR NOTICE - No. C-08-4966 SC                                                  - 3 -

1    Robert B. Weiser
     Brett D. Stecker
2    Jeffrey J. Ciarlanto
     THE WEISER LAW FIRM, P.C.
3    121 North Wayne Avenue, Suite 100
     Wayne, PA 19087
4
5    Kip B. Shuman
     Rusty E. Glenn
6    THE SHUMAN LAW FIRM
     885 Arapahoe Ave.
7    Boulder, CO 80302

8    **_Counsel for Plaintiff Ury Priel in the State_**
     **_Action_**
9
10   William B. Federman
     FEDERMAN & SHERWOOD
11   10205 N. Pennsylvania Avenue
     Oklahoma City, OK 73120
12
13   **_Counsel for Cadence in the Actions_**

14   Ethan D. Dettmer
     Matthew S. Kahn
15   GIBSON, DUNN & CRUTCHER LLP
     555 Mission Street, Suite 3000
16   San Francisco, CA 94105

17   The written objections and copies of any papers and briefs in support thereof to be filed in Court

18   shall be delivered by hand or sent by first class mail to:

19   Clerk of the Court
     UNITED STATES DISTRICT COURT
20   450 Golden Gate Avenue
     San Francisco, CA 94102

21   Any Current Cadence Stockholder who does not make his, her or its objection in the manner

22   provided herein shall be deemed to have waived such objection and shall forever be foreclosed from

23   making any objection to the fairness, reasonableness or adequacy of the Settlement as incorporated

24   in the Stipulation and to the Fee Award and Service Awards, unless otherwise ordered by the Court,

25   but shall otherwise be bound by the Final Judgment and Order of Dismissal to be entered and the

26   releases to be given.

27

28

[PROPOSED] ORDER PRELIMINARILY APPROVING DERIVATIVE SETTLEMENT AND
PROVIDING FOR NOTICE - No. C-08-4966 SC                                          - 4 -

12.     Neither the Stipulation nor the Settlement, nor any act performed or document executed pursuant to or in furtherance of the Stipulation or the Settlement: (a) is or may be deemed to be or may be offered, attempted to be offered or used in any way by the Settling Parties as a presumption, a concession or an admission of, or evidence of, any fault, wrongdoing or liability of the Settling Parties or of the validity of any Released Claims; or (b) is intended by the Settling Parties to be offered or received as evidence or used by any other person in any other actions or proceedings, whether civil, criminal or administrative.   The Released Persons may file the Stipulation and/or the Order and Final Judgment in any action that may be brought against them in order to support a defense or counterclaim based on principles of *res judicata*, collateral estoppel, full faith and credit, release, standing, good faith settlement, judgment bar or reduction or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim; and any of the Settling Parties may file the Stipulation and documents executed pursuant and in furtherance thereto in any action to enforce the Settlement.

13.     The Court reserves the right to adjourn the date of the Settlement Hearing or modify any other dates set forth herein without further notice to Current Cadence Stockholders, and retains jurisdiction to consider all further applications arising out of or connected with the Settlement.   The Court may approve the Settlement, with such modifications as may be agreed to by the Settling Parties, if appropriate, without further notice to Current Cadence Stockholders.

IT IS SO ORDERED.

DATED:  November 15, 2011     _____
                                THE HONORABLE SAMUEL CONTI
                                SENIOR DISTRICT JUDGE

Submitted by:

THE WEISER LAW FIRM, P.C.
KATHLEEN A HERKENHOFF (168562)

_____
        KATHLEEN A HERKENHOFF

12707 High Bluff Drive, Suite 200
San Diego, CA 92130
Telephone: 858/794-1441
Facsimile: 858/794-1450

THE WEISER LAW FIRM, P.C.
ROBERT B. WEISER
BRETT D. STECKER
JEFFREY J. CIARLANTO
121 North Wayne Avenue, Suite 100
Wayne, PA 19087
Telephone: 610/225-2677
Facsimile: 610/225-2678

THE SHUMAN LAW FIRM
KIP B. SHUMAN
RUSTY E. GLENN
885 Arapahoe Ave.
Boulder, CO 80302
Telephone: 866/ 974-8626
Facsimile: 303/484-4886

Attorneys for Plaintiff Walter Hamilton