THE WEISER LAW FIRM, P.C.
KATHLEEN A. HERKENHOFF (168562)
12707 High Bluff Drive, Suite 200
San Diego, CA 92130
Telephone: 858/794-1441
Facsimile: 858/794-1450
kah@weiserlawfirm.com

THE WEISER LAW FIRM, P.C.
ROBERT B. WEISER
BRETT D. STECKER
JEFFREY J. CIARLANTO
121 N. Wayne Avenue, Suite 100
Wayne, PA 19087
Telephone: 610/225-2677
Facsimile:  610/225-2678

Attorneys for Plaintiff Walter Hamilton

(Additional counsel listed on signature page)

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re CADENCE DESIGN SYSTEMS, INC. SECURITIES AND DERIVATIVE LITIGATION | No. C-08-4966 SC<br><br>[PROPOSED] FINAL JUDGMENT AND ORDER OF DISMISSAL WITH PREJUDICE RE: DERIVATIVE LITIGATION |
| This Document Relates To:<br><br>　　Nos. CV-10-01849-SC, CV-10-03607-SC, and CV-10-03627-SC | DATE: February 24, 2012<br>TIME: 10:00 a.m.<br>CTRM: The Honorable Samuel Conti<br>　　　　Courtroom 1, 17th Floor |

1      This matter came before the Court for hearing pursuant to the Order of this Court, dated November 15, 2011 ("Order"), on the application of the parties for approval of the settlement ("Settlement") set forth in the Stipulation of Settlement dated June 7, 2011 (the "Stipulation"). Due and adequate notice having been given to the current Cadence Design Systems, Inc. ("Cadence") stockholders as required in said Order, and the Court having considered all papers filed and proceedings had herein and otherwise being fully informed in the premises and good cause appearing therefore, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that:

1. This Judgment incorporates by reference the definitions in the Stipulation, and all capitalized terms contained herein shall have the same meanings as set forth in the Stipulation (in addition to those capitalized terms defined herein).

2. This Court has jurisdiction over the subject matter of the Federal Actions, including all matters necessary to effectuate the Settlement, and over all parties to the Federal Actions, including the Plaintiffs, Cadence, the Current Cadence Stockholders and the Individual Defendants.

3. The Federal Actions and all claims contained therein, as well as all of the Released Claims, are dismissed with prejudice. As between Plaintiffs and the Individual Defendants, the parties are to bear their own costs, except as otherwise provided in the Stipulation regarding the Fee Award.

4. The Court finds that the Stipulation and Settlement are fair, reasonable, and adequate as to each of the Settling Parties, and hereby finally approves the Stipulation and Settlement in all respects, and orders the Settling Parties to perform its terms to the extent the Settling Parties have not already done so.

5. Upon the Effective Date, (i) Plaintiffs and Plaintiffs' Counsel, on their own behalf and derivatively on behalf of Cadence (as nominal defendant), (ii) Cadence and (iii) Current Cadence Stockholders shall be deemed to have, and by operation of the Final Judgment and Order shall have, fully, finally and forever released, relinquished, extinguished and discharged all Released Claims (including Unknown Claims) against each and all of the Released Persons and shall be permanently barred and enjoined from instituting, commencing or prosecuting or asserting any Released Claim against any of the Released Persons; provided, however, that nothing shall prevent

any of the Plaintiffs from submitting a claim (*i.e.*, Proof of Claim) or receiving any monetary or other distribution from any settlement of the Securities Action.

6. Upon the Effective Date, Cadence and each of the Individual Defendants shall be deemed to have, and by operation of the Final Judgment and Order shall have, fully, finally, and forever released, relinquished, extinguished and discharged Plaintiffs and Plaintiffs' Counsel from all claims (including Unknown Claims) arising out of, relating to or in connection with the institution, prosecution, assertion, Settlement or resolution of the Actions or the Released Claims. Nothing herein shall in any way impair or restrict the rights of Cadence or any Released Person to enforce the terms of the Stipulation

7. The Court finds that the notice given to Current Cadence Stockholders was the best notice practicable under the circumstances of these proceedings and of the matters set forth therein, including the proposed Settlement set forth in the Stipulation, to all Persons entitled to such notice, and said notice fully satisfied the requirements of Federal Rule of Civil Procedure 23.1 and the requirements of due process.

8. The Court hereby approves the Fee Award in accordance with the Stipulation and finds that the Fee Award is fair and reasonable. The Court hereby also approves the payment of Special Awards to Plaintiffs Walter Hamilton and Ury Priel in the amount of $2,500 each, payable from the Fee Award.

9. Neither the Stipulation (including any exhibits attached hereto) nor the Settlement, nor any act performed or document executed pursuant to or in furtherance of the Stipulation or the Settlement: (a) is or may be deemed to be or may be used as an admission of, or evidence of, the validity or invalidity of any Released Claim, or of any wrongdoing or liability or lack thereof of Cadence or the Individual Defendants and Released Persons; or (b) is or may be deemed to be or may be used as an admission of, or evidence of, any fault or omission or lack thereof of any of Cadence or the Individual Defendants and Released Persons in any proceeding of any kind or nature, including civil, criminal or administrative proceeding in any court, administrative agency or other tribunal. Cadence, the Individual Defendants and Released Persons may file the Stipulation and/or the Final Judgment and Order in any action that may be brought against them in order to support a

defense or counterclaim based on principles of *res judicata*, collateral estoppel, full faith and credit, release, standing, good faith settlement, judgment bar or reduction or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim. Plaintiffs, Cadence or any Current Cadence Stockholder may file the Stipulation in any proceeding brought to enforce any of its terms or provisions.

10. During the course of the litigation, the parties and their respective counsel at all times complied with the requirements of Federal Rule of Civil Procedure 11 and all other similar laws.

11. Without affecting the finality of this Judgment in any way, this Court hereby retains continuing jurisdiction over the Federal Actions and the parties to the Stipulation to enter any further orders as may be necessary to effectuate the Stipulation, the Settlement provided for therein, and the provisions of this Judgment.

12. This Judgment is a final, appealable judgment and should be entered forthwith by the Clerk in accordance with Rule 58, Federal Rules of Civil Procedure.

IT IS SO ORDERED.

DATED: April 23, 2012

HON. SAMUEL CONTI
UNITED STATES DISTRICT JUDGE

Submitted by:

THE WEISER LAW FIRM, P.C.
KATHLEEN A. HERKENHOFF (168562)
12707 High Bluff Drive, Suite 200
San Diego, CA 92130
Telephone: 858/794-1441
Facsimile: 858/794-1450
kah@weiserlawfirm.com

THE WEISER LAW FIRM, P.C.
ROBERT B. WEISER
BRETT D. STECKER
JEFFREY J. CIARLANTO
121 N. Wayne Avenue, Suite 100
Wayne, PA 19087
Telephone: 610/225-2677
Facsimile: 610/225-2678