UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re CADENCE DESIGN SYSTEMS, INC. SECURITIES LITIGATION ⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯ This Document Relates To:         Case Nos. 08-4966 SC, 08-5027 SC         and 08-5273 SC | No. C-08-4966 SC <br><br> <u>CLASS ACTION</u> <br><br> [PROPOSED] FINAL JUDGMENT AND ORDER OF DISMISSAL WITH PREJUDICE RE: SECURITIES CLASS ACTION <br><br> DATE:   February 24, 2012 <br> TIME:   10:00 a.m. <br> CTRM:   The Honorable Samuel Conti |

This matter came before the Court for hearing pursuant to the Order Preliminarily Approving Settlement and Providing for Notice ("Order") dated November 15, 2011, on the application of the parties for approval of the settlement set forth in the Stipulation of Settlement dated as of May 31, 2011 (the "Stipulation"). Due and adequate notice having been given to the Class as required in said Order, and the Court having considered all papers filed and proceedings had herein and otherwise being fully informed in the premises and good cause appearing therefore, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that:

1. This Judgment incorporates by reference the definitions in the Stipulation, and all terms used herein shall have the same meanings as set forth in the Stipulation, unless otherwise set forth herein.

2. This Court has jurisdiction over the subject matter of the Litigation and over all parties to the Litigation, including all Members of the Class.

3. The Court hereby finally certifies a Class defined as: "all Persons (other than those Persons who timely and validly requested exclusion from the Class as reflected on Exhibit 1 attached hereto) who purchased Cadence Publicly Traded Securities during the period from April 23, 2008 to December 10, 2008, inclusive, excluding the Defendants, members of the immediate family of the Individual Defendants, the directors, officers, subsidiaries, and affiliates of Cadence, any person, firm, trust, corporation, officer, director or other individual or entity in which any Defendant has a controlling interest, and the legal representatives, affiliates, heirs, successors-in-interest or assigns of any such excluded person."

4. Pursuant to Federal Rule of Civil Procedure 23, the Court hereby approves the settlement set forth in the Stipulation as fair, reasonable, and adequate.

5. Accordingly, the Court authorizes and directs implementation and performance of all the terms and provisions of the Stipulation, as well as the terms and provisions hereof. The Court

hereby dismisses the Litigation and all Released Claims of the Class with prejudice and without costs as to any party, except as and to the extent provided in the Stipulation and herein.

6. Upon the Effective Date hereof, the Lead Plaintiff, and each and every Class Member shall be deemed to have, and by operation of this Judgment shall have, fully, finally, and forever waived, released, relinquished, discharged, and dismissed each and every one of the Released Claims against each and every one of the Released Persons, whether or not such Class Member executes and delivers the Proof of Claim and Release, and whether or not such Class Member shares in the Settlement Fund.

7. All Class Members are hereby forever barred and enjoined from prosecuting any of the Released Claims against any of the Released Persons.

8. Upon the Effective Date, this Final Judgment and Order of Dismissal with Prejudice constitutes the final discharge of all Defendants' obligations in the Litigation.  Any and all future claims for contribution arising out of the Litigation by any person or entity against the Defendants or by any Defendant against any other person or entity are barred pursuant to 15 U.S.C. §78u-4(f)(7)(A).

9. Upon the Effective Date hereto, each of the Released Persons shall be deemed to have, and by operation of this Judgment shall have, fully, finally, and forever released, relinquished, and discharged Lead Plaintiff, each and all of the Class Members, Lead Counsel, and Plaintiffs' counsel from all claims (including Unknown Claims) arising out of, relating to, or in connection with the institution, prosecution, assertion, settlement or resolution of the Litigation or the Released Claims.

10. The Notice of Proposed Settlement of Class Action given to the Class was the best notice practicable under the circumstances, including the individual notice to all Members of the Class who could be identified through reasonable effort.  Said notice provided the best notice

practicable under the circumstances of those proceedings and of the matters set forth therein, including the proposed settlement set forth in the Stipulation, to all Persons entitled to such notice, and said notice fully satisfied the requirements of Federal Rule of Civil Procedure 23 and the requirements of due process.

11.  Any Plan of Allocation submitted by Lead Counsel or any order entered regarding any attorneys' fee and expense application shall in no way disturb or affect this Final Judgment and shall be considered separate from this Final Judgment.

12.  Neither the Stipulation nor the settlement contained therein, nor any act performed or document executed pursuant to or in furtherance of the Stipulation or the settlement: (a) is or may be deemed to be or may be used as an admission of, or evidence of, the validity of any Released Claim, or of any wrongdoing or liability of the Defendants or their respective Related Parties, or (b) is or may be deemed to be or may be used as an admission of, or evidence of, any fault or omission of any of the Defendants or their respective Related Parties in any civil, criminal, or administrative proceeding in any court, administrative agency, or other tribunal.  The Defendants and/or their respective Related Parties may file the Stipulation and/or this Judgment from this action in any other action that may be brought against them in order to support a defense or counterclaim based on principles of *res judicata*, collateral estoppel, release, good faith settlement, judgment bar or reduction, or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim.

13.  Without affecting the finality of this Judgment in any way, this Court hereby retains continuing jurisdiction over: (a) implementation of this settlement and any award or distribution of the Settlement Fund, including interest earned thereon; (b) disposition of the Settlement Fund; (c) hearing and determining applications for attorneys' fees, interest, and expenses in the Litigation; and (d) all parties hereto for the purpose of construing, enforcing, and administering the Stipulation.

[PROPOSED] FINAL JUDGMENT AND ORDER OF DISMISSAL WITH PREJUDICE - C-08-4966 SC - 3 -

14. The Court finds that during the course of the Litigation, the Settling Parties and their respective counsel at all times complied with the requirements of Federal Rule of Civil Procedure 11.

15. In the event that the settlement does not become effective in accordance with the terms of the Stipulation, or the Effective Date does not occur, or in the event that the Settlement Fund, or any portion thereof, is returned to the Defendants or their insurers, then this Judgment shall be rendered null and void to the extent provided by and in accordance with the Stipulation and shall be vacated and, in such event, all orders entered and releases delivered in connection herewith shall be null and void to the extent provided by and in accordance with the Stipulation.

16. Without further order of the Court, the Settling Parties may agree to reasonable extensions of time to carry out any of the provisions of the Stipulation.

IT IS SO ORDERED.

DATED: April 23, 2012

_____
THE HONORABLE SAMUEL CONTI
UNITED STATES SENIOR DISTRICT JUDGE

Submitted by:

ROBBINS GELLER RUDMAN
  & DOWD LLP
SHAWN A. WILLIAMS
JASON C. DAVIS
DANIEL J. PFEFFERBAUM
Post Montgomery Center
One Montgomery Street, Suite 1800
San Francisco, CA  94104
Telephone:  415/288-4545
415/288-4534 (fax)

[PROPOSED] FINAL JUDGMENT AND ORDER OF DISMISSAL WITH PREJUDICE -
C-08-4966 SC - 4 -

| | |
|---|---|
| 1 | ROBBINS GELLER RUDMAN  <br>  & DOWD LLP |
| 2 | JEFFREY D. LIGHT  <br>MAUREEN E. MUELLER |
| 3 | |
| 4 | |
| 5 |         <u>s/ Jeffrey D. Light</u>  <br>        JEFFREY D. LIGHT |
| 6 | 655 West Broadway, Suite 1900  <br>San Diego, CA  92101 |
| 7 | Telephone:  619/231-1058  <br>619/231-7423 (fax) |
| 8 | |
| 9 | Lead Counsel for Plaintiffs |